## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: | Case No.  20-02804-jw |
| Terry Wayne Strickland and Mattie Charlene Strickland, | Chapter 12 |
| Debtors. | **NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)** |

TO:    THE DEBTORS, THE TRUSTEE, AND THOSE NAMED IN THE ATTACHED
       MOTION

PLEASE TAKE NOTICE THAT a hearing will be held on the attached <u>Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §§ 362(d)(1), (2) and (4)</u> (the "**Motion**") on:

DATE:         September 2, 2020

TIME:         10:30 a.m.

PLACE:        United States Bankruptcy Court
              King and Queen Building
              145 King Street, Room 225
              Charleston, South Carolina 29401

Within fourteen (14) days after service of the attached Motion, the Notice of Motion, the Movant's Certification of Facts, (and a blank Certification of Facts form, applicable only to motions for relief from the automatic stay and for service on *pro se* parties only), any party objecting to the relief sought shall:

1)    File with the Court a written objection to the Motion;

2)    File with the Court a Certification of Facts (for motions for relief from the automatic stay);

3)    Serve items 1 and 2 above on the attorney for ArborOne, ACA, the Movant, at the address shown below; and

4)    File a certificate of such service with the Court.

If you fail to comply with this procedure, you may be denied the opportunity to appear and be heard on this proceeding before the Court.


DATE OF SERVICE: August 12, 2020

/s/ Julio E. Mendoza, Jr.
Julio E. Mendoza, Jr., Esquire (ID 3365)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Box 2426
Columbia, SC  29202
Telephone:  803-540-2026
Facsimile:  803-727-1478
E-mail: Rmendoza@nexsenpruet.com

**Attorney for ArborOne, ACA**

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: | Case No.  20-02804-jw |
| Terry Wayne Strickland and Mattie Charlene Strickland, | Chapter 12 |
| Debtors. | |

### MOTION FOR RELIEF FROM AUTOMATIC STAY
### PURSUANT TO 11 U.S.C. §§ 362(d)(1), (2) and (4)

ArborOne, ACA ("**ArborOne**"), a secured creditor of Terry Wayne Strickland ("**Mr. Strickland**") and Mattie Charlene Strickland ("**Mrs. Strickland**" and, collectively with Mr. Strickland, the "**Debtors**"), hereby moves for relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1), (2) and (4), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure and SC LBR 4001-1(a), to allow ArborOne to proceed with the foreclosure of its mortgages on and security interests in real and personal property, to apply Patronage Funds (defined hereinbelow) toward payment of the indebtedness owed to it, and to otherwise enforce its rights in the property securing it.  Relief is proper and should be granted under § 362(d)(1) for cause, including the lack of adequate protection of ArborOne's interests in its collateral; under § 362(d)(2) because the Debtors lack equity in the property securing ArborOne, and the property is not necessary for an effective reorganization, for the reason that a successful reorganization is not reasonably possible within a reasonable time in this case; and under § 362(d)(4) because this Chapter 12 filing is part of a scheme to delay and hinder ArborOne from proper recourse to its collateral.

ArborOne is owed a total of $4,204,334.66, plus legal fees and expense, as of July 6, 2020. This indebtedness is secured by mortgages on real estate, a security interest in timber and timber rights, security interests in equipment, crops and crop proceeds, and the right to apply Patronage

1

Funds in payment of the debt owed to ArborOne. The loans, the collateral and the mortgages, security interests and assignments are more fully described below in this motion.

This Chapter 12 case is the third filing by the Debtors under Chapter 12 since December 11, 2018, a span of less than 19 months, each filing staying ArborOne from recourse to its collateral. The first two cases were dismissed without a plan having been filed, among other deficiencies. With the exception of ArborOne's receipt on March 13, 2020 of an assigned farm program payment of $29,289.00 from Farm Services Agency ("**FSA**"), ArborOne has neither received payment from the Debtors for its loans nor been allowed recourse to its collateral during these repeat filings under Chapter 12. ArborOne should be granted relief from the automatic stay now, without further delay.

In support of this motion, ArborOne would show to the Court that:

## I. <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b), and Local Civil Rule 83.IX.01, DSC. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. <u>BACKGROUND</u>

3.      The Debtors filed their petition for this case on July 6, 2020. The case is the latest of three filings made by the Debtors under Chapter 12 of the United States Bankruptcy Code (11 U.S.C. § 101, *et seq.*, the "**Bankruptcy Code**").

4.      Mr. Strickland filed his first Chapter 12 case on December 11, 2018, Case No. 18-06291-jw. On January 9, 2019, he also filed a Chapter 12 case for Strickland Farms of Green Sea,

Inc. ("**Strickland Farms**"), Case No. 19-000180-jw, in his capacity as President of Strickland Farms.

5.      Mrs. Strickland filed her first Chapter 12 case also on January 9, 2019, Case No. 19-00181-jw.

6.      Although the Debtors never filed a motion for joint administration of their cases, at the meetings of creditors in the first cases (the 11 U.S.C. § 341(a) meetings) the Debtors presented their cases as comprising one reorganization by the Debtors and Strickland Farms.

7.      Mr. Strickland's first case, Case No. 18-06291-jw, was dismissed upon motion by the Chapter 12 Trustee pursuant to an Order entered on March 6, 2019.  Mrs. Strickland's first case, Case No. 19-00181-jw, and the Strickland Farms case, Case No. 19-00180-jw, were dismissed upon motions by the Trustee pursuant to Orders entered on April 17, 2019.

8.      The Debtors next filed for relief under Chapter 12 on November 25, 2019, Case No. 19-06177-jw.  This time, Mr. and Mrs. Strickland filed jointly, and Strickland Farms did not file a new Chapter 12 case.  This second case was filed eight and one-half (8 ½) months after the dismissal of Mr. Strickland's first case and seven (7) months after the dismissal of Mrs. Strickland's first case and the case of Strickland Farms.

9.      On January 27, 2020, the Trustee filed a Motion to Dismiss the second case, based upon the Debtors' failure to (1) file a summary of operations, (2) provide the Trustee with proof of insurance on their property, (3) provide the Trustee with proof that they had opened a Chapter 12 bank account, (4) provide the Trustee with copies of their tax returns, (5) provide the Trustee with requested trust documents, (6) file their November 2019 and December 2019 monthly reports, and (7) file an application for employment of their bankruptcy counsel.  The Court granted the Trustee's motion and dismissed the case pursuant to the Order entered on February 26, 2020.

3

10.     Four and one-half (4 ½) months later, the Debtors filed this Chapter 12 case.

11.     During the time of these case filings, with the exception of the assigned farm program payment from FSA of $29,289.00 on March 13, 2020, the Debtors have made no payments to ArborOne, ArborOne has been denied recourse to its collateral, and ArborOne has been frustrated in its attempts to enforce its rights under its loan documents and in the collateral securing it.

12.     In the first cases filed by the Debtors, ArborOne did not seek stay relief to pursue foreclosure, instead attempting to work with the Debtors.  In the second case, ArborOne was willing to allow a short period of time for discussion of possible Chapter 12 plan provisions, but the Debtors failed to comply with the requirements under Chapter 12 and the case was dismissed approximately three months after its filing.

13.     Three times ArborOne has obtained title work and prepared pleadings for a foreclosure action, and three times it has been delayed and forced to stop its planned foreclosure by the Debtors' repeated Chapter 12 filings.  In addition to be denied proper recourse to its collateral, ArborOne has incurred significant expenses in attempting to enforce its rights.

14.     ArborOne is informed and believes that the Debtors were able to obtain an operating loan in 2019 for their farming operation, but the Debtors were not able to repay the 2019 operating loan.  At the meeting of creditors on August 7, 2020 in this latest Chapter 12 case, the Debtors stated that they do not have an operating loan for 2020 to cover their farming expenses.

15.     In their Chapter 12 filings, spanning a period of now 20 months, the Debtors have yet to file a proposed Chapter 12 plan.  Indeed, the Debtors made absolutely no progress toward a reorganization in the prior cases.

## III. <u>THE ARBORONE LOANS</u>

16.    ArborOne has seven loans with the Debtors secured by real property located in Horry and Marion Counties, South Carolina, timber rights on Horry County property (TMS # 015-00-01-039) in the name of Virginia T. Strickland Trust, equipment, crop proceeds, and Patronage Funds (defined hereinbelow).    The loans are cross-collateralized and subject to cross-default provisions.    The total indebtedness to ArborOne under the loans, as of July 6, 2020 is $4,204,881.22.

17.    ArborOne made the following loans to the Debtors and Strickland Farms:

a.    On or about June 19, 2015, ArborOne made a loan to Mr. Strickland pursuant to that certain <u>Fixed Rate Note for Loan No. xxx7966-24</u> (the "<u>Loan No. 7966-24 Note</u>"),[1] in the original principal amount of $644,710.00.    The Loan No. 7966-24 Note was subsequently modified by that certain <u>Note Modification Agreement</u> (the "<u>Loan No. 7966-24 Modification</u>") dated April 11, 2016.    The balance due on this note is $762,009.46, plus legal fees and expenses, as of July 6, 2020.    Copies of the Loan No. 7966-24 Note and the Loan No. 7966-24 Modification are attached collectively as **Exhibit 1** to this motion and they are incorporated herein by reference.

b.    On or about April 11, 2016, ArborOne made a loan to Mr. Strickland pursuant to that certain <u>Fixed Rate Note for Loan No. xxx7966-29</u> (the "<u>Loan No. 7966-29 Note</u>") in the original principal amount of $628,500.00.    The balance due on this note is $516,204.44, plus legal fees and expenses, as of July 6, 2020.    A copy of the Loan No. 7966-29 Note is attached as **Exhibit 2** to this motion and it is incorporated herein by reference.

---

[1] The loan numbers are partially redacted, to show only the last digits of the loans.

c.       On or about March 28, 2017, ArborOne made a loan to Mr. Strickland pursuant to that certain Revolving Variable Rate Note for Loan No. xxx7966-30 (the "Loan No. 7966-30 Note") in the original principal amount of $1,802,000.00.  The Loan No. 7966-30 Note was modified by that certain Note Modification Agreement dated May 25, 2018 (the "Loan No. 7966-30 Modification").  The balance due on this note is $1,988,463.68, plus legal fees and expenses, as of July 6, 2020.  Copies of the Loan No. 7966-30 Note and the Loan No. 7966-30 Modification are collectively attached as **Exhibits 3** to this motion and they are incorporated herein by reference.

d.       On or about May 25, 2018, ArborOne made a loan to Mr. Strickland pursuant to that certain Non-Revolving Variable Rate Note for Loan No. xxx7966-32 (the "Loan No. 7966-32 Note") in the original principal amount of $802,000.00.  The balance due on this note is $60,429.81, plus legal fees and expenses, as of July 6, 2020.  A copy of the Loan No. 7966-32 Note is attached as **Exhibit 4** to this motion and it is incorporated herein by reference.

e.       On or about June 20, 2018, ArborOne made a loan to Mr. Strickland pursuant to that certain Fixed Rate Note for Loan No. xxx7966-33 (the "Loan No. 7966-33 Note") in the original principal amount of $77,676.59.  The balance due on this note is $90,399.15, plus legal fees and expenses, as of July 6, 2020.  A copy of the Loan No. 7966-33 Note is attached as **Exhibit 5** to this motion and it is incorporated herein by reference.

f.       On or about June 7, 2016, ArborOne made a loan to the Debtors and Strickland Farms pursuant to that certain Fixed Rate Note for Loan No. xxx2185-01 (the "Loan No. 2185-01 Note") in the original principal amount of $315,590.00.  The balance due on this note is $342,765.84, plus legal fees and expenses, as of July 6, 2020.  A copy of the Loan No. 2185-01 Note is attached as **Exhibit 6** to this motion and it is incorporated herein by reference.

g.      On or about June 7, 2016, ArborOne made a loan to the Debtors and

Strickland Farms pursuant to that certain <u>Fixed Rate Note for Loan No. xxx2185-02</u> (the "<u>Loan</u>

<u>No. 2185-02 Note</u>") in the original principal amount of $438,700.00.  The Loan No. 2185-02 Note

was modified by that certain <u>Note Modification Agreement</u> dated July 8, 2016 (the "<u>Loan No.</u>

<u>2185-02 Modification</u>").  The balance due on this note is $444,062.28, plus legal fees and

expenses, as of July 6, 2020.  Copies of the Loan No. 2185-02 Note and the Loan No. 2185-02

Modification are collectively attached as **Exhibit 7** to this motion and they are incorporated herein

by reference.

18.    The Loan No. 7966-24 Note, the Loan No. 7966-24 Modification, the Loan No.

7966-29 Note, the Loan No. 7966-30 Note, the Loan No. 7966-30 Modification, the Loan No.

7966-32 Note, the Loan No. 7966-33 Note, the Loan No. 2185-01 Note, the Loan No. 2185-02

Note and the Loan No. 2185-02 Modification are hereinafter collectively referred to as the

"**Notes**."

19.    To secure payment of the indebtedness under the Notes, the Debtors, Strickland

Farms, the Terry Wayne Strickland Living Trust UTD April 2, 2010 (the "**Trust**"), by and through

Mr. Strickland as its Trustee, and the Virginia T. Strickland Trust, by and through Mr. Strickland

as its Trustee, granted mortgages on real estate and security interests in and assignments of timber

rights, equipment, crops and crop proceeds to ArborOne, as follows:

a.      That certain Mortgage dated June 19, 2015, and recorded June 19, 2015, in

the Office of the Horry County Registrar of Deeds in Book 5687 at Page 201 (the "**2015**

**Mortgage**").  A copy of the 2015 Mortgage is attached as **Exhibit 8** to this motion, and it is

incorporated herein by reference.

b.      That certain Mortgage dated June 7, 2016, and recorded June 7, 2016, in the

Office of the Horry County Registrar of Deeds in Book 5780 at Page 1618 (the "**2016 Mortgage**").

A copy of the 2016 Mortgage is attached as **Exhibit 9** to this motion, and it is incorporated herein

by reference.

c.      That certain Mortgage dated June 20, 2018, and recorded on June 20, 2018,

in the Office of the Marion County Clerk of Court/Register of Deeds in Volume 420 at Pages 167

– 174 (the "**Marion County Mortgage**"). A copy of the Marion County Mortgage is attached as

**Exhibit 10** to this motion, and it is incorporated herein by reference.

d.      That certain Security Agreement dated as of June 20, 2010, as extended by

that certain Addendum to Security Agreement dated May 25, 2018, by and among ArborOne, the

Debtors, Strickland Farms and the Debtors' son, William Scott Strickland, pursuant to which the

Debtors, Strickland Farms and William Scott Strickland granted ArborOne a security interest in

and lien on equipment and crops. Copies of the Security Agreement and its Addendum to Security

Agreement are collectively attached as **Exhibit 11** to this motion, and they are incorporated herein

by reference.

e.      UCC financing statements filed with the South Carolina Secretary of State

to perfect and to continue ArborOne's security interests in the collateral under the Security

Agreement and the Addendum to the Security Agreement, which filed UCC financing statements

are attached collectively as **Exhibit 12** to this motion, and are incorporated herein by reference.

f.      That certain Security Agreement dated as of June 7, 2016, and the

Addendum to Security Agreement  also dated June 7, 2016,by and among the Debtors, Strickland

Farms and William Scott Strickland, pursuant to which the Debtors, Strickland Farms and William

Scott Strickland granted ArborOne security interests in and a lien on their equipment and crops.

8

Copies of the 2016 <u>Security Agreement</u> and its <u>Addendum to Security Agreement</u> are attached collectively as **Exhibit 13** to this motion and they are incorporated herein by reference.

     g.     UCC financing statements filed with the South Carolina Secretary of State to perfect and to continue ArborOne's security interests in the collateral under the 2016 <u>Security Agreement</u> and its <u>Addendum to Security Agreement</u>, which filed UCC financing statements are attached collectively as **Exhibit 14** to this motion and they are incorporated herein by reference.

     h.     That certain <u>Security Agreement</u> (the "**<u>Virginia T. Strickland Trust Security Agreement</u>**") dated as of June 20, 2018 by and among ArborOne and the Virginia T. Strickland Trust, by and through Mr. Strickland as its Trustee, pursuant to which ArborOne was granted an assignment of and a security interest in the timber and the timber rights upon certain real property identified as TMS No. 015-00-01-039 in Horry County. A copy of the Virginia T. Strickland Trust Security Agreement is attached as **Exhibit 15** to this motion and incorporated herein by reference.

     i.     UCC financing statements filed with the South Carolina Secretary of State and the Office of the Horry County Registrar of Deeds to perfect and to continue ArborOne's security interests in the timber and timber rights under the Virginia T. Strickland Security Agreement, which filed UCC financing statements are attached collectively as **Exhibit 16** to this motion and they are incorporated herein by reference.

     20.     In addition to the mortgages, security interests and assignments granted to ArborOne to secure it for the indebtedness to it under the Loans, ArborOne has the right to apply all funds that would be due to the Debtors as member-borrowers in payment of the indebtedness owed to it. ArborOne is an agricultural credit association, owned by its member-borrowers who participate in a patronage program (the "**Patronage Program**"). Through the Patronage Program,

the member-borrowers of ArborOne may receive a yearly distribution of funds from the annual

net income of ArborOne, depending upon ArborOne's financial health for the respective fiscal

year. As member-borrowers of ArborOne, the Debtors are participants in ArborOne's Patronage

Program, and they have accrued funds through it. ArborOne currently holds undistributed

patronage funds of the Debtors in the amount of $4,567.01 (the "**Patronage Funds**"). It is possible

that additional funds may accrue under the Patronage Program during the pendency of this case.

The Patronage Funds, upon accrual, serve as collateral for all indebtedness due and owing by the

member-borrower (*i.e.*, the Debtors) to ArborOne, and, where the member-borrower's loan is in

default, any undistributed funds are subject to recoupment for payment of the outstanding

indebtedness due and owing to ArborOne under the loan documents.

21.    The Debtors have been in default under the Notes and the other loan documents for

over two years.

## IV. ARGUMENT

ArborOne should be granted relief from the automatic stay pursuant to each of 11 U.S.C.

§§ 362(d)(1), (2) and (4). Although it is early in this third case, this case is the latest in a series of

Chapter 12 filings extending a period of now 20 months, all with literally no progress toward

reorganization and/or payment of the secured indebtedness to ArborOne. There is no valid basis

for the continuation of the stay preventing ArborOne from recourse to its collateral.

Relief from the stay imposed under 11 U.S.C. § 362(a) is governed by 11 U.S.C. §

362(d), which provides in pertinent part that:

> (d) On request of a party in interest and after notice and a hearing, the court
> shall grant relief from the stay provided under subsection (a) of this section,
> such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in
> property of such party in interest;

10

(2) with respect to a stay of an act against property under subsection (a) of this section, if –

 (A) the debtor does not have an equity in such property; and

 (B) such property is not necessary to an effective reorganization;

   * * * * * * * * * *

(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either –

 (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

 (B) multiple bankruptcy filings affecting such real property.

Proper and compelling grounds exist for relief under each of these provisions.

## A. Relief Pursuant to 11 U.S.C. § 362(d)(1)

Pursuant to 11 U.S.C. § 362(d)(1), a party shall be granted relief from the stay for cause, including the lack of adequate protection of the party's interest in property. "Cause" for relief from the automatic stay is not defined in the Bankruptcy Code, and it is determined on a case-by-case basis. *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992); *In re Wolsonovich*, C/A 19-06136-jw, slip op. at 4 (Bankr. D.S.C. April 1, 2020); and *In re James*, C/A 17-01656-jw, slip op. at 3 (Bankr. D.S.C. September 26, 2017). In this case, cause for relief exists in the lack of adequate protection of ArborOne's interest in its collateral, in the futility of the Debtor's purported reorganization under Chapter 12, and in the unjustified and inequitable extended delay of ArborOne's recourse to its collateral for payment of the indebtedness owed to it. These circumstances present compelling cause for relief from the stay.

The Bankruptcy Code imposes separate burdens of proof with respect to motions for relief from the automatic stay. "In a hearing . . . concerning relief from the stay . . . the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property; and . . . the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. § 362(g).

11

Accordingly, while the Courts require the movant to initially articulate *prima facie* cause for the

relief, thereafter the burden shifts to the debtor (or other party opposing the relief) to prove the

absence of cause. *See In re Abdul Muhaiman*, 343 B.R. 159, 169-170 (Bankr. D.Md. 2006) ("The

party seeking relief from the automatic stay has an initial burden of going forward with evidence

to establish *prima facie* cause for relief; but the burden of proof, *i.e.*, the burden of persuasion,

then shifts to the party opposing relief on all issues, except the existence of equity. This burden

of persuasion may be also viewed as the risk of non-persuasion." [internal citations omitted]). The

debtor has the burden to show the absence of cause for relief. *In re Gauwin*, 24 B.R. 578, 580 (9th

Cir. BAP) 1982).

Although "cause" is not defined, one of the enumerated grounds for cause is the lack of

adequate protection of the movant's interest in its collateral. 11 U.S.C. § 362(d)(1). The creditor's

interest in its collateral is not adequately protected where the collateral continues to decline in

value, or where there is the legitimate risk that the collateral will further decline in value. *United

Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd. (In re Timbers of

Inwood Forest Associates, Ltd.)*, 484 U.S. 365, 108 S.Ct. 626, 630 (1988). In this case, the Debtors

continue to have use of the equipment without having made payments upon it for nearly two years.

The wear and tear of use over an extended period of time necessarily result in diminished and

diminishing value for the equipment.

Cause also exists in the futility of the Debtors' purported reorganization. This case is the

Debtors' third attempt at reorganization under Chapter 12 within a period of approximately 19

months. The first cases were dismissed without a Chapter 12 plan having been filed. The second

case was dismissed based upon based upon the Debtors' failure to (1) file a summary of operations,

(2) provide the Trustee with proof of insurance on their property, (3) provide the Trustee with

proof that they had opened a Chapter 12 bank account, (4) provide the Trustee with copies of their tax returns, (5) provide the Trustee with requested trust documents, (6) file their November 2019 and December 2019 monthly reports, and (7) file an application for employment of their bankruptcy counsel.  The second case dismissal evidences a lack of any genuine effort to make that Chapter 12 case succeed.  It evidences a disregard for compliance with the administrative requirements for Chapter 12.

Furthermore, ArborOne is informed and believes that the Debtors were able to obtain an operating loan for 2019 from another lender, but were unable to fully repay the 2019 operating loan.  As such, the Debtors' farming operations do not generate income sufficient to even "break even" by payment of operating costs, let alone provide a source of repayment of the indebtedness to ArborOne.

For nearly two years, ArborOne has been denied recourse to its collateral for payment of the Debtors' indebtedness to it.  Continued delay of ArborOne's recourse to its collateral is unjustified and inequitable.  If the stay continues in effect as to ArborOne, ArborOne is informed and believes that it still will end up having to liquidate its collateral for payment, but it will be further delayed, and it will suffer an increased loss by the delay.

ArborOne should be granted stay relief pursuant to 11 U.S.C. § 362(d)(1).

## B. <u>Relief Pursuant to 11 U.S.C. § 362(d)(2)</u>

Relief from the automatic stay is proper under 11 U.S.C. § 362(d)(1).  The Debtors lack equity in the property securing ArborOne, and the property is not necessary to an effective reorganization, for the reason that an successful reorganization is not reasonably possible within a reasonable time.

The first element for relief under § 362(d)(2), the Debtors' lack of equity in the property, is met. The total indebtedness to ArborOne, as of July 6, 2020, is $4,204,334.66 plus legal fees and expenses. The total value placed by the Debtors on the land and equipment they own which is collateral securing ArborOne is $3,354,035.00. *See* the Debtors' Schedules filed on July 20, 2020 [Doc. 18].[2]   Accordingly, by their own numbers, the Debtors lack equity in their property securing ArborOne.[3]

The second element for relief under § 362(d)(2) is that the property is not necessary for an effective reorganization. Notably, this element is not a question of whether the property is necessary for a reorganization, but, instead, an *effective* reorganization. The party opposing the stay relief must show that there is "a reasonable possibility of a successful reorganization within a reasonable time," and that the property is necessary to that reorganization. *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd. (In re Timbers of Inwood Forest Associates, Ltd.)*, 484 U.S. 365, 375-76, 108 S.Ct. 626, 632 (1988). Under this test, stay relief should be granted if the debtor has no reasonable likelihood of reorganization. 3 *Collier on Bankruptcy* ¶ 362.07[4][b] (16th Ed.).

In this case, the Debtors cannot satisfy the test of the second element of § 362(d)(2), that there is a reasonable possibility of a successful reorganization within a reasonable time. The abject failure of their prior cases, their disregard for compliance with requirements under Chapter 12, and

---

[2] ArborOne does not stipulate to the correctness of the Debtors' values. ArborOne is informed and believes that the value of its collateral is less than the value estimated by the Debtors. However, ArborOne is willing to agree to use of the Debtors' values stated in their Schedules for purposes of this motion and the question of whether the Debtors have any equity in the collateral.

[3] ArborOne also holds a security interest in the timber and timber rights on the Virginia T. Strickland Trust property, and it holds approximately $4,567.01 in Patronage Funds. However, ArborOne is informed and believes that the value of the timber is included in the land value, and the Patronage Funds of $4,567.01 still leave the total collateral value far below the indebtedness owed to ArborOne.

the lack of feasibility of a plan that will pay the secured indebtedness owed to ArborOne show that a successful reorganization is not reasonably possible in this case.

ArborOne should be granted stay relief pursuant to 11 U.S.C. § 362(d)(2).

### C. Relief Pursuant to 11 U.S.C. § 362(d)(4)

By their repeated Chapter 11 filings, the Debtors have stayed ArborOne from recourse to its collateral for now 20 months, without any payment to ArborOne (other than the one FSA program payment of $29,289.00) and without even proposing a Chapter 12 plan. In the second Chapter 12 case, the Debtors made no attempt to comply with the requirements for Chapter 12. The filing of this case occurred only four and one-half (4 ½) months after the dismissal of the second case. This conduct must be construed as a scheme to delay and hinder ArborOne from recourse to its collateral and to deny it payment.

ArborOne should be granted stay relief under 11 U.S.C. § 362(d)(4).

### V. CONCLUSION

For the foregoing reasons, ArborOne should be granted relief from the automatic stay pursuant to any and each of 11 U.S.C. §§ 362(d)(1), (2) and (4).

WHEREFORE, ArborOne prays that the Court enter its order granting ArborOne relief from the automatic stay pursuant to 11 U.S.C. § 362(d), to allow ArborOne to enforce its rights in the property securing the indebtedness owed to it.

/s/ Julio E. Mendoza, Jr.
Julio E. Mendoza, Jr., Esquire (ID 3365)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Box 2426
Columbia, SC  29202
Telephone:  803-540-2026
Facsimile:  803-727-1478
E-mail: Rmendoza@nexsenpruet.com

August 12, 2020
Columbia, South Carolina

**Attorney for ArborOne, ACA**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: | Case No.  20-02804-jw |
| Terry Wayne Strickland and<br>Mattie Charlene Strickland, | Chapter 12 |
| Debtor. | |

## MOVANT'S CERTIFICATION OF FACTS

In the above-entitled proceeding, in which relief is sought by ArborOne, ACA ("**ArborOne**") from the automatic stay provided by 11 U.S.C. § 362(a), in support of ArborOne's Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §§ 362(d)(1), (2) and (4) (the "**Motion**"), I do hereby certify to the best of my knowledge the following:

1. **Nature of Movant's Interest -**

   ArborOne is a secured creditor of Terry Wayne Strickland ("**Mr. Strickland**") and Mattie Charlene Strickland ("**Mrs. Strickland**," and, collectively with Mr. Strickland, the "**Debtors**").

2. **Brief Description of Security Agreement –**

   ArborOne has seven loans with the Debtors secured by real property located in Horry and Marion Counties, South Carolina, timber rights on Horry County property (TMS # 015-00-01-039) in the name of Virginia T. Strickland Trust, equipment, crop proceeds, and Patronage Funds (defined hereinbelow). The loans are cross-collateralized and subject to cross-default provisions. The total indebtedness to ArborOne under the loans, **as of July 6, 2020 is $4,204,366.66, plus legal fees and expenses**. Copies of the loan documents are attached to the Motion as **Exhibits A through Q**.

3. **Description of Property Encumbered by Stay -**

   a. <u>Real Property</u> – ArborOne holds mortgages on the following real property:

   (1) Horry County, South Carolina, TMS Nos. 015-00-01-011, 015-00-01-    154, 015-00-01-128, 015-00-01-001, 015-00-01-007, 010-00-01-111, 015-00-01-094, 010-00-01-034, 010-00-01-050, 010-00-01-100, and 015-00-01-039. (Note: TMS No. 015-00-01-085 is a four acre tract included in the 16 acre Tract 1 of Parcel 4 of TMS# 015-00-01-001.) These properties may also be described as follows:

   Lovett Lane (Horry County) – 72.45 acres

1

Fair Bluff Hwy. (Horry County) – 182.56 acres

Fair Bluff Road (Horry County) – 4.55 acres

Fair Bluff Road (Horry County) – 13.55 acres

Norton Road (Marion County) - 38.1 acres

Broadwell Road (Horry County) – 11.22 acres

(2) Marion County, South Carolina, TMS No. 044-00-00-030-000, consisting of approximately 53 acres on Shelley Road, Marion, South Carolina.

(b)    Equipment – ArborOne holds a security interest in and lien on the Debtors' equipment and equipment owned by Strickland Farms of Green Sea, Inc. ("**Strickland Farms**").

(c)    Crops – ArborOne holds a security interest in and lien on prepetition crops of the Debtors and of Strickland Farms.

(d)    Timber and Timber Rights – ArborOne holds a security interest in, an assignment of, and a lien on the timber and timber rights of certain real property in Horry County, South Carolina, TMS # 015-00-01-039, which is owned by the Virginia T. Strickland Trust, or in which the Virginia T. Strickland Trust owns an interest. Mr. Strickland is the Trustee of the Virginia T. Strickland Trust.

(e)    Patronage Funds – ArborOne has the right to apply all funds that would be due to the Debtors as member-borrowers of ArborOne in payment of the indebtedness owed to it. ArborOne is an agricultural credit association, owned by its member-borrowers who participate in a patronage program (the "**Patronage Program**"). Through the Patronage Program the member-borrowers of ArborOne may receive a yearly distribution of funds from the annual net income of ArborOne, depending upon ArborOne's financial health for the respective fiscal year. As member-borrowers, the Debtors are participants in ArborOne's Patronage Program, and they have accrued funds through it. ArborOne currently holds undistributed patronage funds of the Debtors in the amount of $4,567.01 (the "**Patronage Funds**"). It is possible that additional funds may accrue under the Patronage Program during the pendency of this case. The Patronage Funds, upon accrual, serve as collateral for all indebtedness due and owing by the member-borrower (*i.e.*, the Debtors) to ArborOne, and, where the member-borrower's loan is in default, any undistributed funds are subject to recoupment for payment of the outstanding indebtedness to ArborOne under the loan documents.

4.    **Basis for Relief** –

ABB is entitled to relief from the automatic stay under 11 U.S.C. §362(d)(1) for cause, including the failure of the Debtor and/or the Debtor's Son to make the monthly payments to ABB, and the Debtor's failure to adequately protect ABB's

interests in this case. Further cause for relief exists under 11 U.S.C. §362(d)(2) as there is no equity in the 2014 Chrysler and it is not necessary to an affective reorganization in this case.

5.    **Prior Adjudication by Other Courts -**

None on the issue of stay relief. However, this Court has entered Orders dismissing the previous Chapter 12 cases filed by Mr. Strickland (Case No. 18-06291-jw), Mrs. Strickland (Case No. 19-00181-jw), Strickland Farms (Case No. 19-00180-jw) and Mr. and Mrs. Strickland jointly (Case No. 19-06177-jw). The previous cases were each dismissed upon motion of the Trustee.

6.    **Valuation of Property –**

**Fair Market Value:**
**(Pursuant to the**
**Debtors' Schedules)**

| | |
|---|---|
| a.  Real Estate | $708,470.00 |
| b.  Equipment | $2,645,565.00 |
| c.  Crops | -0- |
| d.  Timber | Undetermined (included in the land value) |
| e.  Patronage Funds | $4,567.01 |
| **Senior Liens** | **N/A** |

**(As to the Marion County mortgaged property):**

| | |
|---|---|
| Anderson Brothers Bank | $250,000.00 (est.) |
| Helena Chemical Co. | $612,500.00 (est.) |

**(As to Certain equipment items under purchase money financing):**

| | |
|---|---|
| John Deere Financial | $90,000.00 (est.) |

|                           |                          |
|---------------------------|--------------------------|
| Kubota Credit Corp.       | $18,500.00 (est.)        |
| **Movant's Lien:**        | $4,204,334.66, plus legal fees and expenses, as of July 6, 2020 |
| **Other Liens:**          | Unknown                  |
| **Net Equity**            | $ 0.00                   |
| **Source/Basis of Value** | The Debtor's filed schedules in this case.  ArborOne does not stipulate as to the correctness of the values, *e.g.*, the value for the equipment appears high, but ArborOne is willing to agree to use the Debtors' values for purposes of this motion. |

7.    **Amount of Debtor's Estimated Equity -**

$0.00

8.    **Month and Year in Which First Direct Post-Petition Payment Came Due to Movant (if applicable) –**

Not applicable.

9.    **(a)    For Movant/Lienholder (if applicable):  List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount and month and year for which each such payment was applied –**

| Date Received | Amount Paid | Applied to Date |
|---------------|-------------|-----------------|
| None.         | None.       |                 |
|               |             |                 |

**(b)    For Objecting Party (if applicable):  List or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made.  Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection.**

10. **Month and Year for Which Post-Petition Account of Debtor(s) is Due as of the Date of This Motion –**

ArborOne has received no payments from the Debtors during this case.

/s/ Julio E. Mendoza, Jr.
Julio E. Mendoza, Jr. (I.D. No. 3365)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Box 2426
Columbia, South Carolina  29202
Phone: (803) 540-2026
Email: rmendoza@nexsenpruet.com

August 12, 2020
Columbia, South Carolina

Attorneys for ArborOne, ACA

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

In re:

Terry Wayne Strickland and
Mattie Charlene Strickland,

Debtors.

Case No.  20-02804-jw

Chapter 12

**CERTIFICATE OF SERVICE**

      I, Jane E. Brown, of Nexsen Pruet, LLC, do hereby certify that a copy of the **Notice of motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §362(d), Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §§362(d)(1), (2) and (4),** and **Movant's Certification of Facts** were served upon all parties in interest as shown below, by placing copies of the same in the United States Mail, first class postage prepaid, and by electronic notification through the Court's ECF/NEF System at the time of filing the 12th day of August 2020, at Columbia, South Carolina.

Anderson Brothers Bank
c/o Suzanne Graham Grigg, Esq.
Post Office Box 2426
Columbia, SC 29202

Horry County Treasurer
1301 Second Avenue
Conway, SC  29526-5209

Kubota Credit Corp.
1000 Kubota Drive
Grapevine, TX 76051-2334

Mattie Charlene Strickland
6470 Strickland Road
Green Sea, SC  29545-4338

Terry Wayne Strickland
6470 Strickland Road
Green Sea, SC  29545-4338

Helena Chemical Co.
225 Schilling Blvd
Collierville, TN  38017-7177

John Deere Financial
Post Office Box 660
Johnston, IA  50131-6600

J. Kershaw Spong
Robinson Gray Stepp & Laffitte, LLC
P. O. Box 11449
Columbia, SC 29211-1449

Reid B. Smith, Esq.
Bird and Smith, PA
1712 St. Julian Place, Suite 102
Columbia, SC  29204-2447

/s/ Jane E. Brown
Jane E. Brown
Assistant to Julio E. Mendoza, Jr. (I.D. No. 3365)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, South Carolina 29201
Phone: (803) 771-8900
Fax: (803) 253-8277