# EXHIBIT 1

# FIXED RATE NOTE

Date of Note: June 19, 2015                                      Loan Number: ████████7966-24

Place Executed: Florence, SC                                    Amount: $ 644,710.00

**COPY**

### REPAYMENT SCHEDULE

| NUMBER | TYPE | AMOUNT | | DESCRIPTION OF DUE DATE | |
|---|---|---|---|---|---|
| 1 | Interest Only | **Installment(s) of $ Accrued Interest | due | Annually beginning | 10/01/2015 |
| 9 | Fixed Payment | **Installment(s) of $ 83,453.20 | due | Annually beginning | 10/01/2016 |
|   |   | **Installment(s) of $ | due |   |   |
|   |   | **Installment(s) of $ | due |   |   |

A final installment of the unpaid principal balance of the indebtedness and all accrued interest is due October 01, 2025 . All installments are successive unless otherwise noted and are payable on the same day of the month as the initial installment. Installment payments will be applied to amounts due in such manner as Association may determine in its sole discretion, except as otherwise noted herein:

**Fixed Payment means the installment amount amortizes both principal and interest. Fixed Principal means the installment amount amortizes principal only and accrued interest is due with each installment. Principal Only means the installment amount includes principal only and interest installments are separate. Interest Only means the installment amount includes accrued interest only and principal installments are separate.

For value received, the undersigned (whether one or more) promise(s) to pay, in lawful money of the United States of America, in accordance with the repayment schedule(s) above stated, to the order of ArborOne, ACA, as agent/nominee (together with any holder hereof, "Association"), at its office in Florence, SC, or any other such place as designated by Association in writing, the principal sum of Six Hundred Forty Four Thousand Seven Hundred Ten and 00/100 Dollars ($644,710.00), with interest until paid at a rate of Four and 99/00/100000 percent (4.99%) per annum.

The undersigned and every endorser and assumer of this note hereby expressly waive presentment, demand, protest and notice of dishonor, and consent to all renewals, refinances, extensions, modifications, reamortizations or any other rearrangements of the indebtedness evidenced by this note, and releases of personal liability and of security.

If payment of principal and/or interest (or portions thereof) is not paid when due or if the undersigned fails to perform or observe any of its other obligations under this note, the loan agreement, or any other agreement, instrument or other document evidencing, securing or otherwise relating to the loan indebtedness evidenced by this note, or any part thereof, this note shall be in default.

At the option of Association, any default under the terms and conditions of this note or under any other written instrument executed by the undersigned and owned, held or serviced by Association shall constitute a default under this note, and any one or more of such notes or other written instruments. Upon default, Association, at its option, and without notice to the undersigned, may declare this note and all other indebtedness owed by the undersigned to be immediately due and payable; may cease to make any further advances under this note; may foreclose upon or sell any or all of the security for this note, in such order as it may prefer; may proceed with collections; may apply the proceeds to any indebtedness secured thereby in any order which it may desire; and may exercise from time to time all rights and remedies available under the Uniform Commercial Code and other applicable law, and under any other instrument relative to such indebtedness or security. Unless prohibited by law, any applicable prepayment premium shall be due and payable upon such acceleration.

If Association employs attorney(s) to collect the indebtedness evidenced by this note, or to enforce or preserve any rights provided for herein or relating to any security for this note, or suit is filed thereon, or proceedings are had in bankruptcy or any other court whatsoever with respect thereto, then, in addition to any principal, interest or other charges provided for herein, Association shall also recover all costs and expenses, including attorneys' fees and legal expenses reasonably incurred in connection therewith, including such costs and fees incurred on appeal. Such amounts shall become part of the indebtedness evidenced hereby and shall be immediately payable on demand; and shall, to the extent permitted by law, bear interest from the date incurred until paid at the rate provided herein.

If there is any error or omission in this note or in any instrument securing it, the undersigned will promptly, upon request of Association, execute a new note or other documents as deemed necessary by Association to correct such error or omission and will promptly pay upon demand of Association all attorneys' fees, costs and expenses incurred in connection therewith. If the undersigned fails to pay upon demand of Association, any sums due or incurred by Association for any of the purposes stated in this note, Association may advance the same, and all amounts so advanced shall become principal immediately due and payable hereunder.

The undersigned agrees to provide current financial statements, including a balance sheet and income statement in a form acceptable to the Association as may be from time to time requested by Association while the indebtedness evidenced hereby or any other indebtedness from the undersigned is outstanding.

The undersigned may at any time make prepayments of principal in any amount, provided all accrued interest and all other expenses and charges have been paid current. Prepayments applied to installments will be in inverse order of maturity, except as otherwise provided in writing by Association.

If any installment of principal and/or interest (or portions thereof) is not paid when due and remains unpaid at the end of twenty-nine (29) calendar days, a late charge equal to the sum of Four and 00/100 percent (4.00%) of the overdue installment shall be paid by undersigned to Association, not to exceed a maximum of $N/A .

If any installment of principal and/or interest (or portions thereof) is not paid when due or any other default occurs under the terms and conditions of this note and all defaults under this note have not been cured within sixty (60) calendar days after the occurrence of the first such default, the interest rate on the entire indebtedness evidenced hereby, at the option of Association, shall be increased beginning on the sixty-first (61st) day after the occurrence of the first such default and continuing through and including the day all past due sums have been paid hereunder and all other defaults under this note have been cured, to an amount equal to the rate or rates otherwise being charged hereunder plus Four and 00/100 percent (4.00%) per annum.

THE UNDERSIGNED AND ASSOCIATION, KNOWINGLY AND VOLUNTARILY, WAIVE THE RIGHT TO A JURY TRIAL ON ANY CLAIM OR ACTION ARISING OUT OF OR RELATED TO THIS NOTE OR ANY OTHER DOCUMENTS EXECUTED IN CONNECTION WITH THIS NOTE OR THE TRANSACTIONS CONTEMPLATED THEREBY OR THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND ASSOCIATION.

THIS DOCUMENT IS EXECUTED BY UNDERSIGNED IN FAVOR OF ASSOCIATION AS AGENT/NOMINEE OF ITS WHOLLY-OWNED SUBSIDIARY ArborOne, FLCA PURSUANT TO THE MASTER AGREEMENT DESCRIBED HEREIN. AT THE OPTION OF ASSOCIATION, ANY DEFAULT UNDER THE TERMS AND CONDITIONS OF ANY OTHER WRITTEN INSTRUMENT EXECUTED BY UNDERSIGNED AND OWNED, HELD OR SERVICED BY ArborOne, ACA FOR ITSELF AND/OR AS AGENT/NOMINEE FOR ANY PARTY PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES SHALL CONSTITUTE A DEFAULT UNDER THIS DOCUMENT.

6/22/15
Jordan

Date of Note: June 19, 2016
Loan Number: ███████7666-24
Amount: $ 644,710.00

This note is the joint and several obligation of all persons executing it.  Given under the hand and seal of the undersigned.

Terry Wayne Strickland _____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce or to make possible the production of an agricultural commodity, further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

_____ /____ /____ /____ /____ /____ /____ /  (Initials)

## NOTE MODIFICATION AGREEMENT

Loan Number: ~~████~~7866-24

| LOAN NUMBER | DATE OF ORIGINAL NOTE(S) | ORIGINAL AMOUNT(S) | UNPAID PRINCIPAL | ACCRUED AND UNPAID INTEREST | OTHER CHARGES |
|---|---|---|---|---|---|
| 237866-24 | 06/19/2016 | $ 644,710.00 | $ 644,709.53 | $ 15,986.64 | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |

COPY

This Note Modification Agreement is entered into between Terry Wayne Strickland (the "undersigned") and ArborOne, ACA , as agent/nominee (together with any holder hereof, "Association") as of April 11, 2016. ("Effective Date") and is incorporated into and shall amend and supplement undersigned's note(s) as described above (such note(s) as amended and supplemented, "this note").

Association and undersigned do hereby agree to amend the original note(s) for the purpose of rearranging/rescheduling the terms of payment of the unpaid balance and/or converting to a different interest rate as set out below.

Undersigned shall pay the outstanding total indebtedness due under said original note(s) in the amount of $ 661,696.17     as of  the  above Effective Date with interest on the unpaid principal balance as set forth above from said date at the interest rate specified.

Remaining payments shall be paid as follows:

| NUMBER | TYPE | AMOUNT | DESCRIPTION OF DUE DATE |
|---|---|---|---|
| 19 | Fixed Payment | **installment(s) of $  54,983.14  due | Annually beginning    12/01/2016 |
| | | **installment(s) of $  due | |
| | | **installment(s) of $  due | |
| | | **installment(s) of $  due | |

A final installment of the unpaid principal balance of the indebtedness and all accrued interest is due December 01, 2035  All installments  are are successive unless otherwise noted and are payable on the same day of the month as the initial installment. Installment payments will be applied to amounts due in such manner as Association may determine in its sole discretion, except as otherwise noted herein.

** Fixed Payment means the installment amount amortizes both principal and interest. Fixed Principal means the installment amount amortizes principal only and accrued interest is due with each installment. Principal Only means the installment amount includes principal only and interest installments are separate. Interest Only means the installment amount includes accrued interest only and principal installments are separate.

Interest rate provisions are amended as follows:
Interest shall accrue at the rate of 5.99 percent per annum.

Undersigned and every endorser and assumer of this note hereby expressly waive presentment, demand, protest and notice of dishonor, and consent to all renewals, refinances, extensions, modifications, reamortizations of any other rearrangements of the indebtedness evidenced by this note, and releases of personal liability and of security.

If payment of principal and/or interest (or portions thereof) is not paid when due or if the undersigned fails to perform or observe any of its other obligations under this note, the loan agreement, or any other agreement, instrument or other document evidencing, securing or otherwise relating to the loan indebtedness evidenced by this note, or any part thereof, this note shall be in default.

At the option of Association, any default under this note or under any other written instrument executed by undersigned and owned, held or serviced by Association shall constitute a default under this note and under any one or more of such notes or other written instruments. Upon default, Association, at its option, and without notice to undersigned, may declare this note and all other indebtedness owed by the undersigned to be immediately due and payable; may cease to make any further advances under this note; may proceed with collections; may foreclose upon or sell any or all of the security for this note, in such order as it may prefer; may apply the proceeds to any indebtedness secured thereby in any order which it may desire; and may exercise from time to time all rights and remedies available under applicable law; and under any other instrument relative to such indebtedness or security. Unless prohibited by law, any applicable prepayment premium shall be due and payable upon such acceleration.

If Association employs attorney(s) to collect the indebtedness evidenced by this note, or to enforce or preserve any rights provided for herein or relating to any security for this note, or suit is filed hereon, or proceedings are had in bankruptcy or any other court whatsoever with respect thereto, then, in addition to any principal, interest or other charges provided for herein, Association shall also recover all costs and expenses, including attorneys' fees and legal expenses reasonably incurred in connection therewith, including such costs and fees incurred on appeal. Such amounts shall become part of the indebtedness evidenced hereby and shall be immediately payable on demand, and shall, to the extent permitted by law, bear interest from the date incurred until paid at the rate provided herein.

If there is any error or omission in this note or in any instrument securing it, undersigned will promptly, upon request of Association, execute a new note or other documents as deemed necessary by Association to correct such error or omission and will promptly pay upon demand of Association all attorneys' fees, costs and expenses incurred in connection therewith. If undersigned fails to pay, upon demand of Association, any sums due or incurred by Association for any of the purposes stated in this note, Association may advance the same, and all amounts so advanced shall become principal immediately due and payable hereunder.

Undersigned agrees to provide current financial statements, including a balance sheet and income statement in a form acceptable to the Association as may be from time to time requested by Association while the indebtedness evidenced hereby or any other indebtedness from undersigned is outstanding.

Undersigned may at any time make prepayments of principal in any amount, provided all accrued interest and all other expenses and charges have been paid current. Prepayments applied to installments will be in inverse order of maturity, except as otherwise provided in writing by Association.

If any installment of principal and/or interest (or portions thereof) is not paid when due and remains unpaid at the end of twenty-nine (29) calendar days, a late charge equal to the sum of Four and 00/100         percent (  4.00 %) of the overdue installment shall be paid, not to exceed a maximum of $ N/A

G06702NM (xxxx)                                                                                                              Page 1 of 2

Effective Date: April 11, 2016
Loan Number: ████████7986-24
Total Outstanding Indebtedness: $ 681,696.17

If any installment of principal and/or interest (or portions thereof) is not paid when due or any other default occurs under the terms and conditions of this note and all defaults under this note have not been cured within sixty (60) calendar days after the occurrence of the first such default, the interest rate on the entire indebtedness evidenced hereby, at the option of Association, shall be increased beginning on the sixty-first (61st) day after the occurrence of the first such default and continuing through and including the day all past due sums have been paid hereunder and all other defaults under this note have been cured, to an amount equal to the rate or rates otherwise being charged hereunder plus Four and 00/100 percent (4.00%) per annum.

UNDERSIGNED AND ASSOCIATION, KNOWINGLY AND VOLUNTARILY, WAIVE THE RIGHT TO A JURY TRIAL ON ANY CLAIM OR ACTION ARISING OUT OF OR RELATED TO THIS NOTE OR ANY OTHER DOCUMENTS EXECUTED IN CONNECTION WITH THIS NOTE OR THE TRANSACTIONS CONTEMPLATED THEREBY OR THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND ASSOCIATION.
In consideration of the changes made, undersigned, if not already personally liable for repayment of the indebtedness, does hereby assume and agree to repay all indebtedness evidenced herein and agrees, jointly and severally, to be bound by all of the terms, provisions, covenants and obligations of this note and instrument(s) securing the loan(s).

THIS DOCUMENT IS EXECUTED BY UNDERSIGNED IN FAVOR OF ASSOCIATION AS AGENT/NOMINEE OF ITS WHOLLY-OWNED SUBSIDIARY ArborOne, FLCA PURSUANT TO THE MASTER AGREEMENT DESCRIBED HEREIN. AT THE OPTION OF ASSOCIATION, ANY DEFAULT UNDER THE TERMS AND CONDITIONS OF ANY OTHER WRITTEN INSTRUMENT EXECUTED BY UNDERSIGNED AND OWNED, HELD OR SERVICED BY ArborOne, ACA FOR ITSELF AND/OR AS AGENT/NOMINEE FOR ANY PARTY PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES SHALL CONSTITUTE A DEFAULT UNDER THIS DOCUMENT.

IN WITNESS WHEREOF, the parties have duly executed this Agreement this 11   day of   April             2016

_____ (L.S.)
Terry Wayne Strickland

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

ArborOne, ACA                                           as agent/nominee

By: _____
    Clay M Ward
    Vice President

# EXHIBIT 2



# FIXED RATE NOTE

Date of Note: April 11, 2016                                                                Loan Number: 0XXXXXX066-29

Place Executed: Florence                        , SO                                    Amount: $ 628,500.00

## REPAYMENT SCHEDULE

| NUMBER | TYPE | AMOUNT | | DESCRIPTION OF DUE DATE | |
|---|---|---|---|---|---|
| 1 | Interest Only | **Installment(s) of $ | Accrued Interest | due | Annually beginning | 10/01/2016 |
| 6 | Fixed Payment | **Installment(s) of $ | 108,574.85 | due | Annually beginning | 10/01/2017 |
| | | **Installment(s) of $ | | due | | |
| | | **Installment(s) of $ | | due | | |

A final installment of this unpaid principal balance of the indebtedness and all accrued interest is due October 01, 2023 . All installments are successive unless otherwise noted and are payable on the same day of the month as the initial installment. Installment payments will be applied to amounts due in such manner as Association may determine in its sole discretion, except as otherwise noted herein.

**"Fixed Payment" means the installment amount amortizes both principal and interest. Fixed Principal means the installment amount amortizes principal only, and accrued interest is due with each installment. Principal Only means the installment amount includes principal only and interest installments are separate. Interest Only means the installment amount includes accrued interest only and principal installments are separate.

For value received, the undersigned (whether one or more) promise(s) to pay, in lawful money of the United States of America, in accordance with the repayment schedule(s) above stated, to the order of ArborOne, ACA (together with any holder hereof, "Association") at its office in Florence, SO, or any other such place as designated by Association in writing, the principal sum of Six Hundred Twenty Eight Thousand Five Hundred and 00/100 Dollars ($ 628,500.00), with interest until paid at a rate of Four and 99000/100000 percent ( 4.99%) per annum.

The undersigned and every endorser and assumer of this note hereby expressly waive presentment, demand, protest and notice of dishonor, and consent to all renewals, refinances, extensions, modifications, reamortizations or any other rearrangements of the indebtedness evidenced by this note, and releases of personal liability and of security.

If payment of principal and/or interest (or portions thereof) is not paid when due or if the undersigned fails to perform or observe any of its other obligations under this note, the loan agreement, or any other agreement, instrument or other document evidencing, securing or otherwise relating to the loan indebtedness evidenced by this note, or any part thereof, this note shall be in default.

At the option of Association, any default under the terms and conditions of this note or under any other written instrument executed by the undersigned and owned, held or serviced by Association shall constitute a default under this note and any one or more of such notes or other written instruments. Upon default, Association, at its option, and without notice to the undersigned, may declare this note and all other indebtedness owed by the undersigned to be immediately due and payable; may cease to make any further advances under this note; may foreclose upon or sell any or all of the security for this note, in such order as it may prefer; may proceed with collections; may apply the proceeds to any indebtedness secured thereby in any order which it may desire; and may exercise from time to time all rights and remedies available under the Uniform Commercial Code and other applicable law, and under any other instrument relative to such indebtedness or security. Unless prohibited by law, any applicable prepayment premium shall be due and payable upon such acceleration.

If Association employs attorney(s) to collect the indebtedness evidenced by this note, or to enforce or preserve any rights provided for herein or relating to any security for this note, or suit is filed hereon, or proceedings are had in bankruptcy or any other court whatsoever with respect thereto, then, in addition to any principal, interest or other charges provided for herein, Association shall also recover all costs and expenses, including attorneys' fees and legal expenses reasonably incurred in connection therewith, including such costs and fees incurred on appeal. Such amounts shall become part of the indebtedness evidenced hereby and shall be immediately payable on demand, and shall, to the extent permitted by law, bear interest from the date incurred until paid at the rate provided herein.

If there is any error or omission in this note or in any instrument securing it, the undersigned will promptly, upon request of Association, execute a new note or other documents as deemed necessary by Association to correct such error or omission and will promptly pay upon demand of Association all attorneys' fees, costs and expenses incurred in connection therewith. If the undersigned fails to pay, upon demand of Association, any sums due or incurred by Association for any of the purposes stated in this note, Association may advance the same, and all amounts so advanced shall become principal immediately due and payable hereunder.

The undersigned agrees to provide current financial statements, including a balance sheet and income statement in a form acceptable to the Association as may be from time to time requested by Association while the indebtedness evidenced hereby or any other indebtedness from the undersigned is outstanding.

The undersigned may at any time make prepayments of principal in any amount, provided all accrued interest and all other expenses and charges have been paid current. Prepayments applied to installments will be in inverse order of maturity, except as otherwise provided in writing by Association.

If any installment of principal and/or interest (or portions thereof) is not paid when due and remains unpaid at the end of twenty-nine (29) calendar days, a late charge equal to the sum of Four and 00/100 percent (4.00%) of the overdue installment shall be paid by undersigned to Association, not to exceed a maximum of $ N/A .

If any installment of principal and/or interest (or portions thereof) is not paid when due or any other default occurs under the terms and conditions of this note and all defaults under this note have not been cured within sixty (60) calendar days after the occurrence of this first such default, the interest rate on the entire indebtedness evidenced hereby, at the option of Association, shall be increased beginning on the sixty-first (61st) day after the occurrence of the first such default and continuing through and including the day all past due sums have been paid hereunder and all other defaults under this note have been cured, in an amount equal to the rate or rates otherwise being charged hereunder plus Four and 00/100 percent (4.00%) per annum.

THE UNDERSIGNED AND ASSOCIATION, KNOWINGLY AND VOLUNTARILY, WAIVE THE RIGHT TO A JURY TRIAL ON ANY CLAIM OR ACTION ARISING OUT OF OR RELATED TO THIS NOTE OR ANY OTHER DOCUMENTS EXECUTED IN CONNECTION WITH THIS NOTE OR THE TRANSACTIONS CONTEMPLATED THEREBY OR THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND ASSOCIATION.

Date of Note: April 11, 2016
Loan Number: ████████7065-29
Amount: $ 628,500.00

AT THE OPTION OF ASSOCIATION, ANY DEFAULT UNDER THE TERMS AND CONDITIONS OF ANY OTHER WRITTEN INSTRUMENT
EXECUTED BY UNDERSIGNED AND OWNED, HELD OR SERVICED BY AgSouthOne, ACA FOR ITSELF AND/OR AS AGENT/NOMINEE FOR ANY
PARTY PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES, SHALL CONSTITUTE A DEFAULT
UNDER THIS DOCUMENT.

This note is the joint and several obligation of all persons executing it. Given under the hand and seal of the undersigned.

_____ (L.S.)
Gary Wayne Strickland

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

# EXHIBIT 3

## REVOLVING VARIABLE RATE NOTE

Effective Date of Note:  March 28, 2017                                    Loan Number: ███████7966-30
Place Executed: Florence                              , SC                  Amount:  $  1,802,000.00

### REPAYMENT SCHEDULE

| NUMBER | TYPE | AMOUNT | DESCRIPTION OF DUE DATE |
|---|---|---|---|
| | **installment(s) of $ | | due |
| | **installment(s) of $ | | due |
| | **installment(s) of $ | | due |
| | **installment(s) of $ | | due |

A final installment of the unpaid principal balance and all accrued interest is due March 01, 2018 (the "Maturity Date"). All installments are successive unless otherwise noted and are payable on the same day of the month as the initial installment. Installment payments applied to amounts due will be in such manner as Association may determine in its sole discretion, except as otherwise provided herein.

** Fixed Principal means the installment amount amortizes principal only and accrued interest is due with each installment. Principal Only means the installment amount includes principal only and interest installments are separate. Interest Only means the installment amount includes accrued interest only and principal installments are separate.

For value received, the undersigned (whether one or more) promise(s) to pay, in lawful money of the United States of America, in accordance with the repayment schedule(s) above stated to the order of ArborOne, ACA (together with any holder hereof, "Association"), at its office in Florence, SC, or any other such place as designated by Association in writing, the principal sum of One Million Eight Hundred Two Thousand and 00/100 Dollars ($1,802,000.00), or so much thereof as may be advanced or readvanced from time to time, with interest to accrue at:

Libor: the one-month London Interbank Offered Rate as published in the Money Rates section of The Wall Street Journal rounded upwards, if necessary, to the nearest whole multiple of one-eighth (1/8) of one percentage point (0.125) ("Index"), plus 4.0000 percent ("Margin Points"), provided that the interest rate shall be subject to adjustment as set forth below on the first day of April, 2017, and on the first day of each month thereafter (each such date a "Change Date"), and upon adjustment the unpaid principal balance shall bear the adjusted rate of interest.

Interest on the initial advance shall accrue at a rate of interest calculated as set forth above with the index being determined as published in The Wall Street Journal for the first business day prior to the date of advance. Interest on each subsequent advance shall accrue at a rate calculated by adding the Margin Points to the Index as utilized on the preceding Change Date. In the event a subsequent advance is made before the first Change Date, interest shall accrue at the rate applicable to the initial advance.

The adjusted interest rate on each Change Date shall be based on the Index for the 1st business day prior to the Change Date. Association will calculate the new interest rate to become effective on each Change Date by adding the Margin Points to the Index. The new interest rate will be effective until the next Change Date.

Provided, however, the interest rate shall never be less than Four and 990/1000 percent (4.990%), which is the "Floor Rate" for this note.

If the index should no longer be published, Association, in the exercise of reasonable judgment, shall substitute another means of determining an annual rate of interest, which shall thereafter be the "Index" as that term is used herein. Association will give the undersigned notice of the substitution.

Association may, at its sole option, on the terms and subject to the conditions set forth herein make advances to the undersigned from time to time during the period from the date hereof to and including February 28, 2018 (the "Expiration Date"), provided that no advance shall be made which shall increase the unpaid principal balance above the face amount hereof. The undersigned may from time to time borrow, repay and reborrow under this note.

Each advance shall be upon a verbal, written or telecopied request from the undersigned to Association on not later than 2:00 PM on the day on which the advance is to be made. Such request shall specify the date and amount of the requested advance. Association shall disburse each advance by crediting the same to the designated account of the undersigned or in such manner as Association and the undersigned may from time to time agree. Association may rely on any verbal request for an advance as fully as if such request were in writing.

The undersigned and every endorser and assumer of this note hereby expressly waive presentment, demand, protest and notice of dishonor, and consent to all renewals, refinances, extensions, modifications, reamortizations or any other rearrangements of the indebtedness evidenced by this note, and releases of personal liability and of security.

If payment of principal and/or interest (or portions thereof) is not paid when due, if any of the undersigned dies or files a petition in voluntary bankruptcy, for receivership, for corporate reorganization, or for other debtor relief of any character of kind, or is adjudged a bankrupt, or if the undersigned is dissolved or any beneficial interest in the undersigned is assigned or transferred and the undersigned is not a natural person, or if the undersigned fails to perform or observe any of its other obligations under this note, the loan agreement, or any other agreement, instrument, or other document evidencing, securing or otherwise relating to the loan indebtedness evidenced by this note, or any part thereof, this note shall be in default.

*(signature)*

G03302RX (03/15)                                   Page 1 of 3.

Effective Date of Note:  March 28, 2017
Loan Number: ████████7985-30
Amount: $ 1,802,000.00

If any installment of principal and/or interest (or portions thereof) is not paid when due and remains unpaid at the end of twenty-one (21) calendar days, a late charge equal to the sum of Four and 00/100 percent (4.00%) of the overdue installment shall be paid by the undersigned to Association, not to exceed a maximum of $N/A.

Amounts prepaid will be applied first to any billed, but unpaid interest. Unless otherwise required by law, additional amounts may be applied to accrued interest, outstanding principal and/or such other amounts outstanding as the Association in its sole discretion may determine. Prepayments will be applied to installments in inverse order of maturity, except as otherwise provided in writing by Association.

The undersigned agrees to provide current tax returns and financial statements, including a balance sheet and income statement in a form acceptable to the Association as may be from time to time requested by Association while the indebtedness evidenced hereby or any other indebtedness from the undersigned is outstanding.

If there is any error or omission in this note or in any instrument securing it, the undersigned will promptly, upon request of Association, execute a new note or other documents as deemed necessary by Association to correct such error or omission and will promptly, upon demand of Association, any sums due or incurred by Association for any of the purposes stated in this note. Association may advance the same, and all amounts so advanced shall become principal immediately due and payable.

If Association employs attorney(s) to collect the indebtedness evidenced by this note, or to enforce or preserve any rights provided for herein or relating to any security for this note, or suit is filed herein, or proceedings are had in bankruptcy of any other court whatsoever with respect thereto, then, in addition to any principal, interest or other charges as provided for herein, Association shall also recover all costs and expenses, including attorneys' fees and legal expenses reasonably incurred in connection therewith, including such costs and fees incurred on appeal. Such amounts shall become part of the indebtedness evidenced hereby and shall be immediately payable on demand, and shall, to the extent permitted by law, bear interest from the date incurred until paid at the rate provided herein. This agreement shall be governed in accordance with the laws of the State/Commonwealth of South Carolina, without regard to conflict of laws rules. Any dispute arising herefrom shall be filed in any court in South Carolina having jurisdiction.

At the option of Association, any default under this note or under any other written instrument executed by the undersigned or any other party and related to or guaranteeing or securing the indebtedness, whether provided concurrently herewith or arising hereafter, in favor of and/or delivered to the Association shall constitute a default under this note and under any one or more of such notes or other written instruments. Upon default, Association, at its option, and without notice to the undersigned, may declare this note and all other indebtedness owed by the undersigned to be immediately due and payable; may cease to make any further advances under this note; may proceed with collections; may foreclose upon or sell any or all of the security for this note, in such order as it may prefer; may apply the proceeds of such sale to any indebtedness secured thereby in any order which it may desire; and may exercise from time to time all rights and remedies available under applicable law, and under any other instrument relative to such indebtedness or security. Unless prohibited by law, any applicable prepayment premium shall be due and payable upon such acceleration.

If any installment of principal and/or interest (or portions thereof) is not paid when due or any other default occurs under the terms and conditions of this note and all defaults under this note have not been cured within sixty (60) calendar days after the occurrence of the first such default, the interest rate on the entire indebtedness evidenced hereby, at the option of Association, shall be increased beginning on the sixty-first (61st) day after the occurrence of the first such default and continuing through and including the day all past due sums have been paid hereunder and all other defaults under this note have been cured, to an amount equal to the rate or rates otherwise being charged hereunder plus Four and 00/100 percent (4.00%) per annum.

THE UNDERSIGNED AND ASSOCIATION, KNOWINGLY AND VOLUNTARILY, WAIVE THE RIGHT TO A JURY TRIAL ON ANY CLAIM OR ACTION ARISING OUT OF OR RELATED TO THIS NOTE OR ANY OTHER DOCUMENTS EXECUTED IN CONNECTION WITH THIS NOTE OR THE TRANSACTIONS CONTEMPLATED THEREBY OR THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND ASSOCIATION.

AT THE OPTION OF ASSOCIATION, ANY DEFAULT UNDER THE TERMS AND CONDITIONS OF ANY OTHER WRITTEN INSTRUMENT EXECUTED BY UNDERSIGNED AND OWNED, HELD OR SERVICED BY AgFirst, ACA FOR ITSELF AND/OR AS AGENT/NOMINEE FOR ANY PARTY PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES SHALL CONSTITUTE A DEFAULT UNDER THIS DOCUMENT.

GD2302RX (00/19)

Effective Date of Note:  March 28, 2017
Loan Number: ███████7966-30
Amount: $ 1,802,000.00

This note is the joint and several obligation of all persons executing it. Given under the hand and seal of the undersigned.

_Terry Wayne Strickland_ _____ (L.S.)
Terry Wayne Strickland

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

## NOTE(S) MODIFICATION AGREEMENT

Loan Number: ████████7986-30

**COPY**

| LOAN NUMBER | DATE OF ORIGINAL NOTE(S) | ORIGINAL AMOUNT(S) | UNPAID PRINCIPAL | ACCRUED AND UNPAID INTEREST | OTHER CHARGES |
|---|---|---|---|---|---|
| 237986-30 | 03/28/2017 | $ 1,802,000.00 | $ 1,692,653.80 | $ 24,699.79 | 63,439.98 |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |

This Note Modification Agreement is entered into between Terry Wayne Strickland (the "undersigned") and ArborOne, ACA (together with any holder hereof, "Association") as of May 25, 2019 ("Effective Date") and is incorporated into and shall amend and supplement undersigned's note(s) as described above (such note(s) as amended and supplemented, "this note").

Undersigned shall pay the outstanding total indebtedness due under said note(s) in the amount of $ 1,680,793.37    as of the above Effective Date with interest on the unpaid principal balance as set forth above from said date at the interest rate specified.

Remaining payments shall be paid as follows:

| NUMBER | TYPE | AMOUNT | DESCRIPTION OF DUE DATE |
|---|---|---|---|
| | **Installment(s) of $ | due | |
| | **Installment(s) of $ | due | |
| | **Installment(s) of $ | due | |
| | **Installment(s) of $ | due | |

A final installment of the unpaid principal balance and all accrued interest is due February 01, 2019 . All installments are successive unless otherwise noted and are payable on the same day of the month as the initial installment. Installment payments will be applied to amounts due in such manner as Association may determine in its sole discretion, except as otherwise provided.

** Fixed Payment means the installment amount amortizes both principal and interest. Fixed Principal means the installment amount amortizes principal only and accrued interest is due with each installment. Principal Only means the installment amount includes principal only and interest installments are separate. Interest Only means the installment amount includes accrued interest only and principal installments are separate.

Interest rate provisions are amended as follows:

As of the Effective Date, the interest rate hereunder shall be Six and 25000/100000    percent (6.25000   %) per annum; provided that said interest rate shall be subject to adjustment as set forth below on the date of any change to the Index, as defined herein (each such date a "Change Date"), and upon any such adjustment the unpaid principal balance hereunder shall bear such adjusted rate of interest from the date of adjustment. Beginning with the first Change Date, interest shall accrue at:

Prime rate; the U.S. Prime rate as published in the Money Rates section of The Wall Street Journal rounded upwards, if necessary, to the nearest whole multiple of one-eighth (1/8) of one percentage point (0.125) ("Index") plus 1.5000 percent ("Margin Points").

The adjusted interest rate on each Change Date shall be based on the Index for such Change Date, or if the Change Date is not on a business day, then for the first business day thereafter. Association will calculate the new interest rate to become effective on each Change Date by adding the Margin Points to the Index. The new interest rate will be effective until the next Change Date.

Provided, however, the interest rate shall never be less than Six and 250/1000 percent (6.250%), which is the "Floor Rate" for this note.

If the Index should no longer be published, Association, in the exercise of reasonable judgment, shall substitute another means of determining an annual rate of interest, which shall thereafter be the "Index" as that term is used herein. Association will give the undersigned notice of the substitution.

The undersigned and every endorser and assumer of this note hereby expressly waive presentment, demand, protest and notice of dishonor, and consent to all renewals, refinances, extensions, modifications, reamortizations or any other rearrangements of the indebtedness evidenced by this note, and releases of personal liability and of security.

If payment of principal and/or interest (or portions thereof) is not paid when due, if any of the undersigned dies or files a petition in voluntary bankruptcy, for receivership, for corporate reorganization, or for other debtor relief of any character or kind, or is adjudged a bankrupt, or if the undersigned is dissolved or any beneficial interest in the undersigned is assigned or transferred and the undersigned is not a natural person, or if the undersigned fails to perform or observe any of the other obligations under this note, the loan agreement, or any other agreement, instrument or other document evidencing, securing or otherwise relating to the loan indebtedness evidenced by this note, or any part thereof, this note shall be in default.

This space intentionally left blank.

_TWS_

G06902NM (0917)                    Page 1 of 3

5/25/19
cc

*Effective Date: May 25, 2018*
Loan Number: ●●●●●●●7966-30
Total Outstanding Indebtedness: $ 1,680,793.37

At the option of Association, any default under this note or under any other written instrument executed by the undersigned or any other party and related to guaranteeing or securing the indebtedness, whether provided concurrently herewith or arising hereafter, in favor of and/or delivered to the Association shall constitute a default under this note and under any one or more of such notes or other written instruments. Upon default, Association, at its option, and without notice to the undersigned, may declare this note and all other indebtedness owed by the undersigned to be immediately due and payable; may cease to make any further advances under this note; may proceed with collections; may foreclose upon or sell any or all of the security for this note, in such order as it may prefer; may apply the proceeds to any indebtedness secured thereby in any order which it may desire; and may exercise from time to time all rights and remedies available under applicable law and under any other instrument, relative to such indebtedness or security. Unless prohibited by law, any applicable prepayment premium shall be due and payable upon such acceleration.

If Association employs attorneys to collect the indebtedness evidenced by this note, or to enforce or preserve any rights provided for herein or relating to any security for this note, or suit is filed hereon, or proceedings are had in bankruptcy or any other court whatsoever with respect thereto, then, in addition to any principal, interest or other charges provided for herein, Association shall also recover all costs and expenses, including attorneys' fees and legal expenses reasonably incurred in connection therewith, including such costs and fees incurred on appeal. Such amounts shall become part of the indebtedness evidenced hereby and shall be immediately payable on demand; and shall, to the extent permitted by law, bear interest from the date incurred until paid at the rate provided herein. This agreement shall be governed in accordance with the laws of the State/Commonwealth of South Carolina, without regard to conflict of laws rules. Any dispute arising hereform shall be filed in any court in South Carolina having jurisdiction.

If there is any error or omission in this note or in any instrument securing it, the undersigned will promptly, upon request of Association, execute a new note or other documents as deemed necessary by Association to correct such error or omission and will promptly pay upon demand of Association all attorneys' fees, costs and expenses incurred in connection therewith. If the undersigned fails to pay, upon demand of Association, any sums due or incurred by Association for any of the purposes stated in this note, Association may advance the same, and all amounts so advanced shall become principal immediately due and payable hereunder.

The undersigned agrees to provide current tax returns and financial statements, including a balance sheet and income statement in a form acceptable to the Association as may be from time to time requested by Association while the indebtedness evidenced hereby or any other indebtedness from the undersigned is outstanding.

Amounts prepaid will be applied first to any billed, but unpaid interest. Unless otherwise required by law, additional amounts may be applied to accrued interest, outstanding principal and/or such other amounts outstanding as the Association in its sole discretion may determine. Prepayments will be applied to installments in inverse order of maturity, except as otherwise provided in a written notice by Association to the undersigned.

If any installment of principal and/or interest (or portions thereof) is not paid when due and remains unpaid at the end of twenty-nine (29) calendar days, a late charge equal to the sum of Four and 00/100 percent (4.00%) of the overdue installment shall be paid, not to exceed a maximum of $ N/A.

If any installment of principal and/or interest (or portions thereof) is not paid when due or any other default occurs under the terms and conditions of this note, and all defaults under this note have not been cured within sixty (60) calendar days after the occurrence of the first such default, the interest rate on the entire indebtedness evidenced hereby, at the option of Association shall be increased beginning on the sixty-first (61st) day after the occurrence of the first such default and continuing through and including the day all past due sums have been paid hereunder and all other defaults under this note have been cured, to an amount equal to the rate or rates otherwise being charged hereunder plus Four and 00/100 percent (4.00%) per annum.

In consideration of the changes made, undersigned, if not already personally liable for repayment of the indebtedness, does hereby assume and agree to repay all indebtedness evidenced herein and agrees, jointly and severally, to be bound by all of the terms, provisions, covenants and obligations of this note and instrument(s) securing the loan(s).

Except to the extent modified hereby, the terms and conditions of the original note(s) and the indebtedness evidenced thereby are hereby ratified and confirmed.

This space intentionally left blank.

UNDERSIGNED AND ASSOCIATION, KNOWINGLY AND VOLUNTARILY, WAIVE THE RIGHT TO A JURY TRIAL ON ANY CLAIM OR ACTION ARISING OUT OF OR RELATED TO THIS NOTE OR ANY OTHER DOCUMENTS EXECUTED IN CONNECTION WITH THIS NOTE OR THE TRANSACTIONS CONTEMPLATED THEREBY OR THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND ASSOCIATION.

AT THE OPTION OF ASSOCIATION, ANY DEFAULT UNDER THE TERMS AND CONDITIONS OF ANY OTHER WRITTEN INSTRUMENT EXECUTED BY UNDERSIGNED AND OWNED, HELD OR SERVICED BY ArborOne, ACA  FOR ITSELF AND/OR AS AGENT/NOMINEE FOR ANY PARTY PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES SHALL CONSTITUTE A DEFAULT UNDER THIS DOCUMENT.

Effective Date: May 25, 2018
Loan Number: ▮▮▮▮▮▮▮7966-30
Total Outstanding Indebtedness: $ 1,680,793.37

IN WITNESS WHEREOF, the parties have duly executed this Agreement this 25 day of May , 2018 .

_____ (L.S.)
Terry Wayne Strickland

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)


ArborOne, ACA
By: _____
Clay M Ward
Vice President

# EXHIBIT 4

## NONREVOLVING VARIABLE RATE NOTE

Effective Date of Note: May 25, 2018

Loan Number: ●●●●●●●7966-32
Amount: $ 802,000.00

REPAYMENT SCHEDULE

| NUMBER | TYPE | AMOUNT | DESCRIPTION OF DUE DATE |
|--------|------|--------|-------------------------|
| | **installment(s) of $ | .due | |
| | **installment(s) of $ | .due | |
| | **installment(s) of $ | .due | |
| | **installment(s) of $ | .due | |



A final installment of the unpaid principal balance and all accrued interest is due December 01, 2018 (the "Maturity Date"). All installments are successive unless otherwise noted and are payable on the same day of the month as the initial installment. Installment payments will be applied to amounts due in such manner as Association may determine in its sole discretion, except as otherwise provided herein.

** Fixed Principal means the installment amount amortizes principal only and interest is due with each installment. Principal Only means the installment amount includes principal only and interest installments are separate. Interest Only means the installment amount includes accrued interest only and principal installments are separate.

For value received, the undersigned (whether one or more) promise(s) to pay, in lawful money of the United States of America, in accordance with the repayment schedule(s) above stated, to the order of ArborOne, ACA (together with any holder hereof, "Association"), at its office in Florence, SC, or at any other such place as designated by Association in writing, the principal sum of Eight Hundred Two Thousand and 00/100 Dollars ($802,000.00), or so much thereof as may be advanced from time to time, with interest to accrue initially at consummation at  6.25000 percent and to accrue and adjust thereafter as follows:

Prime rate: the U.S. Prime rate as published in the Money Rates section of The Wall Street Journal for the date of advance rounded upwards, if necessary, to the nearest whole multiple of one-eighth (1/8) of one percentage point (0.125) ("Index") plus 1.5000 percent ("Margin Points"), provided that the interest rate shall be subject to adjustment as set forth below on the date of any change to the Index (each such rate a "Change Date") and upon adjustment the unpaid principal balance shall bear the adjusted rate of interest.

The adjusted interest rate on each Change Date shall be based on the Index for the Change Date or, if the Change Date is not on a business day, then for the first business day thereafter. Association will calculate the new interest rate to become effective on each Change Date by adding the Margin Points to the Index. The new interest rate will be effective until the next Change Date.

Provided, however, the interest rate shall never be less than Six and 250/1000 percent (6.250%), which is the "Floor Rate" for this note.

If the Index should no longer be published, Association, in the exercise of reasonable judgment, shall substitute another means of determining an annual rate of interest, which shall thereafter be the "Index" as that term is used herein. Association will give the undersigned notice of the substitution.

Association may, at its sole option, on the terms and subject to the conditions set forth herein make advances to the undersigned from time to time during the period from the date hereof to and including November 30, 2018 (the "Expiration Date"), provided that, over the term of this note, such advances shall not exceed, in the aggregate, the face amount hereof.

Each advance shall be upon a verbal, written or telecopied request from the undersigned to Association not later than 2:00 PM on the day on which the advance is to be made. Such request shall specify the date and amount of the requested advance. Association shall disburse each advance by crediting the same to the designated account of the undersigned or in such manner as Association and the undersigned may from time to time agree. Association may rely on any verbal request for an advance as fully as if such request were in writing.

The undersigned and every endorser and assumer of this note hereby expressly waive presentment, demand, protest and notice of dishonor, and consent to all renewals, refinances, extensions, modifications, reamortizations or any other rearrangements of the indebtedness evidenced by this note, and releases of personal liability and of security.

If payment of principal and/or interest (or portions thereof) is not paid when due, if any of the undersigned dies or files a petition in voluntary bankruptcy, for receivership, for corporate reorganization, or for other debtor relief of any character or kind, or is adjudged a bankrupt, or if the undersigned is dissolved or any beneficial interest in the undersigned is assigned or transferred and the undersigned is not a natural person, or if the undersigned fails to perform or observe any of its other obligations under this note, the loan agreement, or any other agreement, instrument or other document evidencing, securing or otherwise relating to the loan indebtedness evidenced by this note, or any part thereof, this note shall be in default.

At the option of Association, any default under this note or under any other written instrument executed by the undersigned or any other party and related to guaranteeing or securing the indebtedness, whether provided concurrently herewith or arising hereafter, in favor of and/or delivered to the Association shall constitute a default under this note and under any one or more of such notes or other written instruments. Upon default, Association, at its option, and without notice to the undersigned, may declare this note and all other indebtedness owing by the undersigned to be immediately due and payable; may cease to make any further advances under this note; may proceed with collections; may foreclose upon or sell any or all of the security for this note, in such order as it may prefer; may apply the proceeds to any indebtedness secured thereby in any order which it may desire; and may exercise from time to time all rights and remedies available under applicable law, and under any other instrument relative to such indebtedness or security. Unless prohibited by law, any applicable prepayment premium shall be due and payable upon such acceleration.

This space intentionally left blank.

G02202X(Rev.7)

5/25/18

Effective Date of Note: May 25, 2018
Loan Number: ███████7956-32
Amount: $ 802,000.00

If Association employs attorney(s) to collect the indebtedness evidenced by this note, or to enforce or preserve any rights provided for herein or relating to any security for this note, or suit is filed herein, or proceedings are had in bankruptcy or any other court whatsoever with respect thereto, then, in addition to any principal, interest or other charges provided for herein, Association shall also recover all costs and expenses, including attorneys' fees and legal expenses reasonably incurred in connection therewith, including such costs and fees incurred on appeal. Such amounts shall become part of the indebtedness evidenced hereby and shall be immediately payable on demand, and shall, to the extent permitted by law, bear interest from the date incurred until paid at the rate provided herein. This agreement shall be governed in accordance with the laws of the State/Commonwealth of South Carolina, without regard to conflict of laws rules. Any dispute arising herefrom shall be filed in any court in South Carolina having jurisdiction.

If there is any error or omission in this note or in any instrument securing it, the undersigned will promptly, upon request of Association, execute a new note or other documents as deemed necessary by Association to correct such error or omission and will promptly pay upon demand of Association all attorneys' fees, costs and expenses incurred in connection therewith. If the undersigned fails to pay, upon demand of Association, any sums due or incurred by Association for any of the purposes stated in this note, Association may advance the same, and all amounts so advanced shall become principal immediately due and payable hereunder.

The undersigned agrees to provide current tax returns and financial statements, including a balance sheet and income statement in a form acceptable to the Association as may be from time to time requested by Association while the indebtedness evidenced hereby or any other indebtedness from the undersigned is outstanding.

Amounts prepaid will be applied first to any billed, but unpaid interest. Unless otherwise required by law, additional amounts may be applied to accrued interest, outstanding principal and/or such other amounts outstanding as the Association in its sole discretion may determine. Prepayments will be applied to installments in inverse order of maturity, except as otherwise provided in writing by Association.

If any installment of principal and/or interest (or portions thereof) is not paid when due and remains unpaid at the end of twenty-nine (29) calendar days, a late charge equal to the sum of Four and 00/100 percent (4.00%) of the overdue installment shall be paid by the undersigned to Association, not to exceed a maximum of $N/A .

If any installment of principal and/or interest (or portions thereof) is not paid when due or any other default occurs under the terms and conditions of this note and all defaults under this note have not been cured within sixty (60) calendar days after the occurrence of the first such default, the interest rate on the entire indebtedness evidenced hereby, at the option of Association, shall be increased beginning on the sixty-first (61st) day after the occurrence of the first such default and continuing through and including the day all past due sums have been paid hereunder and all other defaults under this note have been cured, to an amount equal to the rate or rates otherwise being charged hereunder plus Four and 00/100 percent (4.00%) per annum.

This space intentionally left blank.

THE UNDERSIGNED AND ASSOCIATION, KNOWINGLY AND VOLUNTARILY, WAIVE THE RIGHT TO A JURY TRIAL ON ANY CLAIM OR ACTION ARISING OUT OF OR RELATED TO THIS NOTE OR ANY OTHER DOCUMENTS EXECUTED IN CONNECTION WITH THIS NOTE OR THE TRANSACTIONS CONTEMPLATED THEREBY OR THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND ASSOCIATION.

AT THE OPTION OF ASSOCIATION, ANY DEFAULT UNDER THE TERMS AND CONDITIONS OF ANY OTHER WRITTEN INSTRUMENT EXECUTED BY UNDERSIGNED AND OWNED, HELD OR SERVICED BY ArborOne, ACA FOR ITSELF AND/OR AS AGENT/NOMINEE FOR ANY PARTY PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES SHALL CONSTITUTE A DEFAULT UNDER THIS DOCUMENT.

This note is the joint and several obligation of all persons executing it. Given under the hand and seal of the undersigned.

_____ (L.S.)
Terry Wayne Strickland

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

# EXHIBIT 5

# FIXED RATE NOTE

Effective Date of Note: June 20, 2018

Loan Number: XXXXXX7966-33
Amount: $ 77,676.59

### REPAYMENT SCHEDULE

| NUMBER | TYPE | AMOUNT | DESCRIPTION OF DUE DATE |
|---|---|---|---|
| | **Installment(s) of $ | | due |
| | **Installment(s) of $ | | due |
| | **Installment(s) 0( $ | 0( | du |
| | **Installment(s) 0( $ | 0( | due |

**COPY**

A final installment of the unpaid principal balance of the indebtedness and all accrued interest is due December 01, 2018 . All installments are successive unless otherwise noted and are payable on the same day of the month as the initial installment. Installment payments will be applied to amounts due in such manner as Association may determine in its sole discretion, except as otherwise noted herein.

**Fixed Payment means the installment amount amortizes both principal and interest. Fixed Principal means the installment amount amortizes principal only and accrued interest is due with each installment. Principal Only means the installment amount includes principal only and interest installments are separate. Interest Only means the installment amount includes accrued interest only and principal installments are separate.

For value received, the undersigned (whether one or more) promise(s) to pay, in lawful money of the United States of America, in accordance with the repayment schedule(s) above stated, to the order of ArborOne, ACA (together with any holder hereof, "Association"), at its office in Florence, SC, or any other such place as designated by Association in writing, the principal sum of Seventy-Seven, Thousand Six Hundred Seventy Six and 59/100 Dollars ($77,676.59), with interest until paid at a rate of Six and 00000/100000 percent (6.0%) per annum.

The undersigned and every endorser and assumer of this note hereby expressly waive presentment, demand, protest and notice of dishonor, and consent to all renewals, refinances, extensions, modifications, reamortizations or any other rearrangements of the indebtedness evidenced by this note, and releases of personal liability and of security.

If payment of principal and/or interest (or portions thereof) is not paid when due, if any of the undersigned dies or files a petition in voluntary bankruptcy, for receivership, for corporate reorganization, or for other debtor relief of any character or kind, or is adjudged a bankrupt, or if the undersigned is dissolved or any beneficial interest in the undersigned is assigned or transferred and the undersigned is not a natural person, or if the undersigned fails to perform or observe any of its other obligations under this note, the loan agreement, or any other agreement, instrument or other document evidencing, securing or otherwise relating to the loan indebtedness evidenced by this note, or any part thereof, this note shall be in default.

At the option of Association, any default under the terms and conditions of this note or under any other written instrument executed by the undersigned or any other party and related to guaranteeing or securing this indebtedness, whether provided concurrently herewith or arising hereafter, in favor of and/or delivered to the Association shall constitute a default under this note and any one or more of such notes or other written instruments. Upon default, Association, at its option, and without notice to the undersigned, may declare this note and all other indebtedness owed by the undersigned to be immediately due and payable; may cease to make any further advances under this note; may foreclose upon or sell any or all of the security for this note, in such order as it may prefer; may proceed with collections; may apply the proceeds to any indebtedness secured thereby in any order which it may desire; and may exercise from time to time all rights and remedies available under the Uniform Commercial Code and other applicable law, and under any other instrument relative to such indebtedness or security. Unless prohibited by law, any applicable prepayment premium shall be due and payable upon such acceleration.

If Association employs attorney(s) to collect the indebtedness evidenced by this note, or to enforce or preserve any rights provided for herein or relating to any security for this note, or suit is filed hereon, or proceedings are had in bankruptcy or any other court whatsoever with respect thereto, then, in addition to any principal, interest or other charges provided for herein, Association shall also recover all costs and expenses, including attorneys' fees and legal expenses reasonably incurred in connection therewith, including such costs and fees incurred on appeal. Such amounts shall become part of the indebtedness evidenced hereby, and shall be immediately payable on demand, and shall, to the extent permitted by law, bear interest from the date incurred until paid at the rate provided herein. This agreement shall be governed in accordance with the laws of the State/Commonwealth of South Carolina, without regard to conflict of laws rules. Any dispute arising herefrom shall be filed in any court in South Carolina having jurisdiction.

If there is an error or omission in this note or in any instrument securing it, the undersigned will promptly, upon request of Association, execute a new note or other documents as deemed necessary by Association to correct such error or omission and will promptly pay upon demand of Association all attorneys' fees, costs and expenses incurred in connection therewith. If the undersigned fails to pay, upon demand of Association, any sums due or incurred by Association for any of the purposes stated in this note, Association may advance the same, and all amounts so advanced shall become principal immediately due and payable hereunder.

The undersigned agrees to provide current tax returns and financial statements, including a balance sheet and income statement in a form acceptable to the Association as may be from time to time requested by Association while the indebtedness evidenced hereby or any other indebtedness from the undersigned is outstanding.

The undersigned may at any time make prepayments of principal in any amount, provided all accrued interest and all other expenses and charges have been paid current. Prepayments applied to installments will be in inverse order of maturity, except as otherwise provided in writing by Association.

If any installment of principal and/or interest (or portions thereof) is not paid when due and remains unpaid at the end of twenty-nine (29) calendar days, a late charge equal to the sum of Four and 00/100 percent (4.00%) of the overdue installment shall be paid by undersigned to Association, not to exceed a maximum of $N/A .

If any installment of principal and/or interest (or portions thereof) is not paid when due or any other default occurs under the terms and conditions of this note and all defaults under this note have not been cured within sixty (60) calendar days after the occurrence of this first such default, the interest rate on the entire indebtedness evidenced hereby, at the option of Association, shall be increased beginning on the sixty-first (61st) day after the occurrence of the first such default and continuing through and including the day all past due sums have been paid hereunder and all other defaults under this note have been cured, to an amount equal to the rate or rates otherwise being charged hereunder plus Four and 00/100 percent (4.00%) per annum.

Effective Date of Note: June 20, 2018
Loan Number: ████████7966-33
Amount: $ 77,676.59

This space intentionally left blank.

THE UNDERSIGNED AND ASSOCIATION, KNOWINGLY AND VOLUNTARILY, WAIVE THE RIGHT TO A JURY TRIAL ON ANY CLAIM OR ACTION ARISING OUT OF OR RELATED TO THIS NOTE OR ANY OTHER DOCUMENTS EXECUTED IN CONNECTION WITH THIS NOTE OR THE TRANSACTIONS CONTEMPLATED THEREBY OR THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND ASSOCIATION.

AT THE OPTION OF ASSOCIATION, ANY DEFAULT UNDER THE TERMS AND CONDITIONS OF ANY OTHER WRITTEN INSTRUMENT EXECUTED BY UNDERSIGNED AND OWNED, HELD OR SERVICED BY ArborOne, ACA FOR ITSELF AND/OR AS AGENT/NOMINEE FOR ANY PARTY PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES SHALL CONSTITUTE A DEFAULT UNDER THIS DOCUMENT.

This note is the joint and several obligation of all persons executing it. Given under the hand and seal of the undersigned:

_____    (L.S.)
Terry Wayne Strickland

_____    (L.S.)

_____    (L.S.)

_____    (L.S.)

# EXHIBIT 6

**FIXED RATE NOTE**

Date of Note: June 07, 2016

Loan Number: ████████2185-01

Place Executed: Florence                SC.                Amount: $ 315,690.00

**COPY**

**REPAYMENT SCHEDULE**

| NUMBER | TYPE | AMOUNT | | DESCRIPTION OF DUE DATE |
|--------|------|--------|-----|------------------------|
| 19 | Fixed Payment | **Installment(s) of $ | 26,914.65    due | Annually beginning        12/01/2016 |
| | | **Installment(s) of $ | due | |
| | | **Installment(s) of $ | due | |
| | | **Installment(s) of $ | due | |

A final installment of the unpaid principal balance of the indebtedness and all accrued interest is due December 01, 2035 . All installments are successive unless otherwise noted and are payable on the same day of the month as the initial installment. Installment payments will be applied to amounts due in such manner as Association may determine in its sole discretion, except as otherwise noted herein.

**Fixed Payment means the installment amount amortizes both principal and interest. Fixed Principal means the installment amount amortizes principal only and accrued interest is due with each installment. Principal Only means the installment amount includes principal only and interest installments are separate. Interest Only means the installment amount includes accrued interest only and principal installments are separate.

For value received, the undersigned (whether one or more) promise(s) to pay, in lawful money of the United States of America, in accordance with the repayment schedule(s) above stated, to the order of ArborOne, ACA, as agent/nominee (together with any holder hereof, "Association"), at its office in Florence, SC, or any other such place as designated by Association in writing, the principal sum of Three Hundred Fifteen Thousand Five Hundred Ninety  and 00/100 Dollars ($315,690.00), with interest until paid at a rate of Five and 9900/100000 percent (5.99%) per annum.

The undersigned and every endorser and assumer of this note hereby expressly waive presentment, demand, protest and notice of dishonor, and consent to all renewals, refinances, extensions, modifications, reamortizations or any other rearrangements of the indebtedness evidenced by this note, and releases of personal liability and of security.

If payment of principal and/or interest (or portions thereof) is not paid when due or if the undersigned fails to perform or observe any of its other obligations under this note, the loan agreement, or any other agreement, instrument or other document evidencing, securing or otherwise relating to the loan indebtedness evidenced by this note, or any part thereof, this note shall be in default.

At the option of Association, any default under the terms and conditions of this note or any other written instrument executed by the undersigned and owned, held or serviced by Association shall constitute a default under this note and any one or more of such notes or other written instruments. Upon default, Association, at its option, and without notice to the undersigned, may declare this note and all other indebtedness owed by the undersigned to be immediately due and payable; may cease to make any further advances under this note; may foreclose upon or sell any or all of the security for this note, in such order as it may prefer; may proceed with collections; may apply the proceeds to any indebtedness secured thereby in any order which it may desire; and may exercise from time to time all rights and remedies available under the Uniform Commercial Code and other applicable law, and under any other instrument relative to such indebtedness or security. Unless prohibited by law, any applicable prepayment premium shall be due and payable upon such acceleration.

If Association employs attorney(s) to collect the indebtedness evidenced by this note, or to enforce or preserve any rights provided for herein, or relating to any security for this note, or suit is filed hereon, or proceedings are had in bankruptcy or any other court whatsoever with respect thereto, then, in addition to any principal, interest or other charges provided for herein, Association shall also recover all costs and expenses, including attorneys' fees and legal expenses reasonably incurred in connection therewith, including such costs and fees incurred on appeal. Such amounts shall become part of the indebtedness evidenced hereby and shall be immediately payable on demand, and shall, to the extent permitted by law, bear interest from the date incurred until paid at the rate provided herein.

If there is any error or omission in this note or in any instrument securing it, the undersigned will promptly, upon request of Association, execute a new note or other documents as deemed necessary by Association to correct such error or omission and will promptly pay upon demand of Association all attorneys' fees, costs and expenses incurred in connection therewith. If the undersigned fails to pay, upon demand of Association, any sums due or incurred by Association for any of the purposes stated in this note, Association may advance the same, and all amounts so advanced shall become principal immediately due and payable hereunder.

The undersigned agrees to provide current financial statements, including a balance sheet and income statement in a form acceptable to the Association as may be from time to time requested by Association while the indebtedness evidenced hereby or any other indebtedness from the undersigned is outstanding.

The undersigned may at any time make prepayments of principal in any amount, provided all accrued interest and all other expenses and charges have been paid current. Prepayments applied to installments will be in inverse order of maturity, except as otherwise provided in writing by Association.

If any installment of principal and/or interest (or portions thereof) is not paid when due and remains unpaid at the end of twenty-nine (29) calendar days, a late charge equal to the sum of Four and 00/100 percent (4.00%) of the overdue installment shall be paid by undersigned to Association, not to exceed a maximum of $NA .

If any installment of principal and/or interest (or portions thereof) is not paid when due or any other default occurs under the terms and conditions of this note and all defaults under this note have not been cured within sixty (60) calendar days after the occurrence of the first such default, the interest rate on the entire indebtedness evidenced hereby, at the option of Association, shall be increased beginning on the sixty-first (61st) day after the occurrence of the first such default and continuing through and including the day all past due sums have been paid hereunder and all other defaults under this note have been cured, to an amount equal to the rate or rates otherwise being charged hereunder plus Four and 00/100 percent (4.00%) per annum.

THE UNDERSIGNED AND ASSOCIATION, KNOWINGLY AND VOLUNTARILY, WAIVE THE RIGHT TO A JURY TRIAL ON ANY CLAIM OR ACTION ARISING OUT OF OR RELATED TO THIS NOTE OR ANY OTHER DOCUMENTS EXECUTED IN CONNECTION WITH THIS NOTE OR THE TRANSACTIONS CONTEMPLATED THEREBY OR THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND ASSOCIATION.

G04402XT Rev. (04/01)



Date of Note: June 07, 2016
Loan Number: ████92185-01
Amount: $ 315,690.00

THIS DOCUMENT IS EXECUTED BY UNDERSIGNED IN FAVOR OF ASSOCIATION AS AGENT/NOMINEE OF ITS WHOLLY-OWNED
SUBSIDIARY ArborOne, FLCA PURSUANT TO THE MASTER AGREEMENT DESCRIBED HEREIN. AT THE OPTION OF ASSOCIATION, ANY
DEFAULT UNDER THE TERMS AND CONDITIONS OF ANY OTHER WRITTEN INSTRUMENT EXECUTED BY UNDERSIGNED AND OWNED,
HELD OR SERVICED BY ArborOne, ACA FOR ITSELF AND/OR AS AGENT/NOMINEE FOR ANY PARTY PURSUANT TO A MASTER
AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES SHALL CONSTITUTE A DEFAULT UNDER THIS DOCUMENT.

This note is the joint and several obligation of all persons executing it. Given under the hand and seal of the undersigned.

Strickland Farms of Green Sea, Inc
By: _____ (L.S.)
Terry Wayne Strickland, President

Attest: _____ (L.S.)
William Scott Strickland, Vice President

Attest: _____ (L.S.)
Charlene E Strickland, Secretary

_____ (L.S.)
Terry Wayne Strickland, Individually

_____ (L.S.)
Charlene E Strickland, Individually

_____ (L.S.)
William Scott Strickland, Individually

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the
conversion of wetlands to produce or to make possible the production of an agricultural commodity, further explained in 7 CFR Part 1940, Subpart
G, Exhibit M.

_____  /     /     /     /      (Initials)

_____

G04402XT Rev (04/01)                                      Page 2 of 2

# EXHIBIT 7

## FIXED RATE NOTE

Date of Note: June 07, 2016

Loan Number: XXXXXXX2185-02

Place Executed: Florence                    , SC

COPY

Amount: $438,700.00

REPAYMENT SCHEDULE

| NUMBER | TYPE | AMOUNT | | DESCRIPTION OF DUE DATE |
|--------|------|--------|--|-------------------------|
| 1 | Interest Only | **Installment(s) of $ | Accrued Interest     due. | Annually beginning | 11/01/2016 |
| 6 | Fixed Principal | **Installment(s) of $ | 62,571.43     due | Annually beginning | 11/01/2017 |
|  |  | **Installment(s) of $ | due |  |
|  |  | **Installment(s) of $ | due |  |

A final installment of the unpaid principal balance of the indebtedness and all accrued interest is due October 01, 2023 . All installments are successive unless otherwise noted and are payable on the same day of the month as the initial installment. Installment payments will be applied to amounts due in such manner as Association may determine in its sole discretion, except as otherwise noted herein.

**Fixed Payment means the installment amount amortizes both principal and interest. Fixed Principal means the installment amount amortizes principal only and accrued interest is due with each installment. Principal Only means the installment amount includes principal only and interest installments are separate. Interest Only means the installment amount includes accrued interest only and principal installments are separate.

For value received, the undersigned (whether one or more) promise(s) to pay, in lawful money of the United States of America, in accordance with this repayment schedule(s) above stated, to the order of ArborOne, ACA (together with any holder hereof, "Association"), at its office in Florence, SC, or any other such place as designated by Association in writing, the principal sum of Four Hundred Thirty Eight Thousand Seven Hundred and 00/100 Dollars ($438,700.00), with interest until paid at a rate of Four and 99000/100000 percent (4.99%) per annum.

The undersigned and every endorser and assumer of this note hereby expressly waive presentment, demand, protest and notice of dishonor, and consent to all renewals, refinances, extensions, modifications, reamortizations or any other rearrangements of the indebtedness evidenced by this note, and releases of personal liability and of security.

If payment of principal and/or interest (or portions thereof) is not paid when due or if the undersigned fails to perform or observe any of its other obligations under this note, the loan agreement, or any other agreement, instrument or other document evidencing, securing or otherwise relating to the loan indebtedness evidenced by this note, or any part thereof, this note shall be in default.

At the option of Association, any default under the terms and conditions of this note, or under any other written instrument executed by the undersigned and owned, held or serviced by Association shall constitute a default under this note and any one or more of such notes or other written instruments. Upon default, Association, at its option, and without notice to the undersigned, may declare this note and all other indebtedness owed by the undersigned to be immediately due and payable; may cease to make any further advances under this note; may foreclose upon or sell any or all of the security for this note, in such order as it may prefer; may proceed with installment, they apply the proceeds to any indebtedness secured thereby in any order which it may desire; and may exercise from time to time all rights and remedies available under the Uniform Commercial Code and other applicable law, and under any other instrument relative to such indebtedness or security. Unless prohibited by law, any applicable prepayment premium shall be due and payable upon such acceleration.

If Association employs attorney(s) to collect the indebtedness evidenced by this note, or to enforce or preserve any rights provided for herein or relating to any security for this note, or suit is filed hereon, or proceedings are had in bankruptcy or any other court whatsoever with respect thereto, then, in addition to any principal, interest or other charges provided for herein, Association shall also recover all costs and expenses, including attorneys' fees and legal expenses reasonably incurred in connection therewith, including such costs and fees incurred on appeal. Such amounts shall become part of the indebtedness evidenced hereby and shall be immediately payable on demand, and shall, to the extent permitted by law, bear interest from the date incurred until paid at the rate provided herein.

If there is any error or omission in this note or in any instrument securing it, the undersigned will promptly, upon request of Association, execute a new note or other documents as deemed necessary by Association to correct such error or omission and will promptly pay upon demand of Association in attorneys' fees, costs and expenses incurred in connection therewith. If the undersigned fails to pay, upon demand of Association, any sums due or incurred by Association for any of the purposes stated in this note, Association may advance the same, and all amounts so advanced shall become principal immediately due and payable hereunder.

The undersigned agrees to provide current financial statements, including a balance sheet and income statement in a form acceptable to the Association as may be from time to time requested by Association while the indebtedness evidenced hereby or any other indebtedness from the undersigned is outstanding.

The undersigned may at any time make prepayments of principal in any amount, provided all accrued interest and all other expenses and charges have been paid current. Prepayments applied to installments will be in inverse order of maturity, except as otherwise provided in writing by Association.

If any installment of principal and/or interest (or portions thereof) is not paid when due and remains unpaid at the end of twenty-nine (29) calendar days, a late charge equal to the sum of Four and 00/100 percent (4.00%) of the overdue installment shall be paid by undersigned to Association, not to exceed a maximum of $N/A .

If any installment of principal and/or interest (or portions thereof) is not paid when due or any other default occurs under the terms and conditions of this note and will defaults under this note have not been cured within sixty (60) calendar days after the occurrence of the first such default, the interest rate on the entire indebtedness evidenced hereby, at the option of Association, shall be increased beginning on the sixty-first (61st) day after the occurrence of the first such default and continuing through and including the day all past due sums have been paid hereunder and all other defaults under this note have been cured, to an amount equal to the rate or rates otherwise being charged hereunder plus Four and 00/100 percent (4.00%) per annum.

THE UNDERSIGNED AND ASSOCIATION, KNOWINGLY AND VOLUNTARILY, WAIVE THE RIGHT TO A JURY TRIAL ON ANY CLAIM OR ACTION ARISING OUT OF OR RELATED TO THIS NOTE OR ANY OTHER DOCUMENTS EXECUTED IN CONNECTION WITH THIS NOTE OR THE TRANSACTIONS CONTEMPLATED THEREBY OR THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND ASSOCIATION.





Date of Note: June 07, 2016
Loan Number: ████████2186-02
Amount: $ 438,700.00

AT THE OPTION OF ASSOCIATION, ANY DEFAULT UNDER THE TERMS AND CONDITIONS OF ANY OTHER WRITTEN INSTRUMENT
EXECUTED BY UNDERSIGNED AND OWNED, HELD OR SERVICED BY ArborOne, ACA FOR ITSELF AND/OR AS AGENT/NOMINEE FOR ANY
PARTY PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES SHALL CONSTITUTE A DEFAULT
UNDER THIS DOCUMENT.

This note is the joint and several obligation of all persons executing it.  Given under the hand and seal of the undersigned.

Strickland Farms of Green Sea, Inc
By: _____ (L.S.)
Terry Wayne Strickland, President

Attest: _____ (L.S.)
William Scott Strickland, Vice President

Attest: _____ (L.S.)
Charlene E Strickland, Secretary

_____ (L.S.)
Terry Wayne Strickland, Individually

_____ (L.S.)
Charlene E Strickland, Individually

_____ (L.S.)
William Scott Strickland, Individually

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the
conversion of wetlands to produce or to make possible the production of an agricultural commodity, further explained in 7 CFR Part 1940, Subpart
G, Exhibit M.

_____    /    /    /    /    (Initials)

G04402XT Rev (04/01)                                    Page 2 of 2

## NOTE MODIFICATION AGREEMENT



Loan Number: _____2185-02

**COPY**

| | DATE OF ORIGINAL NOTE(S) | ORIGINAL AMOUNT(S) | UNPAID PRINCIPAL | ACCRUED AND UNPAID INTEREST | OTHER CHARGES |
|---|---|---|---|---|---|
| ___2185-02 | 08/07/2016 | $ 438,700.00 | $ 438,700.00 | $ 1,854.19 | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |
| | | $ | $ | $ | $ |

This Note Modification Agreement is entered into between Strickland Farms of Green Sea, Inc, Terry Wayne Strickland, Charlene E Strickland and William Scott Strickland (the "undersigned") and ArborOne, ACA (together with any holder hereof, "Association") as of July 08, 2016 ("Effective Date") and is incorporated into and shall amend and supplement undersigned's note(s) as described above (such note(s) as amended and supplemented, "this note").

Undersigned shall pay the outstanding total indebtedness due under said original note(s) in the amount of $ 440,554.19          as of the above Effective Date with interest on the unpaid principal balance as set forth above from said date at the interest rate specified.

Remaining payments shall be paid as follows:

| NUMBER | TYPE | AMOUNT | DESCRIPTION OF DUE DATE | |
|---|---|---|---|---|
| 1 | Interest Only | **Installment(s) of $ | Accrued Interest | due | Annually beginning | 11/01/2016 |
| 6 | Fixed Payment | **Installment(s) of $ | 74,277.32 | due | Annually beginning | 11/01/2017 |
| | | **Installment(s) of $ | | due | | |
| | | **Installment(s) of $ | | due | | |

A final installment of the unpaid principal balance of the indebtedness and all accrued interest is due  June 01, 2023 .  All installments are successive unless otherwise noted and are payable on the same day of the month as the initial installment. Installment payments will be applied to amounts due in such manner as Association may determine in its sole discretion, except as otherwise noted herein.

** Fixed Payment means the installment amount amortizes both principal and interest. Fixed Principal means the installment amount amortizes principal only and accrued interest is due with each installment. Principal Only means the installment amount includes principal only and interest installments are separate. Interest Only means the installment amount includes accrued interest only and principal installments are separate.

Interest rate provisions are amended as follows:
Interest shall accrue at the rate of 4.99 percent per annum.

Undersigned and every endorser and assumer of this note hereby expressly waive presentment, demand, protest and notice of dishonor, and consent to all renewals, refinances, extensions, modifications, reamortizations or any other rearrangements of the indebtedness evidenced by this note, and releases of personal liability and of security.

If payment of principal and/or interest (or portions thereof) is not paid when due or if the undersigned fails to perform or observe any of its other obligations under this note, the loan agreement, or any other agreement, instrument or other document evidencing, securing or otherwise relating to the loan indebtedness evidenced by this note, or any part thereof, this note shall be in default.

At the option of Association, any default under this note or under any other instrument executed by undersigned and owned, held or serviced by Association shall constitute a default under this note and under any one or more of such notes or other written instruments. Upon default, Association, at its option, and without notice to undersigned, may declare this note and all other indebtedness owed by the undersigned to be immediately due and payable; may cease to make any further advances under this note; may proceed with collections; may foreclose upon or sell any or all of the security (or this note) in such order as it may prefer; may apply the proceeds to any indebtedness secured thereby in any order which it may desire; and may exercise from time to time all rights and remedies available under applicable law; and under any other instrument relative to such indebtedness or security. Unless prohibited by law, any applicable prepayment premium shall be due and payable upon such acceleration.

If Association employs attorney(s) to collect the indebtedness evidenced by this note, or to enforce or preserve any rights provided for herein or relating to any security for this note, or suit is filed hereon, or proceedings are had in bankruptcy or any other court whatsoever with respect thereto, then, in addition to any principal, interest or other charges provided for herein, Association shall also recover all costs and expenses, including attorneys' fees, and legal expenses reasonably incurred in connection therewith, including such costs and fees incurred on appeal. Such amounts shall become part of the indebtedness evidenced hereby and shall be immediately payable on demand, and shall, to the extent permitted by law, bear interest from the date incurred until paid at the rate provided herein.

If there is any error or omission in this note or in any instrument securing it, undersigned will promptly, upon request of Association, execute a new note or other documents as deemed necessary by Association to correct such error or omission and will promptly pay upon demand of Association all attorneys' fees, costs and expenses incurred in connection therewith. If undersigned fails to pay, upon demand of Association, any sums due or incurred by Association for any of the purposes stated in this note, Association may advance the same, and all amounts so advanced shall become principal immediately due and payable hereunder.

Undersigned agrees to provide current financial statements, including a balance sheet and income statement, in a form acceptable to the Association as may be from time to time requested by Association while the indebtedness evidenced hereby or any other indebtedness from undersigned is outstanding.

Undersigned may at any time make prepayments of principal in any amount, provided all accrued interest and all other expenses and charges have been paid current. Prepayments applied to installments will be in inverse order of maturity, except as otherwise provided in writing by Association.

If any installment of principal and/or interest (or portions thereof) is not paid when due and remains unpaid at the end of twenty-nine (29) calendar days, a late charge equal to the sum of Four and 00/100           percent ( 4.00 %) of the overdue installment shall be paid, not to exceed a maximum of $ N/A

G06702NM (0000)                                                    Page 1 of 2





Effective Date: July 08, 2016
Loan Number: ●●●●●●●2165-02
Total Outstanding Indebtedness: $440,554.16

If any installment of principal and/or interest (or portions thereof) is not paid when due or any other default occurs under the terms and conditions of this note and all defaults under this note have not been cured within sixty (60) calendar days after the occurrence of the first such default, the interest rate on the entire indebtedness evidenced hereby, at the option of Association, shall be increased beginning on the sixty-first (61st) day after the occurrence of the first such default and continuing through and including the day all past due sums have been paid hereunder and all other defaults under this note have been cured, to an amount equal to the rate or rates otherwise being charged hereunder plus Four and 00/100 percent (4.00%) per annum.

UNDERSIGNED AND ASSOCIATION, KNOWINGLY AND VOLUNTARILY, WAIVE THE RIGHT TO A JURY TRIAL ON ANY CLAIM OR ACTION ARISING OUT OF OR RELATED TO THIS NOTE OR ANY OTHER DOCUMENTS EXECUTED IN CONNECTION WITH THIS NOTE OR THE TRANSACTIONS CONTEMPLATED THEREBY OR THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND ASSOCIATION.
In consideration of the changes made, undersigned, if not already personally liable for repayment of the indebtedness, does hereby assume and agree to repay all indebtedness evidenced herein and agrees, jointly and severally, to be bound by all of the terms, provisions, covenants and obligations of this note and instrument(s) securing the loan(s).

AT THE OPTION OF ASSOCIATION, ANY DEFAULT UNDER THE TERMS AND CONDITIONS OF ANY OTHER WRITTEN INSTRUMENT EXECUTED BY UNDERSIGNED AND OWNED, HELD OR SERVICED BY ArborOne, ACA FOR ITSELF AND/OR AS AGENT/NOMINEE FOR ANY PARTY PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES SHALL CONSTITUTE A DEFAULT UNDER THIS DOCUMENT.

IN WITNESS WHEREOF, the parties have duly executed this Agreement this 8 day of July , 2016 .
Strickland Farms of Green Sea, Inc.
By: _____ , (L.S.)
Terry Wayne Strickland, President

Attest: _____ (L.S.)
William Scott Strickland, Vice President

Attest: _____ (L.S.)
Charlene E Strickland, Secretary

_____ (L.S.)
Terry Wayne Strickland, Individually

_____ (L.S.)
Charlene E Strickland, Individually

_____ (L.S.)
William Scott Strickland, Individually

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

_____ (L.S.)

ArborOne, ACA

By: _____
Clay M Ward
Vice President

G06702NM (0008)                    Page 2 of 2