# EXHIBIT 10

Instrument    Vol Page
2018000049539 BK    420  167

2018000049539
Filed for Record in
MARION COUNTY, SC
CHRISTY M. GRAY, CLERK OF COURTS
06-20-2018 At 01:54 pm.
MORTGAGE    14.00
Vol  420 Page  167 - 174

2018000049539
ARBORONE
PO BOX 3699
FLORENCE SC 29502

**ArborOne, ACA**

Loan No. 042 094 237966-33

PO Box 3699
Florence, SC 29502

STATE OF SOUTH CAROLINA    )
    )    MORTGAGE
COUNTY OF Marion    )

THIS INDENTURE, made this 20th  day of June    , 2018  by and between
Terry W Strickland and Mattie C Strickland _____

_____
_____
_____
_____

hereinafter called Undersigned, whether one or more, and _____
ArborOne, ACA _____
of Florence    , SC  a  federally  chartered  instrumentality  organized,
chartered and existing pursuant to the laws of the United States of America, hereinafter called
Lender, WITNESSETH, that

WHEREAS, Terry Wayne Strickland _____
_____
_____
_____
_____
_____

hereinafter called Borrower, whether one or more, is indebted to Lender in the principal sum of
Seventy Seven Thousand Six Hundred Seventy Six and 59/100 _____
_____ Dollars ($ 77,676.59    ) as evidenced by a certain
note, dated June 20, 2018    payable  to  the  order  of  Lender,  the  final  installment  of
principal being due and payable 12/01/2018    , with interest from date of said note payable as
and at the rate(s) provided in said note, all of which and such other terms, conditions and
agreements as are contained in said note will more fully appear by reference thereto, which note is
made a part of this mortgage to the same extent as if it were set out in extenso herein.

This mortgage also secures (1) all existing indebtedness of Borrower (or of any one or more of the
parties designated herein as Borrower) to Lender (including but not limited to the above described
note) evidenced by promissory notes or any other instruments, and all renewals, reamortizations,
extensions,  refinances,  modifications  or  other  rearrangements  thereof,  together  with  interest
thereon as provided therein, (2) all future advances that subsequently may be made to Borrower
(or to any one or more of the parties designated herein as Borrower or Undersigned with the written
consent of the remainder of said parties) to be evidenced by promissory notes or any other
instruments,  and  all  renewals,  reamortizations,  extensions,  refinances,  modifications  or  other
rearrangements thereof, together with interest thereon as provided therein, said future advances, if
any, to be made solely at the option of Lender, and (3) all other indebtedness of Borrower (or any
one or more of the parties designated herein as Borrower) to Lender now due or to become due
(whether  directly  or  indirectly)  or  hereafter  contracted,  and  all  renewals,  reamortizations,
extensions,  refinances,  modifications  or  other  rearrangements  thereof,  together  with  interest
thereon as provided for, THE MAXIMUM PRINCIPAL AMOUNT OF ALL EXISTING
INDEBTEDNESS, FUTURE ADVANCES, AND ALL OTHER INDEBTEDNESS OUTSTANDING AT

Instrument          Vol  Page
20180004953Y OR     620  168

ANY ONE TIME NOT TO EXCEED **Five Million  and 00/100**

DOLLARS ($ 5,000,000.00       ), plus interest thereon, attorneys' fees, court costs, and any advances necessary for the protection of the security or title thereto, such as, but not limited to, advances for taxes and insurance premiums, all of which are secured by this mortgage. It is understood and agreed by all parties thereto that the execution by Borrower and the acceptance by Lender of any notes, renewal notes or other instruments, or the agreement by Lender to any reamortizations, extensions, refinances, modifications or other rearrangements as contemplated in this paragraph or elsewhere herein shall not be construed as payment of any indebtedness hereby secured (whether or not, among other changes in terms, the interest rate or rates remain the same and/or time for payment is thereby extended or lessened), and shall not discharge the lien of this mortgage which is to remain in full force and effect until the total indebtedness secured hereby has been paid in full. All notes or other instruments contemplated in this paragraph or elsewhere herein shall remain uncanceled and in possession of Lender, its successors and assigns, until the total indebtedness hereby secured is paid in full. Should the indebtedness secured hereby exceed the maximum above stated, Lender at its option shall have the sole right to determine the priority or order in which the various debts covered hereby shall be secured hereunder within said maximum.

NOW, KNOW ALL MEN, that Undersigned, in consideration of the debt as evidenced by above described note, and for better securing the payment thereof to Lender, according to the terms of said note, and the performance of the conditions and covenants herein contained and to secure any other indebtedness contemplated in the paragraph next above or elsewhere herein, and also in consideration of the sum of One Dollar to Undersigned in hand paid by Lender, receipt whereof is hereby acknowledged, has granted, bargained, sold and released, in fee simple, and by these presents does grant, bargain, sell and release, in fee simple, unto Lender, its successors and assigns, the following described lands, including but not limited to, all trees, timber, shrubbery, fixtures and improvements now and hereafter thereon:

See attached Schedule "A"

TOGETHER with all and singular the rights, members, hereditaments and appurtenances to the said premises belonging or in anywise incident or appertaining:

TO HAVE AND TO HOLD all and singular the said premises unto Lender, its successors and assigns in fee simple forever. Undersigned hereby binds himself, his heirs, executors, administrators, successors and assigns, to warrant and forever defend all and singular the said premises unto Lender, its successors and assigns, from and against Undersigned, his heirs, executors, administrators, successors and assigns, and all other persons whomsoever lawfully claiming or to claim the same or any part thereof.

PROVIDED ALWAYS, NEVERTHELESS, and it is the true intent and meaning of the parties to these presents, that if Borrower shall well and truly pay, or cause to be paid, unto Lender, its successors or assigns, the total indebtedness secured hereby, with interest thereon as aforesaid, and shall perform all terms, conditions and covenants according to the true intent of said note, and this mortgage and any other instrument above referred to and this mortgage and any other instrument securing said note or other instrument referred to above, then this mortgage shall cease, determine and be utterly null and void; otherwise it shall remain in full force and effect.

FOR THE CONSIDERATION aforesaid, Undersigned covenants as follows:

1. Undersigned is lawfully seized of said property in fee simple and has a perfect right to convey same; there are no encumbrances or liens whatsoever on said property except this mortgage.

2. Undersigned will insure, and keep insured, as required by Lender from time to time, all buildings now and hereafter on said land against such risks, in such form, in at least such amounts, and in such company or companies, as shall be satisfactory to Lender. The loss, if any, under all such insurance policies to be payable to Lender as its interest may appear, and the Undersigned will deliver to Lender a policy or policies of insurance with mortgagee clause satisfactory to Lender attached thereto, and will promptly pay when due all premiums for such insurance. In addition to other insurance coverages, if the property is located in a government mandated flood area where participation in a Federal Flood Insurance Program is required, Undersigned agrees that upon receipt of notification from Lender and within the time period established by Lender, Undersigned will obtain and maintain flood insurance in such amount as Lender requires on all buildings, improvements, fixtures and mobile home(s), now existing or hereafter erected, placed or maintained on or in the land described in this mortgage, together with all other personal property securing Undersigned's obligations to Lender and maintained in or on such buildings, improvements and mobile home(s), until the loans, future advances and all other indebtedness

D01310SC (2017)                    Page 2 of 7

secured by such property and this mortgage are fully paid. Lender may require Undersigned to obtain and maintain such flood insurance at the time the loan(s) secured hereby are made or at any time thereafter until the loans secured by such property are fully paid. Undersigned further agrees to pay Lender all reasonable fees and costs Lender incurs in determining whether any such property is located in an area having special flood hazards including determination fees (of initial and subsequent determination as well as fees for monitoring the flood hazard status of the property during the life of the loan), together with the cost of premiums and fees incurred with purchasing flood insurance for Undersigned, if Undersigned fails to do so within the time period required by Lender. Any such fees, premiums or costs shall, in Lender's sole discretion, be due and payable on demand or as otherwise provided for in the promissory note(s) secured hereby or this mortgage. At the option of Lender, insurance funds may be used for reconstruction or repair of the destroyed or damaged insured buildings, and insurance funds not so used shall be applied on such part of the indebtedness secured hereby as Lender in its sole discretion may determine. Undersigned will pay, when due and payable, all taxes, assessments and other charges that may be levied or assessed against said property, and all judgments and all other amounts that may be or become a lien thereon.

3. If required as a condition of any loan secured hereunder, Undersigned shall pay to Lender on the day installments are due, until the note is paid in full or any escrow requirement is otherwise waived in writing by Lender, a sum to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this instrument as a lien or encumbrance on the property; and (b) premiums for any and all insurance required by Lender. Such amounts required hereunder shall be determined in accordance with the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X ("RESPA"). Upon payment in full of all sums secured by this instrument, or if any such escrow requirement is no longer required as a condition of any loan secured hereunder, Lender shall promptly refund to Undersigned any funds held by Lender under this escrow requirement.

4. Undersigned will keep in good order and condition, preserve and repair, rebuild and restore all terraces, buildings, groves, orchards, fences, fixtures, shrubbery and other improvements, of every kind and nature, now on said land and hereafter erected or placed thereon that may be destroyed or damaged by fire, windstorm, flood or otherwise, and will not permit the change, injury or removal thereof, will not commit or permit waste on said land, and will not, except with the written consent of Lender, cut, use or remove, or permit the cutting, use or removal of, any timber or trees on said land for sawmill, turpentine or other uses or purposes, except for firewood and other ordinary farm purposes. Undersigned will also preserve and keep in good order and condition all trees and timber now and hereafter growing upon the said property, and will at all times properly protect the trees and timber against loss or damage by fire, all to the satisfaction of Lender.

5. Undersigned covenants that he will not perform any act which might impair or tend to impair the continuation on the property herein described of all crop allotments and acreage allotments now established or hereafter established on any of the property herein described and hereby grants a lien on said allotments to Lender.

6. Time is of the essence in the performance of the above-recited note, of this instrument and of any other instrument secured hereby. If Borrower and/or Undersigned fail to comply with any covenant, condition or agreement in this instrument or in the said note or in any reamortization, renewal, refinance, modification, extension or in any other instrument secured hereby, Lender may, at its option, exercise any one or more of the following rights, powers, privileges and remedies:

    (a) Perform any one or more of the covenants of Borrower and/or Undersigned in this instrument, in the said note, and in any other instrument secured hereby, and all amounts advanced by Lender in doing so shall be due and payable by Borrower and/or Undersigned to Lender immediately without notice, and shall be secured by this instrument, and shall bear interest from the date of advance by Lender at the highest rate provided in any note or other instrument secured hereby.

    (b) Declare all amounts secured by this instrument immediately due and payable without notice.

    (c) Proceed immediately to foreclose this mortgage, and pursue such other remedies as may be authorized by law.

7. As further security for the payment of the note herein described, all other indebtedness secured hereby, and for the performance of all the terms, conditions and covenants of said note, of any other instrument secured hereby and of this mortgage, upon and during default under this instrument or the said note or any other instrument secured hereby, Undersigned hereby transfers, assigns and sets over to Lender all of the crops now and hereafter sown or growing upon the said mortgaged premises and all of the rents, issues and profits of the said mortgaged premises, and Lender shall seek to have a receiver appointed to take charge of the said mortgaged premises, and the crops now and hereafter sown or growing thereon, together with the said rents, issues and profits arising therefrom and hereby assigned, and hold the same subject to the order and direction of the court.

8. That he hereby represents and warrants to Lender that there are no materials (hereinafter collectively called "Special Materials") presently located on or near the premises which, under federal, state or local law, statute, ordinance, regulation or standard or administrative or court order or decree or private agreement (hereinafter collectively called "Environmental Requirements"), require special handling in use, generation, collection, storage, treatment or disposal, or payment of costs associated with responding to the lawful directives of any court or agency of competent jurisdiction or for similar economic loss. Such Special Materials include those that violate any national or local contingency plan or the release or threatened release of which may violate or create liability under the Environmental Requirements. Such Special Materials also include (a) asbestos in any form, (b) urea-formaldehyde foam insulation, (c) paint containing lead or (d) transformers or other equipment which contain dielectric fluid containing polychlorinated biphenyls (commonly referred to as "PCBs"). Undersigned further represents and warrants to

Instrument        Vol  Page
201800049539 08   420  170

Lender that the premises are not now being used nor have they ever been used in the past for activities including the use, generation, collection, storage, treatment or disposal of any Special Materials, and in particular, without limiting the generality of the foregoing, the premises are not now being used nor have they ever been used in the past for a landfill, surface impoundment or other area for the treatment, storage or disposal of solid waste (including solid waste such as sludge). Undersigned will not place or permit to be placed any such Special Materials on or near the premises. Nothing herein shall be deemed to prohibit or restrict the use, collection, storage, treatment or disposal in a manner consistent with applicable Environmental Requirements, of insecticides, herbicides, or other pesticides, fertilizers or petroleum products (including gasoline, motor fuel, crankcase oil, heating oil) as part of the agricultural operations now or hereafter conducted by Undersigned on the premises in a good and husbandlike manner. Undersigned further represents and warrants to Lender that there are no wells or septic tanks or other underground tanks (whether currently in use or abandoned-in-place) on the premises serving any other property and that there are no wells or septic tanks on other property serving the premises. If at any time it is determined that there are Special Materials located on the premises which under any Environmental Requirement require special handling in use, generation, collection, storage, treatment or disposal, Undersigned shall, within 30 days after having obtained actual knowledge thereof, take or cause to be taken, at Undersigned's sole expense, such actions as may be necessary to comply with all Environmental Requirements. If Undersigned shall fail to take such action, Lender may make advances or payments towards performance or satisfaction of the same but shall be under no obligation so to do; and all sums so advanced or paid, including all sums advanced or paid in connection with any judicial or administrative investigation or proceeding relating thereto, including, without limitation to the extent permitted by applicable law, reasonable attorneys' fees, fines or other penalty payments, shall be at once repayable by Undersigned and all sums so advanced or paid shall become a part of the indebtedness secured hereby. Failure of Undersigned to comply with all Environmental Requirements shall constitute and be a default under this mortgage. Undersigned hereby agrees to indemnify and hold Lender harmless to the extent permitted by applicable law for all loss, liability, damage, cost and expenses, including reasonable attorneys' fees, for failure of the premises to comply. In all respects with the Environmental Requirements or a breach by Undersigned of any representation, warranty or agreement herein. THE COVENANTS, AGREEMENTS, REPRESENTATIONS, WARRANTIES AND INDEMNITIES OF UNDERSIGNED CONTAINED IN THIS PARAGRAPH SHALL SURVIVE THE OCCURRENCE OF ANY EVENT WHATSOEVER, INCLUDING BUT NOT LIMITED TO, THE PAYOFF OF THE NOTE(S) SECURED HEREBY, THE RELEASE OR FORECLOSURE OF THIS MORTGAGE, OR THE ACCEPTANCE BY THE LENDER OF A DEED IN LIEU OF FORECLOSURE.

9. In the event the indebtedness secured hereby, or any part thereof, is established by or in any action for foreclosure of this mortgage, Lender may also recover of Borrower and/or Undersigned, in addition to the said debt or so much thereof as shall be unpaid, a reasonable sum for attorneys of Lender for professional services rendered in such action, such fee to be incorporated in the judgment of foreclosure in such action.

10. Undersigned shall hold and enjoy the said premises until default in payment of any of the installments as provided in the above recited note or other instrument secured hereby, or a breach of any of the covenants or conditions of the above recited note or other instrument secured hereby, or this mortgage shall be made; however, any agent or employee of Lender or any person designated by Lender may enter upon said premises at any time for the purpose of inspecting same or for any other purpose desired by Lender.

11. All amounts that may hereafter be awarded for condemnation of, and waste and tortious injury to, any of the property hereby encumbered are hereby assigned and shall be payable unto Lender for application, after payment therefrom of attorneys' fees and expenses incurred by Undersigned and by Lender in connection therewith, on such part of the indebtedness secured hereby as Lender may determine, with no duty on Lender to collect same.

12. In the event Lender becomes a party to any legal proceeding (excluding an action to foreclose this mortgage or to collect the debt hereby secured) involving this mortgage or the premises described herein (including but not limited to the title to the lands described above), Lender may also recover of Borrower and/or Undersigned all costs and expenses reasonably incurred by Lender, including reasonable attorneys' fees, which costs, expenses and attorneys' fees when paid by Lender shall become a part of the debt secured hereby and shall be immediately payable upon demand, and shall draw interest from the date of advance by Lender until paid at the highest rate provided in any note or other instrument secured hereby.

13. Undersigned agrees as a condition hereof that all obligations, assignments, releases of real property and/or personal liability, reamortizations, renewals, refinances, extensions, modifications or other rearrangements or any other agreement, in writing, made or entered into by Lender with any one or more of the parties herein designated as Borrower and/or Undersigned, with any party or parties obligated (primarily or otherwise) to pay any or all of the indebtedness secured hereby, or with any party or parties who have given security of any kind for any or all of the indebtedness secured hereby, are hereby authorized and consented to by all parties herein designated as Undersigned and shall extend to and be binding upon the heirs, executors, administrators, successors and assigns of all the parties herein designated as Undersigned.

Instrument                    Vol  Page
201800019539 OR              .420  171

14. Undersigned agrees as a condition hereof that if a conveyance, lease or other disposition should be made voluntarily by Undersigned (or by any one or more of the parties designated herein as Undersigned) of any title or interest in and to the real property described above, or any part thereof, without the written consent of the lawful holder of this mortgage, or if such title or interest of Undersigned (or of any one or more of the parties designated herein as Undersigned) is involuntarily conveyed or transferred as the result of foreclosure of a junior lien or is required under court order or decree as the result of litigation (conveyance or transfer of title or interest resulting from death of Undersigned, or any of the Undersigned, if more than one, excepted), without the written consent of the lawful holder of this mortgage, then and in either of said events, and at the option of said holder, and without notice to Borrower or Undersigned, all sums of money secured hereby shall become due and payable and in default immediately and concurrently with such conveyance, transfer, lease or other disposition, whether the same are so due and payable and in default by the specific terms hereof or not.

15. Lender shall have the right, exercisable at its discretion so long as this mortgage is in force and effect, to demand in writing the assignment of and transfer to Lender, its successors and assigns, and Undersigned hereby agrees to so assign and transfer, any and all rents, profits, royalties, income or other consideration to be paid or accruing to Undersigned from any oil, natural gas, mineral, timber, leasehold or other interest of any kind and nature whatsoever, derived from, connected with or affecting the within described real property but not otherwise subject to, conveyed and/or secured by this mortgage, with the right of, but no duty upon, Lender, its successors or assigns, to collect same.

16. Borrower and/or Undersigned will comply with all the terms and conditions of any instrument heretofore or hereafter executed by Borrower and/or Undersigned in connection with the loan(s) secured by this mortgage.

17. If Borrower or Undersigned (or any of them), their heirs, successors or assigns, or any assumer of the indebtedness hereby secured, files a petition in voluntary bankruptcy, for receivership, for corporation reorganization, or for other debtor relief of any character or kind, or is adjudged a bankrupt, then and in the event, and at the option of the Lender, its successors and assigns, the Lender, without notice to Borrower and/or Undersigned, shall have the right to declare all sums of money secured hereby immediately due and payable and in default whether the same are so due and payable and in default by the specific terms hereof or not.

18. A default under this instrument or under any other instrument heretofore or hereafter executed by Borrower and/or Undersigned to Lender shall at the option of Lender constitute a default under any one or more or all instruments executed by Borrower and/or Undersigned to Lender.

19. An event of default under this instrument will occur if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce or to make possible the production of an agricultural commodity, as provided by 7 CFR Part 12. Upon default, the entire indebtedness secured hereby shall, at the option of the Lender, become immediately due and payable with interest thereon at the billing rate then in effect without notice, and this instrument may be foreclosed accordingly.

20. Undersigned (if the same as Borrower) agrees as a condition hereof to provide current financial statements, including a balance sheet and income statement, in a form acceptable to Lender, as may be requested by Lender or Borrower while the indebtedness secured hereby or any other indebtedness from Borrower to Lender is outstanding.

21. It is understood and agreed that all advances heretofore, now and hereafter made by Lender to Borrower, and all indebtedness now and hereafter owed by Borrower to Lender, and any other present or future indebtedness or liability of Borrower to Lender, whether as principal debtor, surety, guarantor, endorser or otherwise, will be secured by this instrument until it is satisfied of record. It is further understood and agreed that Lender, at the written request of Borrower or Undersigned, will satisfy this mortgage whenever: (1) Borrower owes no indebtedness to Lender, (2) Borrower has no liability to Lender, and (3) Lender has not agreed to make any further advances to Borrower.

22. All rights, powers, privileges, options and remedies conferred upon and given to Lender are cumulative of all other remedies and rights allowed by law, and may be pursued concurrently, and shall extend to and may be exercised and enjoyed by the successors and assigns of Lender, and by any agent, officer, attorney or representative of, Lender, its successors or assigns. All obligations of, and assignments by, Undersigned herein and hereunder shall extend to and be binding upon the heirs, executors, administrators, successors and assigns of Undersigned.

Instrument
201800049539 OR    Vol Page
420   123

23. The laws of South Carolina provide that in certain real estate foreclosure proceedings a defendant against whom a personal judgment is taken or asked may within thirty days after the sale of the mortgaged property apply to the court for an order of appraisal. The statutory appraisal value as approved by the court would be substituted for the high bid and may decrease the amount of any deficiency owing in connection with the transaction. UNDERSIGNED, EXCEPT TO THE EXTENT PROHIBITED BY LAW, HEREBY WAIVES AND RELINQUISHES THE STATUTORY APPRAISAL RIGHTS WHICH MEANS THE HIGH BID AT THE JUDICIAL FORECLOSURE SALE WILL BE APPLIED TO THE DEBT REGARDLESS OF ANY APPRAISED VALUE OF THE MORTGAGED PROPERTY. This waiver shall not apply so long as the property is used as a dwelling place as described in §12-37-250 of the South Carolina Code of Laws.

HOMESTEAD WAIVER. THE UNDERSIGNED WAIVES ALL RIGHTS OF HOMESTEAD EXEMPTION IN THE PROPERTY TO THE EXTENT ALLOWED BY APPLICABLE LAW.

THIS MORTGAGE IS EXECUTED BY THE MORTGAGOR IN FAVOR OF, AND THE TERM "MORTGAGEE" AS USED HEREIN SHALL INCLUDE, ArborOne, ACA, FOR ITSELF AND AS AGENT/NOMINEE FOR ANY PARTY PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES ArborOne, FLCA AND ArborOne, PCA, AS THEIR INTERESTS MAY APPEAR.

IN WITNESS WHEREOF, Undersigned has hereunto set his hand and seal (and if Undersigned is or includes a corporation, it has caused this instrument to be executed, sealed by its corporate seal and delivered by its duly authorized officers), this the day and year first above written.

Signed, Sealed and Delivered in the presence of:

_____
WITNESS

_____
WITNESS

_____  (SEAL)
Terry W Strickland, Borrower/ Mortgagor  a/k/a Terry Wayne Strickland

_____  (SEAL)
Mattie C Strickland, Borrower/Mortgagor

_____  (SEAL)

_____  (SEAL)

_____  (SEAL)

_____  (SEAL)

_____  (SEAL)

_____  (SEAL)

_____  (SEAL)

_____  (SEAL)

D01310SC (0817)                        Page 6 of 7

Instrument
201800049538-OR    Vol.  Page
420    173

IT IS NOT NECESSARY TO RECORD A WRITTEN ASSIGNMENT OF A MORTGAGE BETWEEN
FARM CREDIT INSTITUTIONS IN THE RECORDING OFFICE IN THE COUNTY WHERE THE
REAL PROPERTY IS LOCATED TO PERFECT A VALID ASSIGNMENT AND SECURITY
INTEREST THEREIN,

————————————[Space Below This Line For Acknowledgement]————————————

State of SOUTH CAROLINA

County of _Horry_

The foregoing instrument was acknowledged before me this _20th day of June 2018_
(date).

by _Terry W. Strickland n/k/a Terry Wayne Strickland and Mattie C Strickland_

(names of persons acknowledging)

_Lynette Rogers Hedgepath_
Signature of Person Taking Acknowledgment

_Lynette Rogers Hedgepath_
Print Name of Person Taking Acknowledgement

_Notary Public For SC._
Title or Rank

_4/08/2026_
Serial Number, if any

(Seal or Stamp)

Schedule A                          237966-33

Instrument    Vol  Page
All that certain piece, parcel or tract of land lying and being situate in  491   174
Marion Township, County of Marion and State of South Carolina
containing Fifty-Three (53) acres, more or less, and being bounded as
follows, to wit:  On the North by Joe C. Daniel; on the East by a county
road; on the West by a county road and on the South by lands of Shelley.

This being the identical tract of land conveyed to the mortgagors by deed
of Tolman C. Lennon, Jr. and Sandra Lennon dated March 22, 2012 and
recorded in the office of the Clerk of Court for Marion County in Volume
194 at Page 170 .

This property is subject to an Agricultural Conservation Easement to the
Marion Soil and Water Conservation District dated June 22, 2005, and
recorded in the office of the Clerk of Court for Marion County in Deed
Book A-533 at Page 214, said easement being incorporated herein by
specific reference thereto.

TMS # 044-00-06-03-00-00

# EXHIBIT 11

SECURITY AGREEMENT

THIS SECURITY AGREEMENT, made 08/14/2010, by and between ArborOne, ACA , hereinafter called "Secured Party," and the undersigned Debtor (as defined herein).

IN CONSIDERATION OF any loan or other financial accommodation heretofore, now or hereafter made or granted by Secured Party to Terry Wayne Strickland hereinafter (whether one or more) called "Borrower," in the amount of Seventy Thousand Two Hundred Sixty Five and 00/100 Dollars ($70,265.00) (for which Borrower has executed a note(s), which hereby is (are) expressly made a part hereof), and to secure the repayment of each loan(s), and of all additional loans and advances that may be made, in the sole discretion of Secured Party, by Secured Party to Borrower, and all renewals, reamortizations, deferments, modifications, and extensions thereof, and all other indebtedness of Borrower to Secured Party, now due or to become due or hereafter to be contracted, with all interest hereon and costs of collection including reasonable attorneys' fees, the undersigned, Terry Wayne Strickland, Strickland Farms of Green Sea, Inc, Charlene E Strickland and William Scott Strickland, hereinafter called "Debtor" (whether one or more; provided however, where Debtor and Borrower are not the same person, the term "Debtor" as used herein shall mean the owner of the collateral when dealing with the collateral, Borrower when dealing with the obligation or debt, and may include both where the context so requires), hereby sells, conveys and grants unto Secured Party, its successors and assigns, pursuant to the Uniform Commercial Code – Secured Transactions Act (the "UCC"), as adopted in SC (the "State"), a security interest in the following described

See Attached Schedule A

all personal property hereafter acquired with the proceeds of the foregoing described loan(s) and the foregoing described additional loans and advances;

all property, goods and chattels of the same classes as those hereinabove described which are acquired by Debtor subsequent to the execution of this agreement and prior to its termination, including all increases, substitutions and replacements thereof and additions and accessions thereto, wherever located;

if above, collateral includes livestock, all hay, grass and grain and other feed and forage, owned by Debtor, located on and/or planted and growing and that may be planted and grown on the lands hereinabove described; and,

all products and proceeds of the foregoing.

Debtor warrants title to the Collateral herein described and that Debtor owns it free and clear of all liens, encumbrances and claims and prior security interests, and that Debtor will defend the title thereto in favor of Secured Party; further, that Debtor will not sell or otherwise dispose of the Collateral without the prior written consent of Secured Party. Debtor represents that its exact legal name is as set forth in the first paragraph of this agreement and that its chief executive office is located in the state of SC. Debtor represents that, if an individual, his or her state of residence is, or if a corporation, limited liability company, limited liability partnership, or limited partnership, its state of incorporation or organization is, or if a partnership or other business organization as to which neither the United States of America nor any single state thereof must maintain a public record allowing its organization, the state in which its chief executive office is located is the state of SC (the "Debtor State"). Debtor, if an organization, will immediately notify Secured Party, in writing, of any addition to, change in or discontinuance of its chief executive office. If an individual, Debtor will immediately notify Secured Party of any change in its state of principal residence. Debtor will notify Secured Party, with thirty (30) days prior written notice, of any change to its legal name. Debtor represents that the Collateral, as well as Debtor's books and records, will be kept at the following premises of Debtor in the following state(s) (the "Collateral States"): South Carolina.

Debtor will at Secured Party's request from time to time execute financing statements pursuant to the UCC. Debtor hereby authorizes Secured Party from time to time to file a financing statement or financing statements (expressly including continuation statements thereof, describing the Collateral and containing any information required for the sufficiency or filing office acceptance thereof. Debtor will reimburse Secured Party for the cost of filing any such financing and continuation statements on demand. Where Collateral is in the possession of a third party, Debtor will join with Secured Party in notifying the third party of Secured Party's security interest and obtaining an acknowledgment from the third party that it is holding the Collateral for the benefit of Secured Party. Debtor will cooperate with Secured Party in obtaining control with respect to Collateral consisting of (i) deposit accounts, (ii) investment property, (iii) letter-of-credit rights, and (iv) electronic chattel paper. If the Collateral includes chattel paper, Debtor will not create any chattel paper without placing a legend thereon acceptable to Secured Party indicating that Secured Party has a security interest in said chattel paper. Debtor will execute from time to time any documents and shall take such action as shall be required by Secured Party to perfect the security interest granted herein or to effectuate the purposes of this agreement.

A default under this instrument or under any other instrument heretofore or hereafter executed by Debtor to Secured Party, or a default by Debtor under any instrument(s) constituting a lien prior to the lien of this instrument, shall, at the option of Secured Party, constitute a default under this agreement and any one or more of any and all other instruments executed by Debtor in favor of Secured Party.

In the event that a default under this agreement shall occur by reason of a default under any other instrument as stated above, or Debtor shall fail to make any payment when due under any note secured hereby, or Debtor shall breach any representation, covenant or undertaking made herein, or any of the Collateral shall be diminished or is in danger of loss, removal or destruction, or Secured Party shall deem itself to be insecure, Secured Party, its successors and assigns, may, without notice, declare all of the indebtedness secured hereby due, and Secured Party shall have all the rights, remedies and privileges with respect to repossession, retention and sale of the Collateral and disposition of the proceeds as are accorded to a secured party upon default by the applicable sections of the UCC. In conjunction with, addition to or substitution for those rights, Secured Party, at its discretion, may enter on premises wherever any of the Collateral may be, take possession thereof and sell or otherwise dispose of the same. Secured Party may require Debtor to assemble the Collateral and make it available to Secured Party at a place to be designated by Secured Party reasonably convenient to both parties. (Debtor agrees that the office of Secured Party is a place reasonably convenient for such assembling). Debtor shall promptly pay all costs of Secured Party of collection of any and all of the liabilities and enforcement of rights hereunder, including reasonable attorneys' fees and legal expenses, and further including such fees and expenses incurred in bankruptcy and on appeal. If Collateral is perishable or threatens to decline rapidly in value or is of a type customarily sold on a recognized market, the Collateral may be sold without notice to Debtor. Otherwise, Secured Party will give Debtor reasonable notice of the time and place of any public sale thereof or of the time after which any private sale or any other intended disposition is to be made. The requirements of reasonable notice will be met if the notice is mailed, postage prepaid, to the address of the Debtor at least ten (10) days before the time of sale or disposition.

G131029A (0101)

Page 1 of 7




Secured Party may comply with any applicable state or Federal law requirements in connection with a disposition of the Collateral, and compliance will not be considered adversely to affect this commercial reasonableness of any sale or other disposition of the Collateral. Secured Party may sell the Collateral without giving any warranties as to the Collateral, including any warranties of title or the like, and may such disclaimer will not be considered adversely to affect the commercial reasonableness of any sale of the Collateral.

In the event Secured Party becomes a party to any legal proceeding involving this Instrument or the Collateral, Secured Party may also recover from Debtor all costs and expenses reasonably incurred by Secured Party, including reasonable attorneys' fees, such costs, expenses and attorneys' fees shall become a part of the debt secured hereby and shall be immediately payable upon demand and shall draw interest from the date of advance by Secured Party until paid at the highest rate provided in any note or other instruments secured hereby.

Except as otherwise provided in this paragraph, any term defined in the UCC and used but not defined in this agreement has the meaning when used herein given to such term in the UCC. Any item or an item or type of property for which a definition is given and that is used but not defined in this agreement shall have the meaning in any jurisdiction the UCC is or becomes applicable to this agreement. No reference to "proceeds" in this agreement authorizes any sale, transfer or other disposition of the Collateral by Debtor. All of Secured Party's rights hereunder shall inure to the benefit of its successors and assigns, and all obligations of Debtor shall be binding on Debtor's successors and assigns and upon all persons who shall become bound as a debtor to this agreement, but Debtor may not assign any of its rights or obligations under this agreement without Secured Party's prior written consent. This agreement is being executed in the State and shall be governed by and construed and enforced in accordance with the laws of the State.

THIS DOCUMENT IS EXECUTED BY DEBTOR IN FAVOR OF, AND THE TERM "SECURED PARTY" AS USED HEREIN SHALL INCLUDE, ArborOne, ACA FOR ITSELF AND/OR AS AGENT/NOMINEE FOR ANY PARTY PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES ArborOne, FLCA AND ArborOne, PCA, AS THEIR INTERESTS MAY APPEAR. AT THE OPTION OF SECURED PARTY, ANY DEFAULT UNDER THE TERMS AND CONDITIONS OF ANY OTHER WRITTEN INSTRUMENT EXECUTED BY DEBTOR (MEANING IN THIS CONTEXT THE OWNER OF THE COLLATERAL OR BORROWER OR BOTH) AND OWNED, HELD OR SERVICED BY SECURED PARTY IN ANY OF THE AFORESAID CAPACITIES SHALL CONSTITUTE A DEFAULT UNDER THIS DOCUMENT.

IN WITNESS WHEREOF, the undersigned have caused this Security Agreement to be executed the day and year aforesaid.

DEBTOR:

Strickland Farms of Green Sea, Inc.

By: _____ (SEAL)
Terry Wayne Strickland, President

Attest: _____ (SEAL)
Charlene E Strickland, Secretary

Attest: _____ (SEAL)
William Scott Strickland, Vice President

_____ (SEAL)
Terry Wayne Strickland

_____ (SEAL)
Charlene E Strickland

_____ (SEAL)
William Scott Strickland

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

SECURED PARTY:

ArborOne, ACA

Name: Clay M Ward

Signature: _____    Title: Account Officer

G131025A (01-01)                          Page 2 of 2

SCHEDULE A
COLLATERAL DESCRIPTION

Debtor: Strickland Farms of Green Sea, Inc., Terry Wayne Strickland, William Scott Strickland, & Charlene E Strickland

Secured Party: ArborOne, ACA for itself and as agent/nominee for ArborOne, FCA and ArborOne, FLCA (f/k/a Pee Dee Farm Credit, ACA for itself and as agent/nominee for Pee Dee Farm Credit, PCA and Pee Dee Farm Credit, FLCA)

Debtor has granted to Secured Party security interests in the property indicated below, now owned or hereafter acquired, wherever located, which property shall be defined in accordance with the South Carolina Uniform Commercial Code revised and effective as of July 1, 2001 (the "Code") at section 36-9-102 and related provisions cited therein:

| | | |
|---|---|---|
| X | 1. | Equipment |
| ___ | 2. | Fixtures affixed or to be affixed to the real property described on Schedule B attached hereto and made a part hereof; |
| ___ | 3. | Inventory; |
| ___ | 4. | Farm Products; |
| X | 5. | Crops; |
| ___ | 6. | Livestock and its progeny; |
| ___ | 7. | Standing Timber to be Cut on the real property described on Schedule C attached hereto and made a part hereof; |
| ___ | 8. | As-Extracted Collateral from the real property described on Schedule D attached hereto and made a part hereof; |
| ___ | 9. | Manufactured Homes; |
| ___ | 10. | Instruments; |
| ___ | 11. | Promissory Notes; |
| ___ | 12. | Documents; |
| ___ | 13. | Tangible Chattel Paper; |
| ___ | 14. | Electronic Chattel Paper; |
| ___ | 15. | Accounts; |
| ___ | 16. | General Intangibles; |
| ___ | 17. | Payment Intangibles |
| ___ | 18. | Software; |
| ___ | 19. | Deposit Accounts; |
| ___ | 20. | Letter of Credit Rights; |
| ___ | 21. | Investment Property; |
| ___ | 22. | All of Debtor's rights in that certain claim against _____ for _____ ; |
| ___ | 23. | Supporting Obligations; |
| ___ | 24. | All rights to payment, now or hereafter owing, to the Debtor from entitlement programs of every kind, both federal and state; and |
| ___ | 25. | All Association Equity: All stock, participation certificates and allocated surplus credits, including rights thereto, now or hereafter issued by Security Party. |

As well as any and all products or proceeds of any of the above, in any form, including, without limitation, insurance proceeds;

# ADDENDUM TO SECURITY AGREEMENT

Addendum to Security Agreement dated 08/14/2010 _____ (the "Security Agreement").

WHEREAS, Terry Wayne Strickland, Strickland Farms of Green Sea, Inc, Charlene E Strickland and William Scott Strickland (the "Debtor" whether one or more; provided that where Debtor and Borrower [as defined herein] are not the same person, the term "Debtor" as used herein shall mean the owner of the Collateral [as defined in the above Security Agreement] when dealing with said Collateral, Borrower [as defined herein] when dealing with the obligation or debt secured thereby, and may include both where the context so requires) has previously or herewith delivered to ArborOne, ACA (the "Secured Party") the above Security Agreement granting to Secured Party a security interest in certain farm products (the "Collateral") described therein as collateral security for money borrowed from Secured Party by Terry Wayne Strickland ("Borrower").

WHEREAS, Debtor hereby agrees that the following additional terms and conditions are hereby made a part of the Security Agreement and this Addendum is specifically incorporated therein by reference.

1. Debtor hereby furnishes to Secured Party the following listing of potential Buyers, Commission Merchants and Sales Agents, and represents to Secured Party that such listing contains the names and addresses of each and every Buyer, Commission Merchant or Sales Agent to or through whom Debtor may sell all or any portion of the farm products Collateral described in the Security Agreement. [NOTE: If more space is needed, please indicate that a schedule is attached and list additional information on the schedule to this addendum]

Name *Phillip Morris USA*          Complete Mailing Address

Designate as a "Buyer","Commission Merchant" or "Sales Agent"     Farm Product *Tobacco*

Name                              Complete Mailing Address

Designate as a "Buyer","Commission Merchant" or "Sales Agent"     Farm Product

Name *American Tobacco Exchange*   Complete Mailing Address *PO Box 234 Wilson NC 27894*

Designate as a "Buyer","Commission Merchant" or "Sales Agent"     Farm Product *Tobacco*

Name *Cargill*                     Complete Mailing Address *Fayetteville, NC*

Designate as a "Buyer","Commission Merchant" or "Sales Agent"     Farm Product *Soybean*

Name *Murphy Brown*                Complete Mailing Address *Bladenboro, NC*

Designate as a "Buyer","Commission Merchant" or "Sales Agent"     Farm Product *Corn*

Name                              Complete Mailing Address

Designate as a "Buyer","Commission Merchant" or "Sales Agent"     Farm Product

Name                              Complete Mailing Address

Designate as a "Buyer","Commission Merchant" or "Sales Agent"     Farm Product

Debtor agrees to update the above list by notifying Secured Party in writing of the name and address of any additional Buyer(s), Commission Merchant(s) or Sales Agent(s) to or through whom Debtor may sell any portion of the Collateral immediately upon becoming aware of such additional person(s), but in no event later than seven (7) days prior to any sale to or through such person(s).

G13302SA (0000)                    Page 1 of 2     

2.    Debtor understands that if any farm products included in the Collateral are sold to or through any person not included in the above list or in a subsequent written notice delivered to Secured Party in a timely manner as provided above, and if Secured Party has not received an accounting (including the proceeds) of such sale within ten (10) days after such sale, then UNDER FEDERAL LAW DEBTOR SHALL BE SUBJECT TO A FINE IN THE AMOUNT OF $5,000 OR 15% OF THE VALUE OR BENEFIT RECEIVED FROM SUCH SALE, WHICHEVER IS GREATER. In addition, if Debtor fails to provide written notice and if Secured Party has not received an accounting as aforesaid, such failure shall constitute an Event of Default hereunder.

3.    Debtor hereby authorizes Secured Party, at its option, to give oral or written notice of its security interest (including the amount secured thereby), in the Collateral, to any person to or through whom Debtor may potentially sell any portion of the Collateral (whether or not such person has been identified by Debtor to Secured Party as a potential buyer, Commission Merchant or Sales Agent). Debtor agrees to pay to Secured Party immediately upon its request all Secured Party's mailing and postage expenses incurred in connection with sending such notices.

4.    Debtor understands and agrees that the provisions contained in this Addendum are intended to enable Secured Party to protect its security interest in the Collateral, and nothing herein is intended or should be interpreted to constitute a consent by Secured Party to any sale of the Collateral to any person, or to modify or amend the terms of the Security Agreement relating to the sale of the Collateral. Except as supplemented by this Addendum, the Security Agreement shall remain in full force and effect in accordance with its terms.

THIS DOCUMENT IS EXECUTED BY DEBTOR IN FAVOR OF, AND THE TERM "SECURED PARTY" AS USED HEREIN SHALL INCLUDE, ArborOne, ACA FOR ITSELF AND/OR AS AGENT/NOMINEE FOR ANY PARTY PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES ArborOne, FLCA AND ArborOne, PCA, AS THEIR INTERESTS MAY APPEAR. AT THE OPTION OF SECURED PARTY, ANY DEFAULT UNDER THE TERMS AND CONDITIONS OF ANY OTHER WRITTEN INSTRUMENT EXECUTED BY DEBTOR (MEANING IN THIS CONTEXT THE OWNER OF THE COLLATERAL OR BORROWER OR BOTH) OWNED, HELD OR SERVICED BY SECURED PARTY IN ANY OF THE AFORESAID CAPACITIES SHALL CONSTITUTE A DEFAULT UNDER THIS DOCUMENT.

Executed the 25    day of May    , 2018

DEBTOR:

Strickland Farms of Green Sea, Inc.

By: _____ (SEAL)
Terry Wayne Strickland, President

Attest: _____ (SEAL)
William Scott Strickland, Vice President

Attest: _____ (SEAL)
Charlene E Strickland, Secretary

_____ (SEAL)
Terry Wayne Strickland

_____ (SEAL)
Charlene E Strickland

_____ (SEAL)
William Scott Strickland

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

# EXHIBIT 12

# UCC-1

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Tonya Adams                                         8436621527

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

```
ArborOne ACA
800 Woody Jones Boulevard

Florence, SC 29501
```

SC SECRETARY OF STATE
130312-1332538
Lapse Date: 03/12/2018
Date:        3/12/2013
Time:        1:32 PM
Page Count:  1 Pg
Debtor Count: 1
Filing Fees:  $8.00
Electronic
Records Access:  $8.00
Total:       $16.00
Order ID#

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | | |
|---|---|---|---|---|
| **1a. ORGANIZATION'S NAME** Strickland Farms of Green Sea, Inc. | | | | |
| OR | **1b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |

| **1c. MAILING ADDRESS** 6470 Strickland Rd | CITY Green Sea | STATE SC | POSTAL CODE 29545 | COUNTRY US |
|---|---|---|---|---|

| **1d. TAX ID# (Organizations)** DO NOT USE | ADD'L INFO RE ORGANIZATION DEBTOR | **1e. TYPE OF ORGANIZATION** OTH | **1f. JURISDICTION OF ORGANIZATION** SC | **1g. ORGANIZATIONAL ID #, if any** □ NONE |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | | |
|---|---|---|---|---|
| **2a. ORGANIZATION'S NAME** | | | | |
| OR | **2b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |

| **2c. MAILING ADDRESS** | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| **2d. TAX ID# (Organizations)** DO NOT USE | ADD'L INFO RE ORGANIZATION DEBTOR | **2e. TYPE OF ORGANIZATION** | **2f. JURISDICTION OF ORGANIZATION** | **2g. ORGANIZATIONAL ID #, if any** □ NONE |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| **3a. ORGANIZATION'S NAME** ArborOne ACA | | | | |
| OR | **3b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |

| **3c. MAILING ADDRESS** 800 Woody Jones Boulevard | CITY Florence | STATE SC | POSTAL CODE 29501 | COUNTRY US |
|---|---|---|---|---|

**4. This FINANCING STATEMENT covers the following collateral:**
2006 GVM Prowler Model #GVM9275 Serial # RC-07114T11

| 5. ALTERNATIVE DESIGNATION [if applicable]: | □ LESSEE/LESSOR | □ CONSIGNEE/CONSIGNOR | □ BAILEE/BAILOR | □ SELLER/BUYER | □ AG. LIEN | □ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. □ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) | | | NOT USED | |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

# UCC-3

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Kelsey Horton                    8434322337

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

ArborOne

800 Woody Jones Blvd

Florence, SC 29501

SC SECRETARY OF STATE    S
180119-1038097
Lapse Date: 03/12/2023
Date:        1/19/2018
Time:        10:38 AM
Page Count:  1 Pg
Debtor Count: 0
Filing Fees:  $8.00
Electronic
Records Access: $8.00
Total:        $16.00
Order ID#:

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1a. INITIAL FINANCING STATEMENT FILE NUMBER
130312-1332538    *Strickland Farms*

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement.

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☒ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:                    AND    Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION:  Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ **COLLATERAL CHANGE:**  Also check one of these four boxes:  ☐ ADD collateral    ☐ DELETE collateral    ☐ RESTATE covered collateral    ☐ ASSIGN collateral

Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| ARBORONE, ACA | | | |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:

SOUTH CAROLINA SECRETARY OF STATE'S OFFICE, 1205 Pendleton Street Suite 525, Columbia, SC 29201    (Rev. 07/01/13)

# UCC-1

## UCC FINANCING STATEMENT
### FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Tonya Adams                    8436621527

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

ArborOne ACA
800 Woody Jones Boulevard

Florence, SC 29501

SC SECRETARY OF STATE
160720-0811011
Lapse Date: 07/20/2021
Date: 7/20/2016
Time: 8:11 AM
Page Count: 4 Pg
Debtor Count: 4
Filing Fees: $15.00
Electronic Records Access: $8.00
Total: $23.00
Order ID#

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only **one** Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Strickland Farms of Green Sea, Inc | | | | |
| OR  1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 6470 Strickland Rd | Green Sea | SC | 29545 | US |

**2. DEBTOR'S NAME:** Provide only **one** Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR  2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| Strickland | Terry | Wayne | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 6470 Strickland Rd | Green Sea | SC | 29545 | US |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only **one** Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| ArborOne ACA | | | | |
| OR  3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 800 Woody Jones Boulevard | Florence | SC | 29501 | US |

**4. COLLATERAL:** This financing statement covers the following collateral:

See attached Schedule A

See attachment.

**5. Check only** if applicable and check **only** one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a. Check only** if applicable and check **only** one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

**6b. Check only** if applicable and check **only** one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**

SOUTH CAROLINA SECRETARY OF STATE'S OFFICE, 1205 Pendleton Street Suite 525 Columbia, SC 29201                    (Rev. 07/01/13)

# UCC FINANCING STATEMENT ADDENDUM    UCC-1Ad

FOLLOW INSTRUCTIONS

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

| 9a. ORGANIZATION'S NAME |
|---|
| Strickland Farms of Green Sea, Inc |

OR

| 9b. INDIVIDUAL'S SURNAME |
|---|
| |

| FIRST PERSONAL NAME |
|---|
| |

| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|
| | |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

SC SECRETARY OF STATE
160720-0811011

Date:    7/20/2016
Time:    8:11 AM
Page Count:    4 Pg
Debtor Count:    4
Filing Fees:    $15.00
Electronic Records Access:    $8.00
Total:    $23.00
Order ID#

**10. DEBTOR'S NAME:** Provide (10a or 10b) only **one** additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| 10a. ORGANIZATION'S NAME |
|---|
| |

OR

| 10b. INDIVIDUAL'S SURNAME |
|---|
| Strickland |

| INDIVIDUAL'S FIRST PERSONAL NAME |
|---|
| Charlene |

| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|
| E | |

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6470 Strickland Rd | Green Sea | SC | 29545 | US |

**11.** ☐ ADDITIONAL SECURED PARTY'S NAME  **or**  ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only **one** name (11a or 11b)

| 11a. ORGANIZATION'S NAME |
|---|
| |

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):**

**13.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

**14.** This FINANCING STATEMENT:
☐ covers timber to be cut    ☐ covers as-extracted collateral    ☐ is filed as a fixture filing

**15.** Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

**16.** Description of real estate:

**17. MISCELLANEOUS:**

SOUTH CAROLINA SECRETARY OF STATE'S OFFICE, 1205 Pendleton Street Suite 525 Columbia, SC 29201    (Rev. 07/01/13)

# UCC FINANCING STATEMENT ADDENDUM    UCC-1Ad

FOLLOW INSTRUCTIONS

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

**9a. ORGANIZATION'S NAME**
Strickland Farms of Green Sea, Inc

OR

**9b. INDIVIDUAL'S SURNAME**

**FIRST PERSONAL NAME**

**ADDITIONAL NAME(S)/INITIAL(S)**    SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

SC SECRETARY OF STATE
160720-0811011
Date: 7/20/2016
Time: 8:11 AM
Page Count: 4 Pg
Debtor Count:
Filing Fees: $15.00
Electronic Records Access: $8.00
Total: $23.00
Order ID#:

**10. DEBTOR'S NAME:** Provide (10a or 10b) only <u>one</u> additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

**10a. ORGANIZATION'S NAME**

OR

**10b. INDIVIDUAL'S SURNAME**
Strickland

**INDIVIDUAL'S FIRST PERSONAL NAME**
William

**INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)**    SUFFIX
Scott

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6470 Strickland Rd | Green Sea | SC | 29545 | US |

**11.** ☐ ADDITIONAL SECURED PARTY'S NAME <u>or</u> ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only <u>one</u> name (11a or 11b)

**11a. ORGANIZATION'S NAME**

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):**

**13.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

**14. This FINANCING STATEMENT:**
☐ covers timber to be cut    ☐ covers as-extracted collateral    ☐ is filed as a fixture filing

**15.** Name and address of a RECORD OWNER of real estate described in Item 16 (if Debtor does not have a record interest):

**16.** Description of real estate:

**17. MISCELLANEOUS:**

SOUTH CAROLINA SECRETARY OF STATE'S OFFICE, 1205 Pendleton Street Suite 525 Columbia, SC 29201    (Rev. 07/01/13)

Acknowledgement Copy

## SCHEDULE A
## COLLATERAL DESCRIPTION

Debtor:         Strickland Farms of Green Sea Inc., Terry Wayne Strickland, Charlene E
                Strickland and William Scott Strickland_____

Secured Party:  ArborOne, ACA for itself and as agent/nominee for ArborOne, PCA and
                ArborOne, FLCA (f/k/a Pee Dee Farm Credit, ACA for itself and as
                agent/nominee for Pee Dee Farm Credit, PCA and Pee Dee Farm Credit,
                FLCA)

Debtor has granted to Secured Party security interests in the property indicated below, now owned or
hereafter acquired, wherever located, which property shall be defined in accordance with the South
Carolina Uniform Commercial Code revised and effective as of July 1, 2001 (the "Code") at section 36-9-
102 and related provisions cited therein:

| X | 1. | Equipment |
| | 2. | Fixtures affixed or to be affixed to the real property described on Schedule B attached hereto and made a part hereof; |
| | 3. | Inventory; |
| | 4. | Farm Products; |
| X | 5. | Crops; |
| | 6. | Livestock and its progeny; |
| | 7. | Standing Timber to be Cut on the real property described on Schedule C attached hereto and made a part hereof; |
| | 8. | As-Extracted Collateral from the real property described on Schedule D attached hereto and made a part hereof; |
| | 9. | Manufactured Homes; |
| | 10. | Instruments; |
| | 11. | Promissory Notes; |
| | 12. | Documents; |
| | 13. | Tangible Chattel Paper; |
| | 14. | Electronic Chattel Paper; |
| | 15. | Accounts; |
| | 16. | General Intangibles; |
| | 17. | Payment Intangibles; |
| | 18. | Software; |
| | 19. | Deposit Accounts; |
| | 20. | Letter of Credit Rights; |
| | 21. | Investment Property; |
| | 22. | All of Debtor's rights in that certain claim against _____ for _____; |
| | 23. | Supporting Obligations; |
| | 24. | All rights to payment, now or hereafter owing, to the Debtor from entitlement programs of every kind, both federal and state; and |
| | 25. | All Association Equity: All stock, participation certificates and allocated surplus credits, including rights thereto, now or hereafter issued by Security Party. |

As well as any and all products or proceeds of any of the above, in any form, including, without
limitation, insurance proceeds.

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

ArborOne, ACA

800 Woody Jones Blvd
Florence          SC    29501-

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Strickland | Terry | Wayne | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6470 Strickland Rd | Green Sea | SC | 29545 | U.S.A |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Strickland Farms of Green Sea, Inc | | | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6470 Strickland Rd | Green Sea | SC | 29545 | U.S.A |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | Corporation | SC | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| ArborOne, ACA | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 800 Woody Jones Blvd | Florence | SC | 29501- | U.S.A |

**4.** This FINANCING STATEMENT covers the following collateral:

**See Attached Schedule A**

**5. ALTERNATIVE DESIGNATION (if applicable)** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]    **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

100702-1022281    UCC-1 FINANCING STATEMENT
Lapse Date: 07/02/2015 10:22:28  Filing Fee: 14 ORIG

FILING OFFICE COPY - UCC FINANCING STATEMENT (FORM

D18602UC

## UCC FINANCING STATEMENT ADDITIONAL PARTY

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

19. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT

19a. ORGANIZATION'S NAME

OR

| 19b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,    SUFFIX |
|---|---|---|
| Strickland | Terry | Wayne |

20. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**21. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one name (21a or 21b) - do not abbreviate or combine names

21a. ORGANIZATION'S NAME

OR

| 21b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 21c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY U.S.A |
|---|---|---|---|---|
| | | | | |

| 21d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 21e. TYPE OF ORGANIZATION | 21f. JURISDICTION OF ORGANIZATION | 21g. ORGANIZATIONAL ID #, if any          ☐ NONE |
|---|---|---|---|---|

**22. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one name (22a or 22b) - do not abbreviate or combine names

22a. ORGANIZATION'S NAME

OR

| 22b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Strickland | William | Scott | |

| 22c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY U.S.A |
|---|---|---|---|---|
| 6470 Strickland Rd. | Green Sea | SC | 29545 | |

| 22d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 22e. TYPE OF ORGANIZATION | 22f. JURISDICTION OF ORGANIZATION | 22g. ORGANIZATIONAL ID #, if any          ☐ NONE |
|---|---|---|---|---|

**23. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one name (23a or 23b) - do not abbreviate or combine names

23a. ORGANIZATION'S NAME

OR

| 23b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Strickland | Charlene | E | |

| 23c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY U.S.A |
|---|---|---|---|---|
| 6470 Strickland Rd. | Green Sea | SC | 29545 | |

| 23d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 23e. TYPE OF ORGANIZATION | 23f. JURISDICTION OF ORGANIZATION | 23g. ORGANIZATIONAL ID #, if any          ☐ NONE |
|---|---|---|---|---|

**24. ADDITIONAL SECURED PARTY'S NAME** (or Name of TOTAL ASSIGNEE) - Insert only one name (24a or 24b)

24a. ORGANIZATION'S NAME

OR

| 24b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 24c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY U.S.A |
|---|---|---|---|---|
| | | | | |

**25. ADDITIONAL SECURED PARTY'S NAME** (or Name of TOTAL ASSIGNEE) - Insert only one name (25a or 25b)

25a. ORGANIZATION'S NAME

OR

| 25b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 25c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY U.S.A |
|---|---|---|---|---|
| | | | | |

UCC FINANCING STATEMENT ADDITIONAL PARY (FORM UCC1AP) (REV. 05/22/02)

D33502UC (0307)

## SCHEDULE A
### COLLATERAL DESCRIPTION

Debtor:    <u>Strickland Farms of Green Sea, Inc., Terry Wayne Strickland, William
Scott Strickland, & Charlene E Strickland</u>

Secured Party:    ArborOne, ACA for itself and as agent/nominee for ArborOne, PCA and
ArborOne, FLCA (f/k/a Pee Dee Farm Credit, ACA for itself and as
agent/nominee for Pee Dee Farm Credit, PCA and Pee Dee Farm Credit,
FLCA)

Debtor has granted to Secured Party security interests in the property indicated below, now owned or
hereafter acquired, wherever located, which property shall be defined in accordance with the South
Carolina Uniform Commercial Code revised and effective as of July 1, 2001 (the "Code") at section 36-9-
102 and related provisions cited therein:

| | | |
|---|---|---|
| X | 1. | Equipment |
| ___ | 2. | Fixtures affixed or to be affixed to the real property described on <u>Schedule B</u> attached hereto and made a part hereof; |
| ___ | 3. | Inventory; |
| ___ | 4. | Farm Products; |
| X | 5. | Crops; |
| ___ | 6. | Livestock and its progeny; |
| ___ | 7. | Standing Timber to be Cut on the real property described on <u>Schedule C</u> attached hereto and made a part hereof; |
| ___ | 8. | As-Extracted Collateral from the real property described on <u>Schedule D</u> attached hereto and made a part hereof; |
| ___ | 9. | Manufactured Homes; |
| ___ | 10. | Instruments; |
| ___ | 11. | Promissory Notes; |
| ___ | 12. | Documents; |
| ___ | 13. | Tangible Chattel Paper; |
| ___ | 14. | Electronic Chattel Paper; |
| ___ | 15. | Accounts; |
| ___ | 16. | General Intangibles; |
| ___ | 17. | Payment Intangibles; |
| ___ | 18. | Software; |
| ___ | 19. | Deposit Accounts; |
| ___ | 20. | Letter of Credit Rights; |
| ___ | 21. | Investment Property; |
| ___ | 22. | All of Debtor's rights in that certain claim against _____ for _____; |
| ___ | 23. | Supporting Obligations; |
| ___ | 24. | All rights to payment, now or hereafter owing, to the Debtor from entitlement programs of every kind, both federal and state; and |
| ___ | 25. | All Association Equity: All stock, participation certificates and allocated surplus credits, including rights thereto, now or hereafter issued by Security Party. |

As well as any and all products or proceeds of any of the above, in any form, including, without
limitation, insurance proceeds.

# UCC-3

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Jordan Holmes                    8434322371

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

ArborOne, ACA

800 Woody Jones Blvd

Florence, SC 29501

SC SECRETARY OF STATE S
150513-1519367
Lapse Date: 07/02/2020

| | |
|---|---|
| Date: | 5/13/2015 |
| Time: | 3:19 PM |
| Page Count: | 1 Pg |
| Debtor Count: | 0 |
| Filing Fees: | $8.00 |
| Electronic Records Access: | $8.00 |
| Total: | $16.00 |
| Order ID#: | |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE NUMBER**
100702-1022281

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☒ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**

Check *one* of these two boxes:

Title Change affects ☐ Debtor or ☐ Secured Party of record

AND Check *one* of these three boxes to:

☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c

☐ ADD name: Complete item 7a or 7b, and item 7c

☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only *one* name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only *one* name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**8.** ☐ **COLLATERAL CHANGE:** *Also* check *one* of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral

Indicate collateral:

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only *one* name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| ARBORONE | ACA | | |

**10. OPTIONAL FILER REFERENCE DATA:**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

ArborOne, ACA

800 Woody Jones Blvd
Florence            SC    29501-

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** – Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| 1a. ORGANIZATION'S NAME  Strickland Farms of Green Sea, Inc | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Strickland | Terry | Wayne | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6470 Strickland Rd | Green Sea | SC | 29545 | U.S.A |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any  [X] NONE |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** – Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| 2a. ORGANIZATION'S NAME  Strickland Farms of Green Sea, Inc | | | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Strickland | Charlene | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6470 Strickland Rd | Green Sea | SC | 29545 | U.S.A |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any  [X] NONE |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| | | | |
|---|---|---|---|
| 3a. ORGANIZATION'S NAME  ArborOne, ACA | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 800 Woody Jones Blvd | Florence | SC | 29501- | U.S.A |

**4.** This FINANCING STATEMENT covers the following collateral:

**KBH Gooseneck Neck Applicator / 1310g Tank
Serial #LA03195**

**5. ALTERNATIVE DESIGNATION [if applicable]** [ ] LESSEE/LESSOR [ ] CONSIGNEE/CONSIGNOR [ ] BAILEE/BAILOR [ ] SELLER/BUYER [X] AG. LIEN [ ] NON-UCC FILING

**6.** [ ] This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]    **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]  [ ] All Debtors [ ] Debtor 1 [ ] Debtor 2

**8.** OPTIONAL FILER REFERENCE DATA

100517-1135340    UCC-1 FINANCING STATEMENT
Lapse Date: 05/17/2015 11:35:34 Filing Fee: 10 ORIG

FILING OFFICE COPY - UCC FINANCING STATEMENT (FORM UCC1) (R

D18602UC

▮▮▮▮▮▮▮▮

## UCC FINANCING STATEMENT ADDITIONAL PARTY

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

19. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT

19a. ORGANIZATION'S NAME
Strickland Farms of Green Sea, Inc.

OR

| 19b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME, SUFFIX |
|---|---|---|
| Strickland | Terry | Wayne |

20. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

21. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one name (21a or 21b) - do not abbreviate or combine names

21a. ORGANIZATION'S NAME
Strickland Farms of Green Sea, Inc

OR

| 21b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Strickland | William | Scott | |

| 21c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6470 Strickland Rd | Green Sea | SC | 29545 | U.S.A |

| 21d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 21e. TYPE OF ORGANIZATION | 21f. JURISDICTION OF ORGANIZATION | 21g. ORGANIZATIONAL ID #, if any   [x] NONE |
|---|---|---|---|---|

22. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one name (22a or 22b) - do not abbreviate or combine names

22a. ORGANIZATION'S NAME

OR

| 22b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 22c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY U.S.A |
|---|---|---|---|---|

| 22d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 22e. TYPE OF ORGANIZATION | 22f. JURISDICTION OF ORGANIZATION | 22g. ORGANIZATIONAL ID #, if any   NONE |
|---|---|---|---|---|

23. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one name (23a or 23b) - do not abbreviate or combine names

23a. ORGANIZATION'S NAME

OR

| 23b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 23c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY U.S.A |
|---|---|---|---|---|

| 23d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 23e. TYPE OF ORGANIZATION | 23f. JURISDICTION OF ORGANIZATION | 23g. ORGANIZATIONAL ID #, if any   NONE |
|---|---|---|---|---|

24. ADDITIONAL SECURED PARTY'S NAME (or Name of TOTAL ASSIGNEE) - Insert only one name (24a or 24b)

24a. ORGANIZATION'S NAME

OR

| 24b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 24c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY U.S.A |
|---|---|---|---|---|

25. ADDITIONAL SECURED PARTY'S NAME (or Name of TOTAL ASSIGNEE) - Insert only one name (25a or 25b)

25a. ORGANIZATION'S NAME

OR

| 25b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 25c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY U.S.A |
|---|---|---|---|---|

UCC FINANCING STATEMENT ADDITIONAL PARY (FORM UCC1AP) (REV. 05/22/02)

D33502UC (0307)

# UCC-3

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Jordan Holmes                                8434322371

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

ArborOne, ACA

800 Woody Jones Blvd

Florence, SC 29501

SC SECRETARY OF STATE
150310-1508518 S
Lapse Date: 05/17/2020
Date:               3/10/2015
Time:               3:08 PM
Page Count:         1 Pg
Debtor Count:       0
Filing Fees:        $8.00
Electronic
Records Access:     $8.00
Total:              $16.00
Order ID#
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
100517-1135340

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial):  Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:

Check one of these two boxes:                         AND   Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record   ☐ CHANGE name and/or address: Complete   ☐ ADD name: Complete item   ☐ DELETE name: Give record name
                                                             item 6a or 6b; and item 7a or 7b and item 7c   7a or 7b, and item 7c   to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

OR

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

OR

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes:  ☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral
Indicate collateral:

9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| ARBORONE | ACA | | |

OR

10. OPTIONAL FILER REFERENCE DATA:

SOUTH CAROLINA SECRETARY OF STATE'S OFFICE, 1205 Pendleton Street Suite 525 Columbia, SC 29201       (Rev. 07/01/13)