UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

IN RE:

Terry Wayne Strickland

Mattie Charlene Strickland

(Set forth here all names including married, maiden, and trade names used by debtor within the last 8 years.)

DEBTOR(S)

Address: 6470 Strickland Rd
         Green Sea, SC 29545

Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): 1533 & 2363

CASE NO: 20-02804-jw

CHAPTER: 12

NOTICE, CHAPTER 12 PLAN, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE

**I.    NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[1] has filed a chapter 12 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 12 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

**II.    MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditors named below.

**DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON MOTIONS:** Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201. Creditors and Parties in Interest will receive a separate notice setting a date and time for a pre-confirmation conference and a date and time for a hearing on confirmation of the Plan. Objections must be filed no later than the date and time set for the pre-confirmation conference. Timely objections will be heard at the confirmation hearing.

**a)    Lien avoidance.** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part III(b)(4) to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

| Name of Creditor and description of property securing lien | Value of debtor's interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest not avoided (see III(b)(2)(ii) below) | Security interest to be avoided (see III(4) below) |
|---|---|---|---|---|---|---|

is to be avoided, provide the information separately for each lien.

1. <u>Nonpossessory, Nonpurchase-Money Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods: N/A

| | | | | | | |
|---|---|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | $_____ | $_____ | $_____ |

2. <u>Judicial Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:

| Name of Creditor and description of property securing lien | Estimated amount of lien | Total amount of all senior/unavoidable liens | Applicable exemption and Code section | Value of debtor's interest in property | Amount of lien not avoided | Amount of lien avoided |
|---|---|---|---|---|---|---|
| N/A\_\_\_ | $_____ | $_____ | _____ | $_____ | $_____ | $_____ |

*Use this form for avoidance of liens on co-owned property only.*

| Name of the creditor and description of the property securing liens) the lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable exemption and Code section | Non-exempt equity (debtor's equity less exemption) | Estimated judicial lien | Amount of lien not avoided | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| _____ _____ _____ | $_____ | $_____ | _____ _____ | $_____ | $_____ | $_____ | $_____ |

b)    **Request for valuation of security, payment of fully secured claims, and modification of unsecured claims.** The debtor request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 4 below. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 4 below.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor or the estate until the earlier of:

(1) payment of the underlying debt determined under nonbankruptcy law, or

(2) discharge of the underlying debt under 11 U.S.C. § 1228, at which time the lien will terminate and be released by the creditor.

| Name of creditor and description of property securing lien | Value of debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Amount of secured claim | Unsecured claim after valuation |
|---|---|---|---|---|---|
| Harvey Chemical & Fertilizer. Tms 015-00-01-002 | $ 119,860 | United Community Bank $89,416.28 | $ 630,998.27 | $ 30,443.72 | $ see below |
| Harvey Chemical & Fertilizer Tms 010-00-01-040 | $266,080 | Anderson Bros. Bank $258,687 Helena Chemical $7,393 ArborOne $3,417,507 | $ 630,998.27 | $0 | $ see below |
| Harvey Chemical & Fertilizer Tms 021-00-01-083 | $ 173,460 | No senior liens | $ 630, 998.17 | $173,460 | $ See below |
| Harvey Chemical & Fertilizer Tms 010-00-01-057 | $ 29,700 | No senior liens | $630,998.17 | $29,700 | $ see below |
| Harvey Chemical & Fertilizer Tms 038-00-01-006 | $353,300 | No senior liens | $630,998.17 | $353,300 | $ see below |
| Harvey Chemical & Fertilizer- | $ 2,530,065.00 | ArborOne $4,204,881.22 | $630,998.17 | $0 | $ see below |

| | | | | | |
|---|---|---|---|---|---|
| machinery & equipment | | | | | |
| Harvey Chemical & Fertilizer Tms 019--01-041 | $8,000 | No senior liens | $630,998.17 | $8,000 | $36,094.45 |
| Helena Chemical Tms 015-00-01-002 | $119,860 | United Community Bank $89416.28 Harvey Chemical & Fertilizer $630,998.17 | $448,973 | $0 | $ See below |
| Helena Chemical Tms 010-00-01-040 | $266,080 | Anderson Bros. Bank $258,687 | $448,973 | $7,393 | $ see below |
| Helena Chemical Tms 021-00-083 | $ 173,460 | Harvey Chemical & Fertilizer $173,460 | $443,973 | $ 0 | $ See below |
| Helena Chemical Tms 010-00-01-057 | $29,700 | Harvey Chemical & Fertilizer $29,7000 | $443,973 | $0 | $ see below |
| Helena Chemical Tms 038-00-01-006 | $353,300 | Harvey Chemical & Fertilizer $353,300 | $443,973 | $0 | $ see below |
| Helena Chemical Tms 010-00-01-098 | $ 55,800 | No senior liens | $443,973 | $55,800 | $ see below |
| Helena Chemical Tms 015-00-01-017 (50% interest held by Terry Wayne Strickland) | $83,270 | No senior liens | $443,973 | $83,270 | $ see below |
| Helena Chemical – machinery and equipment | $ 2,530,065.00 | ArborOne $4,204,881.22 | $443,973 | $0 | $see below |

| | | | | | |
|---|---|---|---|---|---|
| Helena Chemical 0107.00-80-5788.000 Columbus County, NC | $26,700 | No senior liens | $443,973 | $26,700 | $ see below |
| Helena Chemical 0107.00-81-8059.000 Columbus County, NC | $ 12,300 | No senior liens | $443,973 | $12,300 | $265,903 |
| ArborOne Tms 010-00-01-040 | $266,080 | Anderson Bros. Bank $258,687; Helena Chemical $448,973 | $3,417,507 | $0 | NA -crediot has been granted relief from stay as to real estate, machinery and equipment, patronage funds and timber. Debtor believes that collateral will satisfy debt. |
| Agrifund LLC machinery & equipment | $ 2,530,065.00 | ArborOne $4,204,881.22 | $157,655.92 | $0 | $see below |
| Agrifund LLC Prepetition crops | $0 | NA | $157,655.92 | $0 | $157,655.92 |

**c)** **Assumption or Rejection of Executory Contract/Unexpired Lease:** The following leases or executory contracts will be treated as follows:

| Name of Creditor | Description of leased property or executory contract | Treatment | Current installment payments | Amount of arrearage to be paid | Treatment of arrearage (describe the method and time period of cure) | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _NA_____ | _____ | ☐ Assume<br>☐ Reject | $_____ | $_____ | _____<br>_____<br>_____ | $_____ |

**III. THE CHAPTER 12 PLAN**

**a) FUNDING OF PLAN (INSTRUCTION: INCLUDE THE APPLICABLE FUNDING LANGUAGE)**

The debtor certifies that all fees, charges and amounts required to be paid before confirmation pursuant to chapter 123 of Title 28 of the United States Code have been paid.

Debtor hereby submits future income in the amount of _____ per month for a period of _____ _____ beginning _____.

Debtor hereby submits future income in the amount of _____ per quarter for a period of _____ ____ beginning _____.

Debtor hereby submits future income in the amount of $147,656.87 per year for a period of five years. Annual payments are to begin on December 31, 2021 and on December 31 each year for a period of five years.

**b) PLAN DISBURSEMENTS (INSTRUCTION: INCLUDE THE APPLICABLE DISBURSEMENT LANGUAGE)**

After deduction of ten percent (10%) from the above amount, to be applied towards administrative expenses, the trustee shall make disbursements as follows:

1. <u>Treatment of Attorney's Fees</u>: To the attorney's fees of the debtor in an amount not to exceed _____, after approval by the Court, at the rate of ten percent (10%) of the gross payment, until paid in full. This percentage may be reduced or increased by the trustee as necessary.

2. <u>Treatment of Secured Claims</u>: [INSTRUCTION: THE APPLICABLE LANGUAGE SET FORTH BELOW IS TO BE REPEATED FOR EACH SECURED CREDITOR AND FOR EACH CLASS OF COLLATERAL HELD BY A SECURED CREDITOR.]

If relief from the automatic stay is ordered as to any item of collateral listed in Part III(b)(2), then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

    (i) <u>Maintenance of payments and cure of default</u>. The debtor will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid by the debtor. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

    Name of Creditor: _____

    Claim No:_____ Claim Amount: _____

    Collateral: _____

    Amount of Arrearage (if any): _____

    Arrearage payments: This creditor is to be paid $_____ per _____ for a period of _____ which includes interest at _____% per annum.

    (ii) <u>Secured portion of claims altered by valuation and lien avoidance</u>: (The remaining portion of the allowed claim will be treated as a general unsecured claim.)

    Name of Creditor: Harvey Chemical & Fertilizer

Collateral: real estate

Claim number: 5

This creditor is wholly secured in the amount of 594,903.72 as of the effective date of Confirmation.

The unsecured portion of this creditor's claim is $ 36,094.55.

This creditor is to be paid $59,011.00 per year for a period of 15 years, which includes interest at 5.25% per annum.

Other provisions for this creditor: Payments will commence December 31, 2021. Payments will be made through the plan for the first five years and directly to creditor thereafter.

Name of Creditor: Helena Chemical

Collateral: real estate

Claim number 8

This creditor is wholly secured in the amount of 185463as of the effective date of Confirmation.

The unsecured portion of this creditor's claim is $ 263,510.

This creditor is to be paid $$18,171.14 per year for a period of 15 years which includes interest at 5.25% per annum.

Other provisions for this creditor: Payments will commence December 31, 2021. Payments will be made through the plan for the first five years and directly to creditor thereafter.

(iii) <u>Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien)</u>:

Name of Creditor: United Community Bank

(iv) Claim No:7 Claim Amount: 89,416.28

Collateral: real estate tms 015-00-01-002

This creditor is wholly secured in the amount of $89,416.28 as of the effective date of confirmation.

This creditor is to be paid $8,760.75 per year for a period of 15 years which includes interest at 5.25% per annum.

Other provisions for this creditor: Payments will commence December 31, 2021.ayments will be made through the plan for the first five years and directly to creditor thereafter.

(i) Name of Creditor: Anderson Brothers Bank

Claim No: 21 Claim Amount: $258,686.63

Collateral: real estate, tms 010-00-01-040

This creditor is wholly secured in the amount of $258,686.63 as of the effective date of confirmation.

This creditor is to be paid $25,345.38 per year for a period of 15 years which includes interest at 5.25% per annum.

Other provisions for this creditor: Payments will commence December 31, 2021. Payments will be made through the plan for the first five years and directly to creditor thereafter.

(i) Name of Creditor: Anderson Brothers Bank

Claim No: 20 Claim Amount: $66,165.48

Collateral: Marion County SC real estate, tms 044-00-00-030

This creditor is wholly secured in the amount of $66,165.41 of the effective date of confirmation.

This creditor is to be paid from the sale of the real estate securing its claim.

(i) Name of Creditor: Anderson Brothers Bank

Claim No: 19 Claim Amount:12,937.73

Collateral: farm equipment

This creditor is wholly secured in the amount of $12,937.73 as of the effective date of confirmation.

This creditor is to be paid $3,008.97 per year for a period of five years which includes interest at 5.25% per annum.

Other provisions for this creditor: Payments will commence December 31, 2021. All payments will be made through the plan.

Name of Creditor: Deere & Co.

Claim No: 10 Claim Amount: $15,475.27

Collateral: Jon Deere 7420 row crop tractor

This creditor is wholly secured in the amount of $15,475.27 as of the effective date of confirmation.

This creditor is to be paid $3,490.83 per year for a period of five years which includes interest at 4.15% per annum.

Other provisions for this creditor: Payments will commence December 31, 2021. All payments will be made through the plan.

(i) Name of Creditor: Deere & Co.

Claim No: 12 Claim Amount: $20.058.53

Collateral: JD 6100 sprayer

This creditor is wholly secured in the amount of $20,058.53 as of the effective date of confirmation.

This creditor is to be paid $4,556.44 per year for a period of five years, which includes interest at 4.4% per annum.

Other provisions for this creditor: Payments will commence December 31, 2021. All payments will be made through the plan.

(i) Name of Creditor: South Carolina Department of Revenue

Claim No: 1 Claim Amount: $21,723.42

Collateral: tax lien

This creditor is wholly secured in the amount of $20,890.00 as of the effective date of confirmation.

This creditor is to be paid $4,858.48 per year for a period of five years which includes interest at 5.25% per annum.

Other provisions for this creditor: Payments will commence December 31, 2021. All payments will be made through the plan.

(ii) Surrender of collateral. The collateral held by each creditor listed below is hereby surrendered. No payment will be made to this creditor. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and the stay under § 1201 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in section 4 below.

| Name of Creditor | Collateral |
| --- | --- |
| Deere & Co. claim 9 | GP 2400 turbo chopper |
| Deere & Co. claim 11 | JD 2620 tandem disk |

3. Treatment of Priority Claims.

(i) Domestic Support Claims. 11 U.S.C. § 507(a)(1): N/A

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ or more per until the balance, without interest, is paid in full.

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1222(a)(2).)

(ii) Other Priority debt.

Subsequent to the above, payments to priority creditors, including tax claims, will be paid on a pro-rata basis until paid in full. These are as follows: [INSTRUCTION: THE FOLLOWING SHOULD BE COMPLETED FOR EACH PRIORITY CREDITOR.]

Name of Creditor: Internal Revenue Service

Claim No: 6 Claim Amount: 1174.78

Payment Amount: $587.39 per year for a period of two years. This creditor

shall be paid no interest on its claim.

Name of Creditor: South Carolina Department of Revenue

Claim No: 1 Claim Amount: $530.31

Payment Amount: $530.31 per year for a period of one year. This creditor shall

be paid no interest on its claim.

Name of Creditor: Horry County Treasurer

Claim No: 13 Claim Amount:1727.31

Payment Amount: $863.66 per year for a period of two years. This creditor

shall be paid no interest on its claim.

4. Treatment of Unsecured Claims.

Subsequent to the above, unsecured creditors will be paid on a pro rata basis. The Debtors will pay $3,706.51 on December 31, 2021, $4,236.82 on December 31, 2022, and $5,687.87 on December 31, 2023, 2024, and 2025. Unsecured creditors will be paid not less than 3.4% of the total allowed unsecured, non-priority claim.

**IV. ADDITIONAL PLAN PROVISIONS**

Upon confirmation of the plan, the debtor shall tender to the Chapter 12 Trustee, at the time the debtor's first payment under the Plan is due, $200.00 to pay the bank fees associated with the bank account to be opened by the trustee for the debtor's plan payments. On the 12th month thereafter, the debtor shall pay to the trustee $200.00 to pay the bank fees, or an amount agreed to by the debtor and the trustee. Should the bank fees exceed

the annual $200.00 payment, the trustee reserves the right to apply for reimbursement for the excess as an administrative expense. Upon completion of the Plan, or dismissal of the debtor's bankruptcy case, the trustee shall return to the debtor any funds not needed to pay the bank fees.

Upon confirmation of the plan, property of the estate will remain property of the estate, but title to the property shall revest in the debtor. Unless the plan otherwise provides, secured creditors shall retain their liens upon their collateral until the allowed amounts of their claims are paid in full.

Except as provided herein, the automatic stay provisions of 11 U.S.C. § 362(a) shall remain in effect until the case is closed but may be modified pursuant 11 U.S.C. § 362(d) on motion of a party in interest.

The effective date of confirmation is the date upon which the order of confirmation becomes final.

October 5, 2020

       s/ Reid B. Smith
       Reid B. Smith, District Ct. ID 4200
       Attorney for Debtors
       1712 St. Julian Place, Suite 102
       Columbia, SC 29204
       (803) 779-2255
       (803) 799-3131 fax
       rsmith@birdsmithlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO: 20-02804-jw |
| | ) | |
| **Terry Wayne Strickland** | ) | CHAPTER 12 |
| **Mattie Charlene Strickland** | ) | |
| | ) | |
| Debtors. | ) | FEASIBILITY ANALYSIS |
| | ) | |
| | ) | |

The Debtors provide this feasibility analysis in support of the Plan filed on October 5, 2020.

The Debtor intends to sharecrop with Cal Cox, a long-time friend. Mr. Cox has agreed to fund the operating costs. In return, he and the Debtors will equally share the net crop proceeds. The Debtors expect the following net proceeds:

| net crop proceeds | all share cropped |
|---|---:|
| corn | 96350 |
| beans | 90350 |
| sweet potatoes | 38348 |
| peanuts | 108904 |
| cotton | 123880 |
| total | 457832 |
| Debtors' share | 228916 |

The Debtors' Plan will require annual payments of $147656.87. The Debtors annual living expenses are $38,700. See Schedule J which has been filed with the Court.

The Plan is feasible.

October 5, 2020

                                          <u>s/ Reid B. Smith</u>
                                          Reid B. Smith, District Ct. ID 4200
                                          Attorney for Debtors
                                          1712 St. Julian Place, Suite 102
                                          Columbia, SC 29204
                                          (803) 779-2255
                                          (803) 799-3131 fax
                                          rsmith@birdsmithlaw.com

| | | | | |
|---|---|---|---|---|
| OCT 5,2020 3:01PM | liquidation Summary Strickland, Terry and Charlene 2020 case | | | Page 1 |
| Property Description | HW | Equity | Exempt | Unexempt |
| Real estate - see attached    0    0.00    0 | | | | |
| 3. 2010 Chevrolet Silverado 150000 miles | 1 | 12,000.00 | 6,325.00 | 5,675.00 |
| 3. 1979 Harley Davidson FLH | 1 | 7,500.00 | 0.00 | 7,500.00 |
| 3. 2012 Cadillac Escalade 62000 miles | 1 | 9,425.00 | 6,325.00 | 3,100.00 |
| 3. 2003 Kia Sedonna 137000 miles | 1 | 2,500.00 | 0.00 | 2,500.00 |
| 4. Challenger boat with 125 hp Johnson | 1 | 2,000.00 | 0.00 | 2,000.00 |
| 6. Living Room: couch (2)$450, chair $75, table(2) $100, lamp (2) | 1 | 10,410.00 | 10,100.00 | 310.00 |
| 7. television $350, computer $400, television $225, television $70 | 1 | 1,045.00 | 0.00 | 1,045.00 |
| 8. approx 150 porcelain dolls | 2 | 1,500.00 | 0.00 | 1,500.00 |
| 9. rod & reels | 1 | 50.00 | 0.00 | 50.00 |
| 9. exercise bike $25, camera $20 | 2 | 45.00 | 0.00 | 45.00 |
| 10. Browning 10 gauge $300, Remington 12 gauge $200, Remingt | 1 | 2,400.00 | 0.00 | 2,400.00 |
| 10. .380 S&W $100, .38 S&W $100 | 2 | 200.00 | 200.00 | 0.00 |
| 10. 45 Ranger $400, Ruger ar 15 $600, Browning 300 $350 | 1 | 1,350.00 | 1,350.00 | 0.00 |
| 11. clothing | 1 | 200.00 | 0.00 | 200.00 |
| 11. clothing | 2 | 300.00 | 0.00 | 300.00 |
| 12. 3 rings | 1 | 75.00 | 75.00 | 0.00 |
| 12. watch $10, wedding band $100, diamond ring $400, 4 stainless | 2 | 580.00 | 580.00 | 0.00 |
| 13. yellow lab, weimaraner, Chesapeake Bay retriever, and chihua | 1 | 200.00 | 0.00 | 200.00 |
| 13. Australian shepherd dog | 2 | 20.00 | 0.00 | 20.00 |
| 16. Cash | 1 | 100.00 | 0.00 | 100.00 |
| 17. checking: United Community Bank | 1 | 0.00 | 0.00 | 0.00 |
| 19. 1/3 interest Strickland farms of Green Sea, Inc 33 % ownership | 1 | 0.00 | 0.00 | 0.00 |
| 19. 1/3 interest Strickland farms of Green Sea, Inc 33 % ownership | 2 | 0.00 | 0.00 | 0.00 |
| 34. claim for fire damage to Brick House at 4000 Fair Bluff Hwy Gr | 1 | Unknown | 0.00 | Unknown |
| 47. 2 Belgium horses - $200, Blue Tenn. Walker - $300, 6 goats - $ | 1 | 1,700.00 | 0.00 | 1,700.00 |
| 49. farm machinery and equipment - ArborOne 362 relief | 1 | 0.00 | 0.00 | 0.00 |
| 49. John Deere 2620 disk | 1 | 0.00 | 0.00 | 0.00 |
| 49. John Deere 7420 row crop tractor | 1 | 0.00 | 0.00 | 0.00 |
| 49. John Deere 6100 Hicycle sprayer | 1 | 0.00 | 0.00 | 0.00 |
| 49. Kubota RTV-X1100CRL-A sn 35192 | 2 | 18,000.00 | 0.00 | 18,000.00 |
| 49. Kubota RTV-X1100CRL-A sn 40365 | 2 | 12,000.00 | 0.00 | 12,000.00 |
| Total | | $83600 | | $58,645 |

| | |
|---|---|
| Estimated costs of liquidation (10% auctioneer commissions) | $8360 |
| Est Chapter 7 trustee commission | $7,430 |
| Tax lien | $20890.08 |
| Priority debt | $3.432.40 |
| Available for unsecured claims | $18,532.52 |

The Debtors  project the following unsecured claims:

| | |
|---|---|
| SCDR | 303.03 |
| Premeir | 159.82 |
| Anderson Oil Co | 34333.17 |
| PHI | 215848.12 |
| Harvery Fert | 389394.55 |
| IRS | 2124.86 |
| Helena | 263510 |
| Merchants ad | 116.88 |
| Triangle Chemical | 22763.3 |
| Agrifund | 157655.92 |
| total | 1086209.7 |

The Debtors' Plan proposes to pay $25,006.94 to the unsecured creditors. AS such, creditors will receive more under the Plan than they would receive in a hypothetical liquidation.