UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CASE NO. 20-02804-jw |
| Terry Wayne Strickland and | ) | |
| Mattie Charlene Strickland, | ) | Chapter 12 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## OBJECTION TO PLAN

NOW COMES, by and through its undersigned counsel, Deere & Company d/b/a John Deere Financial ("Deere") and objects to confirmation of the Debtors' Chapter 12 Plan (Docket No. 49, the "Plan") for the reasons set forth below.

1.      On July 6, 2020 (the "Petition Date"), the Debtors filed a joint petition for relief under chapter 12 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").[1]

2.      This is each of the Debtors' third chapter 12 case in the last 20 months. Debtor Terry Wayne Strickland ("Mr. Strickland") filed his first recent chapter 12 case individually on December 11, 2018 (Case No. 18-06291), which was subsequently dismissed upon motion of the Chapter 12 Trustee, J. Kershaw Spong (the "Trustee"), on March 6, 2019. Debtor Mattie Charlene Strickland ("Mrs. Strickland") also filed an individual chapter 12 case on January 9, 2019 (Case No. 19-00181-jw), which was dismissed upon motion of the Trustee on April 17, 2019. The Debtors then filed a joint chapter 12 case on November 25, 2019 (Case No. 19-06177), which again was dismissed upon motion of the Trustee on February 26, 2020. Each of these prior cases was dismissed without a plan being filed, much less confirmed, or with any distributions being made to creditors.

---

[1] Subsequent references to the Bankruptcy Code are by section number only.

3.    Deere is the holder of two secured claims against Mr. Strickland that the Debtors propose to pay under the Plan, which are evidenced by Claim Nos. 10 and 12 on the Court's Claims Register (together, the "Claims").[2]

4.    Claim 10 arose under a Loan Contract-Security Agreement between Deere and Mr. Strickland dated effective as of March 11, 2015, pursuant to which Mr. Strickland agreed to repay purchase money financing provided by Deere in the amount of $29,325.00, plus interest at 4.15%, by making five annual payments of $6,615.83 beginning on March 11, 2016. Claim 10 is secured by a purchase-money security interest in a John Deere 7420 row crop tractor (Serial No. 019563) (the "Tractor") owned by Mr. Strickland. Deere's security interest in the Tractor was perfected by the filing of UCC financing statements. Copies of the Loan Contract-Security Agreement and UCC financing statements were included in Deere's timely-filed Claim 10, a copy of which is attached hereto as Exhibit A.

5.    Claim 12 arose under a Loan Contract-Security Agreement between Deere and Mr. Strickland dated effective as of April 26, 2017, pursuant to which Mr. Strickland agreed to repay purchase money financing provided by Deere in the amount of $21,413.00, plus interest at 5.00%, by making four annual payments of $6,039.09 beginning on April 26, 2018. Claim 12 is secured by a purchase-money security interest in a John Deere 6100 hicycle sprayer (Serial No. 004046) (the "Sprayer" and together with the Tractor, the "Equipment") owned by Mr. Strickland. Deere's security interest in the Sprayer was perfected by the filing of a UCC financing statement. Copies of the Loan Contract-Security Agreement and UCC financing statement were included in Deere's timely-filed Claim 12, a copy of which is attached hereto as Exhibit B.

---

[2] Deere also holds two additional claims against Mr. Strickland, which are evidenced by Claim Nos. 9 and 11. These additional claims are secured by collateral which is being surrendered under the Plan (the "Surrendered Collateral"). Deere does not object to the treatment of these claims or the Debtors' proposed surrender of the Surrendered Collateral.

6.      Each of the respective Loan Contract-Security Agreements contains the following cross-collateralization provision in Paragraph 5: "You grant us and our affiliates a security interest in the Equipment (and all proceeds thereof) to secure all of your obligations under this Contract and any other obligations which you may have to us or any of our affiliates or assignees at any time and you agree that any security interest you have granted or hereafter grant to us or any of our affiliates shall also secure your obligations under this Contract." Therefore, each of the Claims is also secured by a cross-collateralized security interest in the other Equipment.

7.      As of the Petition Date, the balance under Claim 10 was $15,475.27. Based upon an appraisal prepared on October 6, 2020, by Aaron Easters Equipment & Appraisals, LLC (the "Appraisal"), a copy of which is attached hereto as Exhibit C, the liquidation value of the Tractor, in running condition, is $22,500.00, making Claim 10 oversecured. Deere has not received a payment on Claim 10 since July 2018.

8.      As of the Petition Date, the balance under Claim 12 was $20,058.53. According to the Appraisal, the liquidation value of the Sprayer is $15,000.00. However, because Claim 10 is oversecured and the security interest granted in the Tractor also serves to secure the undersecured portion of Claim 12 through cross-collateralization, there is sufficient equity in the Tractor to make Claim 12 fully secured. Deere has not received a regular payment on Claim 12 since July 2018 and no payment of any kind since November 2018.[3]

9.      On October 5, 2020, the Debtors filed the Plan. The Plan appropriately provides for both Claims to be treated as wholly secured.

_____

[3] A payment in the amount of $420.53 was applied to Claim 12 on November 26, 2018.

10.     The Plan further provides for Claim 10 to be paid $3,490.83 per year for five years, including interest at 4.15% and for Claim 12 to be paid $4,556.44 per year for five years, including interest at 4.4%.

11.     However, the Plan also provides that payments on the Claims, which will be made under the Plan, will not begin until December 31, 2021. Deere objects to the Debtors' proposed timing of these payments.

12.     This delay in commencing payments unreasonably exposes Deere (and other creditors) to the risk of diminution in value of its Equipment collateral. Deere is essentially being forced to finance the Debtors' case by forgoing payment until 1.5 years after the case was filed.

13.     The Debtors' proposal is made more untenable to Deere in light of the fact that, due to the Debtors' successive bankruptcy filings, each of which was dismissed prior to Deere receiving any payments, Deere has not received the payments called for under the Claims' loan agreements since July 2018. By the time Deere would receive its first payments under the Plan, it will have been approximately 3.5 years since the last regular payments were made.

14.     Additionally, the Plan leaves Deere's interest in the Equipment without adequate protection during the 1.5 years between the filing of this case and the initial payments called for under the Plan. Based on the Appraisal, there is little, if any, equity in the Equipment that would adequately protect Deere during the time it would be forced to await payment. Additionally, the Debtors will have had the opportunity to use the Equipment throughout the remainder of 2020 and all of 2021—with the associated risk of devaluation of, or damage to, the Equipment during this time—without providing any form of adequate protection to Deere should the equipment deteriorate during this period.

15.     Based upon delay caused by the Debtors' multiple, successive, chapter 12 filings; the extreme delay in the commencement of payments under the Plan; and Deere's lack of adequate protection in its Equipment, Deere submits that the Debtors' Plan was not proposed in good faith as required by § 1225(a)(3).

16.     Additionally, Deere has serious doubts regarding the Debtors' ability to eventually make the payments called for under the Plan as required under § 1225(a)(6) and, due to the Debtors' past failures in their previous chapter 12 cases and the fact that the Plan calls for payments to begin so far into the future, submits that the Debtors must provide evidence of their ability to do so prior to the Plan being confirmed.

17.     As a result of the foregoing, Deere respectfully requests that the Court deny confirmation of the Plan or any amended plan which provides similar timeframes on payment of the Claims.

/s/ Reid E. Dyer
Reid E. Dyer (DSC ID No. 10723)
MOORE & VAN ALLEN, PLLC
78 Wentworth Street
Post Office Box 22828
Charleston, SC  29413-2828
(843) 579-7000
ATTORNEYS FOR DEERE & COMPANY
d/b/a JOHN DEERE FINANCIAL

October 21, 2020
Charleston, SC

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CASE NO. 20-02804-jw |
| Terry Wayne Strickland and | ) | |
| Mattie Charlene Strickland, | ) | Chapter 12 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of October, 2020, a copy of the Objection to Plan was placed in an envelope with first-class postage, prepaid, and mailed to the parties listed below or, where indicated, served via CM/ECF.

Terry Wayne Strickland
6470 Strickland Rd
Green Sea, SC 29545

Mattie Charlene Strickland
6470 Strickland Rd
Green Sea, SC 29545

Reid B. Smith
Bird and Smith, PA
1712 Saint Julian Place, Suite 102
Columbia, SC 29204

J. Kershaw Spong
Robinson Gray Stepp & Laffitte, LLC
PO Box 11449
Columbia, SC 29211

US Trustee – Via CM/ECF

**MOORE & VAN ALLEN, PLLC**

/s/ Reid E. Dyer
Reid E. Dyer, USDC No. 10723
78 Wentworth Street (29401)
Post Office Box 22828
Charleston, SC 29413-2828
Telephone: (843) 579-7000
email: reiddyer@mvalaw.com
ATTORNEYS FOR DEERE & COMPANY
d/b/a JOHN DEERE FINANCIAL

# Exhibit A
# (Claim 10)

CHARLESTON\801857v1

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Terry Wayne Strickland |
| Debtor 2 (Spouse, if filing) | Mattie Charlene Strickland |
| United States Bankruptcy Court for the: | District of South Carolina |
| Case number | 20-02804-jw |

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

---

### Part 1:    Identify the Claim

**1. Who is the current creditor?**

Deere & Company

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Reid E. Dyer | John Deere Financial |
| Name | Name |
| 78 Wentworth Street | 23176 Network Place |
| Number    Street | Number    Street |
| Charleston    SC    29401 | Chicago    IL    60673 |
| City    State    ZIP Code | City    State    ZIP Code |
| Contact phone 843-579-7000 | Contact phone _____ |
| Contact email reiddyer@mvalaw.com | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
        MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

Official Form 410        **Proof of Claim**        page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  5  0  3  4

---

**7. How much is the claim?**    $_____15,475.27 . **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

money loaned

---

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe:    John Deere 7420 Row Crop Tractor

**Basis for perfection:**    UCC financing statement

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____35,000.00

**Amount of the claim that is secured:**    $_____15,475.27

**Amount of the claim that is unsecured:**    $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed) __4.15__ %

☑ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   08/20/2020
                   MM  /  DD  /  YYYY

/s/Reid E. Dyer
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Reid E. Dyer |
|---|---|
| | First name          Middle name          Last name |
| Title | Attorney |
| Company | Moore & Van Allen PLLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 78 Wentworth Street |
| | Number          Street |
| | Charleston                SC          29401 |
| | City                State     ZIP Code |
| Contact phone | 843-579-7000          Email  reiddyer@mvalaw.com |

Itemization of Interest, Fees, Expenses, or Other Charges
Account -5034
As of July 6, 2020

Principal     $ 12,738.89
Interest      $  1,039.95
Fees          $  1,696.43
Total         $ 15,475.27

ACCEPTED

RECEIVED

MAR 1 7 2015

**RECEIVED** MAR 1 3 2015


**JOHN DEERE** FINANCIAL

JOHN DEERE FINANCIAL

John Deere Capital Corp

Application ID: 11898536
Version Number:  2

**FIXED RATE CONTRACT**
AG/C&CE Business or Commercial Use

## LOAN CONTRACT - SECURITY AGREEMENT

Contract Begin Date : 03/11/2015

| *SELLER'S NAME AND ADDRESS* | | DEALER NUMBER | PHONE NUMBER |
|---|---|---|---|
| SOUTHEAST FARM EQUIPMENT CO<br>1424 HWY 9 BUS WEST<br>LORIS, SC 29569-0455 | | | 843-756-6021 |

| *BORROWER'S NAME AND PHYSICAL ADDRESS* | | | |
|---|---|---|---|
| TERRY W STRICKLAND<br>6470 STRICKLAND RD<br>GREEN SEA, SC 29545-4338 | BORROWER'S<br>SOC. SEC. NUMBER<br>***-**- | BORROWER'S<br>PHONE NO. | TYPE OF<br>BUSINESS |
| BORROWER RESIDES IN (County/State)<br>HORRY, SC | | BORROWER AGREES TO KEEP GOODS IN (County/State)<br>HORRY, SC | |

**1. Parties.** This Loan Contract-Security Agreement ("Contract") is entered into between Deere & Company ("we", "us" or "our") and the borrower(s) indicated above ("you" or "your").  If more than one borrower is indicated, each borrower shall be jointly and severally liable for all of the obligations under this Contract.

**2. Loan.** You hereby apply for a loan in the Amount Financed shown below, which, if accepted by us, the loan will be (a) subject to the terms and conditions set forth in this Contract, and (b) used to finance the balance due on the purchase from the Seller of the equipment and/or services described below (the "Equipment").  All attachments and accessories itemized on this Contract and all replacements, parts and repairs to the Equipment shall form part of the Equipment.

**3. Installment Payments.**  In addition to any down payment, you agree to pay us the Amount Financed, together with finance charges from the Date Finance Charge Begins, at the Annual Percentage Rate, by remitting each of the Installment Payments on or before the due dates indicated.  Any amounts applied to this Contract will be applied first to any late charges, any charges for dishonored checks and any other fees or costs due under this agreement, then to finance charges, computed on the date the payment is received and the remainder to the Amount Financed. You agree that your payments will be applied as of the date of receipt if received by 11:00 a.m. Central Time Monday through Friday (otherwise next business day); but if payment is not accompanied by the payment stub, is not in the envelope we provided, includes other items such as other checks, staples or paper clips, or is not received at that location, credit may be delayed up to five days.  This Contract is not accepted by us until we sign it, even if you have made a payment to us.  You agree to remit to us the Installment Payments and all other amounts when due and payable each Billing Period, even if we do not send you a bill or an invoice. **YOUR PAYMENT OBLIGATIONS ARE ABSOLUTE AND UNCONDITIONAL, AND ARE NOT SUBJECT TO CANCELLATION, REDUCTION OR SETOFF FOR ANY REASON WHATSOEVER.**  For any scheduled payment which is not received by its due date, you agree to pay us interest on the unpaid amount at a rate of 20% per annum on that scheduled payment, but in no event more than the maximum lawful rate, from the due date until paid.  Restrictive endorsements on checks you send to us will not change or reduce your obligations to us.  We will not lose any rights if we accept late or partial payments or delay enforcing our rights under this Contract.  If a check or electronic payment authorization you give us is dishonored upon first presentment, you agree to pay us a fee of $25.00, or the maximum amount permitted by law, whichever is less.  Installment Payments and other payments, including proceeds of Insurance or any sale of the Equipment, may be applied, at our discretion and in spite of any instructions you may provide, to any obligation you may have to us or any of our affiliates.  If the total of all payments made by you exceeds the total of all amounts due under this Contract by less than $25.00, we may retain such excess.

| *EQUIPMENT PURCHASED* | | | | | |
|---|---|---|---|---|---|
| QTY. | NEW/<br>USED | MFR. | MODEL | EQUIPMENT DESCRIPTION | AMOUNT |
| 1 | USED | JD | 7420 | 7420 Row Crop Tractor | $43,000.00 |
| PRODUCT ID NO.   RW7420R019563 | | | | | |

### THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE

| DOC8015 | Settlement Nbr:  11898536<br>Application ID:  11898536 | Equipment Type:  Agriculture  Agricultural<br>Version Number:  2 | 03/10/2015 12:00 PM | Page 1 of 6 |
|---|---|---|---|---|
| Revision Date: 14 September 2014 | | | | |

**ORIGINAL**



| TRADE-IN and CASH DOWN PAYMENT | | | | | |
|---|---|---|---|---|---|
| QTY. | MFR. | MODEL | DESCRIPTION OF TRADE-IN (From Purchase Order) | PRODUCT ID NO. | AMOUNT |
| 1 | JD | 7200 | **TRACTOR**<br>Allowance: $15,000.00  Payoff Amount:  $0.00<br>Lien Holder:<br>Payoff Account:<br>Phone Number: | RW7200H002607 | $15,000.00 |
| | | | | TOTAL TRADE-IN: | $15,000.00 |
| | | | | CASH DOWN PAYMENT: | $0.00 |
| | | | | RENTAL APPLIED: | $0.00 |
| | | | | TOTAL TRADE-IN PLUS<br>CASH DOWN: | $15,000.00 |

### INSTALLMENT PAYMENTS

DATE FINANCE CHARGE BEGINS: March 11, 2015

The first Installment Payment Due Date is March 11, 2016 and each successive Installment Payment is due on the same day of the Year thereafter, (the "Billing Period"), unless otherwise provided below;

| NUMBER OF PAYMENTS | AMOUNT OF EACH PAYMENT | DUE DATE |
|---|---|---|
| 5 | $6,615.83 | March 11, 2016 |

The amounts shown below as Finance Charge, Total of Payments and Total Sale Price are estimates based upon the assumption that payments will be made on the scheduled payment due date according to the installment schedule. The actual Finance Charge, Total of Payments, and Total Sale Price may vary depending upon the early or late payment of scheduled installments.

| ITEMIZATION OF AMOUNT FINANCED | | |
|---|---|---|
| SALES TAX (Paid to Govt. Agencies) | | $0.00 |
| CASH PRICE (Including Tax) | 1 | $43,000.00 |
| TOTAL DOWN PAYMENT (Sum of Trade-In & Cash Down Payment) | 2 | $15,000.00 |
| UNPAID BALANCE OF CASH PRICE<br>(The amount credited to your account with us) | 3 | $28,000.00 |
| INSURANCE (Physical Damage Paid to Insurance Companies) | 4 | $1,118.00 |
| ORIGINATION FEES | 4A | $175.00 |
| OFFICIAL FEES (Paid to Public Officials) | 5 | $32.00 |
| AMOUNT FINANCED (Lines 3, 4, 4A, 5 & 5A (if Applicable) )<br>The amount of credit provided to you. | 6 | $29,325.00 |
| FINANCE CHARGE (Based on Line 6)<br>The dollar amount the credit will cost you. | 7 | $3,754.15 |
| TOTAL OF PAYMENTS (Lines 6 & 7) The amount you will have paid after you have made all payments as scheduled. | 8 | $33,079.15 |
| ANNUAL PERCENTAGE RATE<br>(The cost of your credit as a yearly rate) | | 4.15% |
| TOTAL SALE PRICE (Lines 1, 4, 4A, 5A (if Applicable), & 7)<br>The total price of your purchase on credit, including the Total Down Payment of $15,000.00 | | $48,079.15 |

**4. Prepayment.** You may prepay your obligations under this Contract in full at any time by paying the unpaid principal balance and any earned and unpaid finance charges. The unpaid principal balance includes any origination fee.

**5. Security Interest; Missing Information.** You grant us and our affiliates a security interest in the Equipment (and all proceeds thereof) to secure all of your obligations under this Contract and any other obligations which you may have to us or any of our affiliates or assignees at any time and you agree that any security interest you have granted or hereafter grant to us or any of our affiliates shall also secure your obligations under this Contract. You agree that we may act as agent for our affiliates and our affiliates may act as agent for us, in order to perfect and realize on any security interest described above. Upon receipt of all amounts due and to become due under this Contract, we will release our security interest in the Equipment (but not the security interest for amounts due an affiliate), provided no event of default has occurred and is continuing. You agree to keep the Equipment free and clear of all liens and encumbrances, except those in favor of us and our affiliates as described above, and to promptly notify us if a lien or encumbrance is placed or threatened against the Equipment. You irrevocably authorize us, at any time, to (a) insert or correct information on this Contract, including your correct legal name, serial numbers and Equipment descriptions; (b) submit notices and proofs of loss for any required insurance; (c) endorse your name on remittances for insurance and Equipment sale or lease proceeds; and (d) file a financing statement(s) which describes either the Equipment or all equipment currently or in the future financed by us. Notwithstanding any other election you may make, you agree that (1) we can access any information regarding the location, maintenance, operation and condition of the Equipment; (2) you irrevocably authorize anyone in possession of that information to provide all of that information to us upon our request; (3) you will not disable or otherwise interfere with any information gathering or transmission device within or attached to the Equipment; and (4) we may reactivate any such device.

### THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE

| DOC8015 | Settlement Nbr:  11898536 | Equipment Type:  Agriculture Agricultural | | |
|---|---|---|---|---|
| | Application ID:  11898536 | Version Number:  2 | 03/10/2015 12:00 PM | Page 2 of 6 |

Revision Date: 14 September 2014



**6. Equipment Maintenance, Operation and Use.** You agree to **(a)** USE THE EQUIPMENT ONLY FOR AGRICULTURAL, BUSINESS OR COMMERCIAL PURPOSES AND NOT FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES; **(b)** operate and maintain the Equipment in accordance with all (1) applicable laws, ordinances and regulations, (2) manuals and other instructions issued by the manufacturer(s) and supplier(s), and (3) insurance policy terms and requirements; **(c)** perform (at your expense) all maintenance and repairs necessary to keep the Equipment in as good a condition as when delivered to you, reasonable wear excepted; **(d)** allow us and our agent(s) to inspect the Equipment and all of your records related to its use, maintenance and repair, at any reasonable time; and **(e)** not permit the Equipment to be used by, or to be in the possession of, anyone other than you or your employees.

**7. Insurance.** You agree, at your cost, to maintain all-risk insurance coverage with respect to the Equipment for no less than its full replacement value, naming us (and our successor and assigns) as sole loss payee. You may choose who provides that insurance, but that insurance must be with companies and policies acceptable to us. Your obligation to insure the Equipment continues until all your other obligations under this Contract are satisfied. Each insurance policy must provide that (1) our interest in the policy will not be invalidated by any act, omission, breach or neglect of anyone other than us; (2) the insurer will give us at least 30 days' prior written notice before any cancellation of, non-renewal of, or material change to, the policy; and (3) such coverage shall be primary over any insurance purchased by us (or our affiliates).

Unless you provide us with evidence of the required insurance coverage's, we may, but are not required to, purchase insurance, at your expense, to protect our interests in the Equipment and charge you an insurance fee on which we may make a profit. This insurance may not (1) protect your interests; or (2) pay any claim that you make or any claim that is made against you in connection with the Equipment. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained the insurance required by this Contract. THE COST OF THE INSURANCE MAY BE MORE THAN THE COST OF THE INSURANCE YOU MAY BE ABLE TO OBTAIN ON YOUR OWN. THE COVERAGES OF THAT INSURANCE MAY BE DIFFERENT FROM THE COVERAGES OF INSURANCE YOU MAY BE ABLE TO OBTAIN ON YOUR OWN. You agree to pay us the cost of any insurance plus a $150 insurance placement and service fee. You will immediately pay that amount to us or we may, at our sole discretion, add that cost to the Account Balance and increase the required Installment Payments accordingly.

If a default occurs, you authorize us to cancel the insurance on the Equipment and apply any returned premiums to the Account Balance.

If the cost of the insurance was included in the Amount Financed, that insurance will terminate (a) if your debt to us is discharged, (b) if we release our security interest in the Equipment, (c) if a default occurs and we cancel the insurance, (d) if the Equipment is repossessed, (e) if the Floater Policy under which you purchased that insurance terminates, or (f) on the due date of the final scheduled Installment Payment.

**8. Loss or Damage.** Until all of your obligations under this Contract are satisfied, you are responsible for all risk of loss and damage, loss, theft, destruction or seizure of the Equipment (an "Event of Loss"). You must promptly notify us of any Event of Loss. If the Equipment can be repaired or replaced, you agree to promptly repair or replace the Equipment, at your cost, and the terms of this Contract will continue to apply. If the Equipment cannot be repaired or replaced, you agree to immediately pay us the Account Balance. Upon receipt of the Account Balance, we will release our security interest in the Equipment. All insurance proceeds must be paid directly to us, and we may apply any excess insurance proceeds to any other amounts you owe us or any of our affiliates.

**9. Default.** We may determine you to be in default if: (a) you fail to remit to us any Installment Payment or other payment when due; (b) you breach any other provision of this Contract; (c) you remove any Equipment from the United States; (d) a petition is filed by or against you or any guarantor under any bankruptcy, attachment, execution or insolvency law or you or any such guarantor make an assignment for the benefit of creditors; (e) a default occurs under any other agreement between you (or any of your affiliates) and us (or any of our affiliates); (f) you or any guarantor merges with or consolidates into another entity, sells substantially all its assets, dissolves or terminates its existence, or (if an individual) dies or becomes incompetent; (g) you fail to maintain the insurance required by this Contract; or (h) if for any reason, we deem the debt or the Equipment to be insecure. Time is of the essence under this Contract.

**10. Remedies.** If we determine that you are in default, we may do one or more of the following: (a) recover from you, AS LIQUIDATED DAMAGES FOR LOSS OF BARGAIN AND NOT AS A PENALTY, the Account Balance as of the date of such default, without presentment or demand; (b) declare any other agreements between you and us in default; (c) terminate any of your rights (but none of your obligations) under this Contract and any other agreement between you and us (or any of our affiliates); (d) require you to

---

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| DOC8015 | Settlement Nbr: 11898536 | Equipment Type: Agriculture Agricultural | | |
|---|---|---|---|---|
| | Application ID: 11898536 | Version Number: 2 | 03/10/2015 12:00 PM | Page 3 of 6 |

Revision Date: 14 September 2014



deliver the Equipment to us in the manner outlined below, or take possession of the Equipment; (e) lease or sell the Equipment or any portion thereof at a public or private sale; (f) apply the net proceeds we receive from any sale, lease or other disposition of the Equipment (after deducting all of our costs and expenses) to your obligations under this Contract, with you remaining liable for any deficiency; (g) require you to reimburse and indemnify us for all losses, claims, damages and expenses of any kind or nature whatsoever incurred in connection with the Equipment or this Contract and/or the enforcement of our remedies hereunder including, without limitation, repossession, repair and collection costs, damage awards, attorneys' fees and court and bankruptcy fees and costs; (h) exercise any other remedy available at law or in equity; and (i) take on your behalf (at your expense) any action required by this Contract which you fail to take. These remedies are cumulative, are in addition to any other remedies provided for by law, and may be exercised concurrently or separately. Any failure or delay by us to exercise any right shall not operate as a waiver of any other right or future right. In no event will the costs and expenses referred to in this section be more than those allowed by law.

If we determine that you are in default, all Equipment must be delivered to the place designated by us, at your expense and in satisfactory condition, along with all use, maintenance and repair records. Equipment is in satisfactory condition if it is in as good a condition as when the Equipment was delivered to you, reasonable wear excepted, as determined by us in our sole discretion.

**11. Assignment.** You will not assign, pledge or otherwise transfer any of your rights or interests in this Contract or any Equipment without our prior written consent. Any assignment without our consent will be void. We may assign this Contract or our interest in the Equipment at any time without notice to you and without your consent. We may provide information about you to any prospective assignee or participant. You agree not to assert against our assignee any claims, offsets or defenses which you may have against us

**12. Representations and Warranties.** You represent, warrant and covenant to us so long as this Contract is in effect, that: (a) you will not change your name without giving us at least 30 days' prior written notice; (b) each document you sign and deliver to us is duly authorized, executed and delivered by you, and is your valid, legal and binding agreement, enforceable in accordance with its terms; (c) the execution, delivery and performance by you of this Contract does not (and will not) violate any applicable law or breach any order of court or other governmental agency, or of any undertaking you are a party to or by which you or any of your properties are bound; (d) you will comply with all applicable laws, ordinances and regulations; (e) upon execution of this Contract, the Seller shall have good and marketable title to any trade-in equipment free and clear of all liens and encumbrances whatsoever, (f) all information you have given to us is true, accurate and complete; (g) since the date of the most recent financial information given to us, no material adverse change in your business, assets, or prospects has occurred; (h) you will promptly deliver to us such financial statements, reports and other information as we may request; (i) the Equipment was selected by you; (j) the Equipment (including all manufacturer manuals and instructions) has been delivered to, and examined by, you; (k) the safe operation and the proper servicing of the Equipment were explained to you; (l) you received the written warranty applicable to the Equipment and understand that your rights under the written warranty may be limited; (m) the Equipment is unconditionally and irrevocably accepted by you as being suitable for its intended use; (n) the Equipment is in good condition and repair (operating and otherwise); (o) the Equipment shall be used only for the purpose indicated herein, will remain in your possession and will not be sold, rented or leased; and (p) you will pay all taxes assessed on the Equipment.

Unless you are an individual, you also represent, warrant and covenant to us that: (a) you are and will remain duly organized, validly existing and in good standing under the laws of your jurisdiction of organization; (b) you are qualified to do business under the laws of all other jurisdictions where qualification is required or advisable; (c) you will not change your jurisdiction of organization or organization type without at least 30 days' prior written notice to us; and (d) the execution, delivery and performance by you of this Contract will not breach any provision of your organizational documents.

If you are an individual, you agree not to move your residence to a different county or state without at least 30 days' prior written notice to us.

**13. Governing Law; Jurisdiction; Venue. THIS CONTRACT WILL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF IOWA, WHERE THIS CONTRACT IS ACCEPTED AND ENTERED INTO,** except for its conflict of laws provisions. You irrevocably submit to the non-exclusive jurisdiction and venue of federal and state courts located in Des Moines, Iowa and will not claim it is an inconvenient forum for legal action. **YOU AND WE IRREVOCABLY WAIVE ANY RIGHT YOU AND WE MAY HAVE TO A JURY TRIAL.** However, you acknowledge that any Iowa state law compulsory mediation requirements will apply to this agreement or the Equipment only if you are a resident of the State of Iowa.

**14. Miscellaneous. WE HAVE NOT MADE, AND DO NOT MAKE, ANY REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, AS TO THE EQUIPMENT'S MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, SUITABILITY, OR**

---

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| DOC8015 | Settlement Nbr: 11898536 | Equipment Type: Agriculture Agricultural | | |
|---|---|---|---|---|
| | Application ID: 11898536 | Version Number: 2 | 03/10/2015 12:00 PM | Page 4 of 6 |

Revision Date: 14 September 2014



OTHERWISE. WE ARE NOT LIABLE FOR CONSEQUENTIAL OR SPECIAL DAMAGES. You acknowledge that the Seller of the Equipment is not an agent of ours, or authorized to act for or bind us. You agree not to withhold any amount you owe us if you believe you have a claim against us, the Seller, or any manufacturer(s) of the Equipment, but to pursue that claim independently. Any claim you have against us must be made within two years after the event that caused it. All notices must be in writing and will be deemed given 5 days after mailing to the intended recipient at its address indicated above, unless changed by a notice given in accordance with this Section. This Contract supersedes and replaces all prior understandings and communications (oral or written) concerning the subject matter thereof. No part of this Contract can be amended, waived or terminated except by a writing signed by both you and us. This Contract may be signed in separate counterparts that, together, will constitute one document. A paper or facsimile transmission copy of your signature or an electronic signature shall constitute an original signature under applicable law for all purposes. If a court finds any part of this Contract to be invalid or unenforceable, the remainder of this Contract will remain in effect. You permit us, and those third parties who provide services to us, to monitor and record telephone conversations between you and us. You agree that by providing us any telephone number, including a mobile phone number, we, any debt collector we retain, and those third parties who provide services to us, can contact you using that number, including calls using an automatic dialing and announcing device and prerecorded calls. All of our rights shall remain in effect after the expiration or termination of this Contract. Any origination fee will be paid to the dealer or us and is not a document preparation fee and all documents you sign will be prepared by John Deere Financial and not by the dealer.

You and we intend to comply with all applicable laws. In no event will we charge or collect any amounts in excess of those allowed by applicable law. In the event any amount in excess of that allowed by law is charged or recovered, any such charge will be deemed limited by the amount legally allowed and any amount received by us in excess of that legally allowed will be applied by us to the payment of amounts legally allowed under this Contract, or refunded to you.

**PHYSICAL DAMAGE INSURANCE REQUIRED: If you elect Physical Damage Insurance below, such insurance does not include liability insurance coverage for bodily injury or property damage caused to others.**

| INSURANCE DISCLOSURES: You may obtain property insurance from any agent that is acceptable to us. Physical Damage Insurance will not be provided unless you sign at the right and the premium is indicated. | TERM IN MONTHS | TOTAL PREMIUM |
|---|---|---|
| | 60 | $1,118.00 |

By signing below, you want Physical Damage Insurance and agree to pay the premium. (Sign in this box)

X _____
TERRY W STRICKLAND

**THE TERMS OF THIS CONTRACT SHOULD BE READ CAREFULLY BEFORE SIGNING BECAUSE ONLY THESE WRITTEN TERMS ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES MAY BE LEGALLY ENFORCED. BY SIGNING THIS CONTRACT, YOU AGREE TO THE TERMS ON ALL PAGES. THIS CONTRACT IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN YOU AND US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

I agree that I have received a completely filled in copy of this Agreement.

3-11-15    X _____
(Date Signed)    TERRY W STRICKLAND

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| DOC8015 | Settlement Nbr: 11898536 | Equipment Type: Agriculture Agricultural | | Page 5 of 6 |
|---|---|---|---|---|
| | Application ID: 11898536 | Version Number: 2 | 03/10/2015 12:00 PM | |

Revision Date: 14 September 2014



Accepted By: **Deere & Company (Lender)**
              **6400 NW 86th Street, Johnston, IA 50131-6600**

By:

_____  _____       _____
(Date Agreement Signed)           (Authorized Signature)

MAR **1 7** 2015

---

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| DOC8015 | Settlement Nbr: 11898536 | Equipment Type: Agriculture Agricultural | | Page 6 of 6 |
| | Application ID: 11898536 | Version Number: 2 | 03/10/2015 12:00 PM | |

Revision Date: 14 September 2014



# UCC-1

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
JOHN DEERE FINANCIAL

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

⌐ UCC DEPARTMENT
6400 NW 86TH STREET

JOHNSTON, IA 50131 ⌐

SC SECRETARY OF STATE
150317-1121245
Lapse Date: 03/17/2020
Date: 3/17/2015
Time: 11:21 AM
Page Count: 1 Pg
Debtor Count: 1
Filing Fees: $8.00
Electronic Records Access: $8.00
Total: $16.00
Order TD#:

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| STRICKLAND | TERRY | W | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 6470 STRICKLAND RD | GREEN SEA | SC | 29545 | US |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| DEERE & COMPANY | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 6400 NW 86TH STREET | JOHNSTON | IA | 50131 | US |

**4. COLLATERAL:** This financing statement covers the following collateral:

John Deere 7420 Row-Crop Tractor S/N: 019563
together with (1) all attachments, accessories and components, repairs and improvements, (2) all accounts, general
intangibles, contract rights and chattel paper relating thereto, and (3) all proceeds, thereto including, without
limitation, insurance, sale, lease and rental proceeds, and proceeds of proceeds.

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
2863984

SOUTH CAROLINA SECRETARY OF STATE'S OFFICE, 1205 Pendleton Street Suite 525 Columbia, SC 29201     (Rev. 07/01/13)

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
UCC DEPARTMENT

**B. E-MAIL CONTACT AT FILER (optional)**
jdfuccfilings@johndeere.com

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

⌐ UCC DEPARTMENT

6400 NW 86TH ST

⌊ JOHNSTON, IA 50131 ⌉

SC SECRETARY OF STATE S
191218-159325
Lapse Date: 03/17/2025
Date: 12/18/2019
Time: 11:59 AM
Page Count: 2 Pg
Debtor Count: 0
Filing Fees: $8.00
Electronic Records Access: $8.00
Total: $16.00
Order ID#
THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] |
|---|---|
| 150317-1121245 | (or recorded) in the REAL ESTATE RECORDS<br>Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☒ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes: **AND** Check one of these three boxes to:

☐ This Change affects ☐ Debtor or ☐ Secured Party of record | ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c | ☐ ADD name: Complete item 7a or 7b, and item 7c | ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. **CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

7. **CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME |
|---|
| |

OR

| 7b. INDIVIDUAL'S SURNAME | | |
|---|---|---|
| INDIVIDUAL'S FIRST PERSONAL NAME | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

8. ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral

Indicate collateral:

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME |
|---|
| DEERE & COMPANY |

OR

| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

10. OPTIONAL FILER REFERENCE DATA:
4130392

# UCC-3

## UCC FINANCING STATEMENT **AMENDMENT ADDENDUM**

FOLLOW INSTRUCTIONS

**11. INITIAL FINANCING STATEMENT FILE NUMBER:** Same as item 1a on Amendment form
150317-1121245

**12. NAME OF PARTY AUTHORIZING THIS AMENDMENT:** Same as item 9 on Amendment form

**12a. ORGANIZATION'S NAME**
DEERE & COMPANY

OR

**12b. INDIVIDUAL'S SURNAME**

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S)                SUFFIX

SC SECRETARY OF STATE
191218-1159325
S
Date: 12/18/2019
Time 11:59 AM
Page Count: 0
Debtor Count:
Filing Fees: $8.00
Electronic
Records Access: $8.00
**Total:** $16.00
Order ID#

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**13. Name of DEBTOR on related financing statement** (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13): Provide only <u>one</u> Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

**13a. ORGANIZATION'S NAME**

OR

| 13b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

**14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):**

**15. This FINANCING STATEMENT AMENDMENT:**
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing

**16. Name and address of a RECORD OWNER of real estate described in item 17**
(if Debtor does not have a record interest):

**17. Description of real estate:**

**18. MISCELLANEOUS:**
4130392

SOUTH CAROLINA SECRETARY OF STATE'S OFFICE, 1205 Pendleton Street Suite 525 Columbia, SC 29201          (Rev. 07/01/13)

# Exhibit B
# (Claim 12)

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Terry Wayne Strickland |
| Debtor 2 (Spouse, if filing) | Mattie Charlene Strickland |
| United States Bankruptcy Court for the: | District of South Carolina |
| Case number | 20-02804-jw |

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

## Part 1:    Identify the Claim

**1. Who is the current creditor?**

Deere & Company

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Reid E. Dyer
Name

78 Wentworth Street
Number    Street

Charleston        SC        29401
City        State        ZIP Code

Contact phone   843-579-7000

Contact email   reiddyer@mvalaw.com

**Where should payments to the creditor be sent?** (if different)

John Deere Financial
Name

23176 Network Place
Number    Street

Chicago        IL        60673
City        State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

---

6. **Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __6__ __1__ __4__ __1__

---

7. **How much is the claim?** $_____20,058.53_. **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

money loaned

---

9. **Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☑ Other. Describe: JD 6100 sprayer; remaining equity from accts 1382 & 5034

**Basis for perfection:** UCC financing statement

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____20,058.53

**Amount of the claim that is secured:** $_____20,058.53

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) __4.40__ %

☑ Fixed

☐ Variable

---

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

---

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

Official Form 410 **Proof of Claim** page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   08/20/2020
                   MM / DD / YYYY

/s/Reid E. Dyer
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | **Reid E. Dyer** |
| | First name          Middle name          Last name |
| Title | **Attorney** |
| Company | **Moore & Van Allen PLLC** |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | **78 Wentworth Street** |
| | Number          Street |
| | **Charleston**                          SC          29401 |
| | City          State          ZIP Code |
| Contact phone | **843-579-7000**          Email  reiddyer@mvalaw.com |

Itemization of Interest, Fees, Expenses, or Other Charges
Account -6141
As of July 6, 2020

| | |
|---|---|
| Principal | $ 16,993.33 |
| Interest | $ 1,368.78 |
| Fees | $ 1,696.42 |
| Total | $ 20,058.53 |



**RECEIVED**

MAY 02 2017

# JOHN DEERE
FINANCIAL    **JOHN DEERE FINANCIAL**

**ACCEPTED**

MAY 18 2017 &CE Business or Commercial Use

John Deere Capital Corp Application ID: **12380342**
Version Number:   1

**FIXED RATE CONTRACT**

## LOAN CONTRACT - SECURITY AGREEMENT
Contract Begin Date : 04/26/2017

| *SELLER'S NAME AND ADDRESS* | | DEALER NUMBER | PHONE NUMBER |
|---|---|---|---|
| SOUTHEAST FARM EQUIPMENT COMPANY<br>16220 JOY STREET<br>LAURINBURG, NC 28352 | | | 910-276-8396 |

| *BORROWER'S NAME AND PHYSICAL ADDRESS* | | | |
|---|---|---|---|
| TERRY W STRICKLAND<br>6470 STRICKLAND RD<br>GREEN SEA, SC 29545-4338 | BORROWER'S<br>SOC. SEC. NUMBER<br>***-** | BORROWER'S<br>PHONE NO. | TYPE OF<br>BUSINESS |
| BORROWER RESIDES IN (County/State)<br>HORRY, SC | BORROWER AGREES TO KEEP GOODS IN (County/State)<br>HORRY, SC | | |

**1. Parties.** This Loan Contract-Security Agreement ("Contract") is entered into between Deere & Company ("we", "us" or "our") and the borrower(s) indicated above ("you" or "your"). If more than one borrower is indicated, each borrower shall be jointly and severally liable for all of the obligations under this Contract.

**2. Loan.** You hereby apply for a loan in the Amount Financed shown below, which, if accepted by us, the loan will be (a) subject to the terms and conditions set forth in this Contract, and (b) used to finance the balance due on the purchase from the Seller of the equipment and/or services described below (the "Equipment"). All attachments and accessories itemized on this Contract and all replacements, parts and repairs to the Equipment shall form part of the Equipment.

**3. Installment Payments.** In addition to any down payment, you agree to pay us the Amount Financed, together with finance charges from the Date Finance Charge Begins, at the Annual Percentage Rate, by remitting each of the Installment Payments on or before the due dates indicated. Any amounts applied to this Contract will be applied first to any late charges, any charges for dishonored checks and any other fees or costs due under this agreement, then to finance charges, computed on the date the payment is received and the remainder to the Amount Financed. You agree that your payments will be applied as of the date of receipt if received by 11:00 a.m. Central Time Monday through Friday (otherwise next business day); but if payment is not accompanied by the payment stub, is not in the envelope we provided, includes other items such as other checks, staples or paper clips, or is not received at that location, credit may be delayed up to five days. This Contract is not accepted by us until we sign it, even if you have made a payment to us. You agree to remit to us the Installment Payments and all other amounts when due and payable each Billing Period, even if we do not send you a bill or an invoice. **YOUR PAYMENT OBLIGATIONS ARE ABSOLUTE AND UNCONDITIONAL, AND ARE NOT SUBJECT TO CANCELLATION, REDUCTION OR SETOFF FOR ANY REASON WHATSOEVER.** For any scheduled payment which is not received by its due date, you agree to pay us interest on the unpaid amount at a rate of 20% per annum on that scheduled payment, but in no event more than the maximum lawful rate, from the due date until paid. Restrictive endorsements on checks you send to us will not change or reduce your obligations to us. We will not lose any rights if we accept late or partial payments or delay enforcing our rights under this Contract. If a check or electronic payment authorization you give us is dishonored upon first presentment, you agree to pay us a fee of $25.00, or the maximum amount permitted by law, whichever is less. Installment Payments and other payments, including proceeds of insurance or any sale of the Equipment, may be applied, at our discretion and in spite of any instructions you may provide, to any obligation you may have to us or any of our affiliates. If the total of all payments made by you exceeds the total of all amounts due under this Contract by less than $25.00, we may retain such excess.

| *EQUIPMENT PURCHASED* | | | | | |
|---|---|---|---|---|---|
| QTY. | NEW<br>USED | MFR. | MODEL | EQUIPMENT DESCRIPTION | AMOUNT |
| 1 | USED | JD | 6100 | 6100 SELF-PROPELLED SPRAYER | $24,000.00 |

PRODUCT ID NO. **N06100X004046**

### THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE

| DOC8015 | Settlement Nbr: 12380342 | Equipment Type: Agriculture Agricultural | | |
|---|---|---|---|---|
| | Application ID: 12380342 | Version Number: 1 | 04/26/2017 03:31 PM | Page 1 of 5 |

Revision Date: 18 September 2016





**ORIGINAL**

| TRADE-IN and CASH DOWN PAYMENT | | | | | |
|---|---|---|---|---|---|
| QTY. | MFR. | MODEL | DESCRIPTION OF TRADE-IN (From Purchase Order) | PRODUCT ID NO. | AMOUNT |
| | | | | TOTAL TRADE-IN: | $0.00 |
| | | | | CASH DOWN PAYMENT: | $4,800.00 |
| | | | | RENTAL APPLIED: | $0.00 |
| | | | | TOTAL TRADE-IN PLUS CASH DOWN: | $4,800.00 |

**INSTALLMENT PAYMENTS**

DATE FINANCE CHARGE BEGINS  April 26, 2017

The first Installment Payment Due Date is April 26, 2018 and each successive Installment Payment is due on the same day of the Year thereafter, (the "Billing Period"), unless otherwise provided below;

| NUMBER OF PAYMENTS | AMOUNT OF EACH PAYMENT | DUE DATE |
|---|---|---|
| 4 | $6,039.09 | April 26, 2018 |

The amounts shown below as Finance Charge, Total of Payments and Total Sale Price are estimates based upon the assumption that payments will be made on the scheduled payment due date according to the installment schedule.  The actual Finance Charge, Total of Payments, and Total Sale Price may vary depending upon the early or late payment of scheduled installments.

**ITEMIZATION OF AMOUNT FINANCED**

| | | |
|---|---|---|
| SALES TAX  (Paid to Govt. Agencies) | | $0.00 |
| CASH PRICE  (including Tax) | 1 | $24,000.00 |
| TOTAL DOWN PAYMENT  (Sum of Trade-In & Cash Down Payment) | 2 | $4,800.00 |
| UNPAID BALANCE OF CASH PRICE (The amount credited to your account with us) | 3 | $19,200.00 |
| INSURANCE  (Physical Damage Paid to Insurance Companies) | 4 | $2,131.00 |
| ORIGINATION FEES | 4A | $50.00 |
| OFFICIAL FEES  (Paid to Public Officials) | 5 | $32.00 |
| AMOUNT FINANCED  (Lines 3, 4, 4A, 5 & 5A (If Applicable) ) The amount of credit provided to you. | 6 | $21,413.00 |
| FINANCE CHARGE (Based on Line 6) The dollar amount the credit will cost you. | 7 | $2,743.36 |
| TOTAL OF PAYMENTS (Lines 6 & 7)  The amount you will have paid after you have made all payments as scheduled. | 8 | $24,156.36 |
| ANNUAL PERCENTAGE RATE (The cost of your credit as a yearly rate) | | 5.00% |
| TOTAL SALE PRICE  (Lines 1, 4, 4A, 5, 5A (If Applicable), & 7) The total price of your purchase on credit, including the Total Down Payment of $4,800.00. | | $28,956.36 |

**4. Prepayment.**  You may prepay your obligations under this Contract in full at any time by paying the unpaid principal balance and any earned and unpaid finance charges.  The unpaid principal balance includes any origination fee.

**5. Security Interest; Missing Information.**  You grant us and our affiliates a security interest in the Equipment (and all proceeds thereof) to secure all of your obligations under this Contract and any other obligations which you may have to us or any of our affiliates or assignees at any time and you agree that any security interest you have granted or hereafter grant to us or any of our affiliates shall also secure your obligations under this Contract.  You agree that we may act as agent for our affiliates and our affiliates may act as agent for us, in order to perfect and realize on any security interest described above.  Upon receipt of all amounts due and to become due under this Contract, we will release our security interest in the Equipment (but not the security interest for amounts due an affiliate), provided no event of default has occurred and is continuing.  You agree to keep the Equipment free and clear of all liens and encumbrances, except those in favor of us and our affiliates as described above, and to promptly notify us if a lien or encumbrance is placed or threatened against the Equipment.  You irrevocably authorize us, at any time, to (a) insert or correct information on this Contract, including your correct legal name, serial numbers and Equipment descriptions; (b) submit notices and proofs of loss for any required insurance; (c) endorse your name on remittances for insurance and Equipment sale or lease proceeds; and (d) file a financing statement(s) which describes either the Equipment or all equipment currently or in the future financed by us.  Notwithstanding any other election you may make, you agree that (1) we can access, retain and use, at any times we elect, any information regarding the location, maintenance, operation and condition of the Equipment; (2) you irrevocably authorize anyone in possession of that information to provide all of that information to us upon our request until our security interest in the Equipment is terminated; (3)  you will not disable or otherwise interfere with any information gathering or transmission device within or attached to the Equipment; and (4) we may reactivate any such device.

**6. Equipment Maintenance, Operation and Use.**  You agree to (a) USE THE EQUIPMENT ONLY FOR AGRICULTURAL, BUSINESS OR COMMERCIAL PURPOSES AND NOT FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES; (b) operate and maintain the Equipment in accordance with all (1) applicable laws, ordinances and regulations, (2) manuals and other instructions

### THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE

| DOC8015 | Settlement Nbr:  12380342 | Equipment Type:  Agriculture  Agricultural | | |
|---|---|---|---|---|
| | Application ID:  12380342 | Version Number:  1 | 04/28/2017 03:31 PM | Page 2 of 5 |

Revision Date: 18 September 2016



issued by the manufacturer(s) and supplier(s), and (3) insurance policy terms and requirements; (c) perform (at your expense) all maintenance and repairs necessary to keep the Equipment in as good a condition as when delivered to you, reasonable wear excepted; (d) allow us and our agent(s) to inspect the Equipment and all of your records related to its use, maintenance and repair, at any reasonable time; and (e) not permit the Equipment to be used by, or to be in the possession of, anyone other than you or your employees.

**7. Insurance.** You agree, at your cost, to maintain all-risk insurance coverage with respect to the Equipment for no less than its full replacement value, naming us (and our successor and assigns) as sole loss payee. You may choose who provides that insurance, but that insurance must be with companies and policies acceptable to us. Your obligation to insure the Equipment continues until all your other obligations under this Contract are satisfied. Each insurance policy must provide that (1) our interest in the policy will not be invalidated by any act, omission, breach or neglect of anyone other than us; (2) the insurer will give us at least 30 days' prior written notice before any cancellation of, non-renewal of, or material change to, the policy; and (3) such coverage shall be primary over any insurance purchased by us (or our affiliates).

Unless you provide us with evidence of the required insurance coverage's, we may, but are not required to, purchase insurance, at your expense, to protect our interests in the Equipment and charge you an insurance fee on which we may make a profit. This insurance may not (1) protect your interests; or (2) pay any claim that you make or any claim that is made against you in connection with the Equipment. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained the insurance required by this Contract. **THE COST OF THE INSURANCE MAY BE MORE THAN THE COST OF THE INSURANCE YOU MAY BE ABLE TO OBTAIN ON YOUR OWN. THE COVERAGES OF THAT INSURANCE MAY BE DIFFERENT FROM THE COVERAGES OF INSURANCE YOU MAY BE ABLE TO OBTAIN ON YOUR OWN.** You agree to pay us the cost of any insurance plus a $150 insurance placement and service fee. You will immediately pay that amount to us or we may, at our sole discretion, add that cost to the Account Balance and increase the required Installment Payments accordingly.

If a default occurs, you authorize us to cancel the insurance on the Equipment and apply any returned premiums to the Account Balance.

If the cost of the insurance was included in the Amount Financed, that insurance will terminate (a) if your debt to us is discharged, (b) if we release our security interest in the Equipment, (c) if a default occurs and we cancel the insurance, (d) if the Equipment is repossessed, (e) if the Floater Policy under which you purchased that insurance terminates, or (f) on the due date of the final scheduled Installment Payment.

**8. Loss or Damage.** Until all of your obligations under this Contract are satisfied, you are responsible for all risk of loss and damage, loss, theft, destruction or seizure of the Equipment (an "Event of Loss"). You must promptly notify us of any Event of Loss. If the Equipment can be repaired or replaced, you agree to promptly repair or replace the Equipment, at your cost, and the terms of this Contract will continue to apply. If the Equipment cannot be repaired or replaced, you agree to immediately pay us the Account Balance. Upon receipt of the Account Balance, we will release our security interest in the Equipment. All insurance proceeds must be paid directly to us, and we may apply any excess insurance proceeds to any other amounts you owe us or any of our affiliates.

**9. Default.** We may determine you to be in default if: (a) you fail to remit to us any Installment Payment or other payment when due; (b) you breach any other provision of this Contract; (c) you remove any Equipment from the United States; (d) a petition is filed by or against you or any guarantor under any bankruptcy, attachment, execution or insolvency law or you or any such guarantor make an assignment for the benefit of creditors; (e) a default occurs under any other agreement between you (or any of your affiliates) and us (or any of our affiliates); (f) you or any guarantor merges with or consolidates into another entity, sells substantially all its assets, dissolves or terminates its existence, or (if an individual) dies or becomes incompetent; (g) you fail to maintain the insurance required by this Contract; or (h) if for any reason, we deem the debt or the Equipment to be insecure. Time is of the essence under this Contract.

**10. Remedies.** If we determine that you are in default, we may do one or more of the following: (a) recover from you, AS LIQUIDATED DAMAGES FOR LOSS OF BARGAIN AND NOT AS A PENALTY, the Account Balance as of the date of such default, without presentment or demand; (b) declare any other agreements between you and us in default; (c) terminate any of your rights (but none of your obligations) under this Contract and any other agreement between you and us (or any of our affiliates); (d) require you to deliver the Equipment to us in the manner outlined below, or take possession of the Equipment; (e) lease or sell the Equipment or any portion thereof at a public or private sale; (f) apply the net proceeds we receive from any sale, lease or other disposition of the Equipment (after deducting all of our costs and expenses) to your obligations under this Contract, with you remaining liable for any

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| DOC8015 | Settlement Nbr: 12380342 | Equipment Type: Agriculture Agricultural | | |
|---|---|---|---|---|
| | Application ID: 12380342 | Version Number: 1 | 04/26/2017 03:31 PM | Page 3 of 5 |

Revision Date: 18 September 2016



deficiency; (g) require you to reimburse and indemnify us for all losses, claims, damages and expenses of any kind or nature whatsoever incurred in connection with the Equipment or this Contract and/or the enforcement of our remedies hereunder including, without limitation, repossession, repair and collection costs, damage awards, attorneys' fees and court and bankruptcy fees and costs; (h) exercise any other remedy available at law or in equity; and (i) take on your behalf (at your expense) any action required by this Contract which you fail to take. These remedies are cumulative, are in addition to any other remedies provided for by law, and may be exercised concurrently or separately. Any failure or delay by us to exercise any right shall not operate as a waiver of any other right or future right. In no event will the costs and expenses referred to in this section be more than those allowed by law.

If we determine that you are in default, all Equipment must be delivered to the place designated by us, at your expense and in satisfactory condition, along with all use, maintenance and repair records. Equipment is in satisfactory condition if it is in as good a condition as when the Equipment was delivered to you, reasonable wear excepted, as determined by us in our sole discretion.

**11. Assignment.** You will not assign, pledge or otherwise transfer any of your rights or interests in this Contract or any Equipment without our prior written consent. Any assignment without our consent will be void. We may assign this Contract or our interest in the Equipment at any time without notice to you and without your consent. We may provide information about you to any prospective assignee or participant. You agree not to assert against our assignee any claims, offsets or defenses which you may have against us.

**12. Representations and Warranties.** You represent, warrant and covenant to us so long as this Contract is in effect, that: (a) you will not change your name without giving us at least 30 days' prior written notice; (b) each document you sign and deliver to us is duly authorized, executed and delivered by you, and is your valid, legal and binding agreement, enforceable in accordance with its terms; (c) the execution, delivery and performance by you of this Contract does not (and will not) violate any applicable law or breach any order of court or other governmental agency, or of any undertaking you are a party to or by which you or any of your properties are bound; (d) you will comply with all applicable laws, ordinances and regulations; (e) upon execution of this Contract, the Seller shall have good and marketable title to any trade-in equipment free and clear of all liens and encumbrances whatsoever, (f) all information you have given to us is true, accurate and complete; (g) since the date of the most recent financial information given to us, no material adverse change in your business, assets, or prospects has occurred; (h) you will promptly deliver to us such financial statements, reports and other information as we may request; (i) the Equipment was selected by you; (j) the Equipment (including all manufacturer manuals and instructions) has been delivered to, and examined by, you; (k) the safe operation and the proper servicing of the Equipment were explained to you; (l) you received the written warranty applicable to the Equipment and understand that your rights under the written warranty may be limited; (m) the Equipment is unconditionally and irrevocably accepted by you as being suitable for its intended use; (n) the Equipment is in good condition and repair (operating and otherwise); (o) the Equipment shall be used only for the purpose indicated herein, will remain in your possession and will not be sold, rented or leased; and (p) you will pay all taxes assessed on the Equipment.

Unless you are an individual, you also represent, warrant and covenant to us that: (a) you are and will remain duly organized, validly existing and in good standing under the laws of your jurisdiction of organization; (b) you are qualified to do business under the laws of all other jurisdictions where qualification is required or advisable; (c) you will not change your jurisdiction of organization or organization type without at least 30 days' prior written notice to us; and (d) the execution, delivery and performance by you of this Contract will not breach any provision of your organizational documents.

If you are an individual, you agree not to move your residence to a different county or state without at least 30 days' prior written notice to us.

**13. Governing Law; Jurisdiction; Venue. THIS CONTRACT WILL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF IOWA, WHERE THIS CONTRACT IS ACCEPTED AND ENTERED INTO,** except for its conflict of laws provisions. You irrevocably submit to the non-exclusive jurisdiction and venue of federal and state courts located in Des Moines, Iowa and will not claim it is an inconvenient forum for legal action. **YOU AND WE IRREVOCABLY WAIVE ANY RIGHT YOU AND WE MAY HAVE TO A JURY TRIAL.** However, you acknowledge that any Iowa state law compulsory mediation requirements will apply to this agreement or the Equipment only if you are a resident of the State of Iowa.

**14. Miscellaneous. WE HAVE NOT MADE, AND DO NOT MAKE, ANY REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, AS TO THE EQUIPMENT'S MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, SUITABILITY, OR OTHERWISE. WE ARE NOT LIABLE FOR CONSEQUENTIAL OR SPECIAL DAMAGES.** You acknowledge that the Seller of the Equipment is not an agent of ours, or authorized to act for or bind us. You agree to withhold any amount you owe us if you believe you have a claim against us, the Seller, or any manufacturer(s) of the Equipment, but to pursue that claim independently. Any claim

---

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| DOC8015 | Settlement Nbr: 12380342 | Equipment Type: Agriculture Agricultural | | |
| | Application ID: 12380342 | Version Number: 1 | 04/26/2017 03:31 PM | Page 4 of 5 |

Revision Date: 18 September 2016



you have against us must be made within two years after the event that caused it. All notices must be in writing and will be deemed given 5 days after mailing to the intended recipient at its address indicated above, unless changed by a notice given in accordance with this Section. This Contract supersedes and replaces all prior understandings and communications (oral or written) concerning the subject matter thereof. No part of this Contract can be amended, waived or terminated except by a writing signed by both you and us. This Contract may be signed in separate counterparts that, together, will constitute one document. A paper or facsimile transmission copy of your signature or an electronic signature shall constitute an original signature under applicable law for all purposes. If a court finds any part of this Contract to be invalid or unenforceable, the remainder of this Contract will remain in effect. You permit us, and those third parties who provide services to us, to monitor and record telephone conversations between you and us. You agree that by providing us any telephone number, including a mobile phone number, we, any debt collector we retain, and those third parties who provide services to us, can contact you using that number, including calls using an automatic dialing and announcing device and prerecorded calls. All of our rights shall remain in effect after the expiration or termination of this Contract. Any origination fee will be paid to the dealer or us and is not a document preparation fee and all documents you sign will be prepared by John Deere Financial and not by the dealer.

You and we intend to comply with all applicable laws. In no event will we charge or collect any amounts in excess of those allowed by applicable law. In the event any amount in excess of that allowed by law is charged or recovered, any such charge will be deemed limited by the amount legally allowed and any amount received by us in excess of that legally allowed will be applied by us to the payment of amounts legally allowed under this Contract, or refunded to you.

**PHYSICAL DAMAGE INSURANCE REQUIRED: If you elect Physical Damage Insurance below, such insurance does not include liability insurance coverage for bodily injury or property damage caused to others.**

| INSURANCE DISCLOSURES: You may obtain property insurance from any agent that is acceptable to us. Physical Damage Insurance will not be provided unless you sign at the right and the premium is indicated. | TERM IN MONTHS | TOTAL PREMIUM |
|---|---|---|
| | 48 | $2,131.00 |
| By signing below, you want Physical Damage Insurance and agree to pay the premium. (Sign in this box) | | |
| x *Terry W Strickland* | | |
| TERRY W STRICKLAND | | |

**THE TERMS OF THIS CONTRACT SHOULD BE READ CAREFULLY BEFORE SIGNING BECAUSE ONLY THESE WRITTEN TERMS ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES MAY BE LEGALLY ENFORCED. BY SIGNING THIS CONTRACT, YOU AGREE TO THE TERMS ON ALL PAGES. THIS CONTRACT IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN YOU AND US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

I agree that I have received a completely filled in copy of this Agreement.

4-27-17 *Terry W Strickland*
(Date Signed)           TERRY W STRICKLAND

Accepted By:  **Deere & Company (Lender)**
6400 NW 86th Street, Johnston, IA 50131-6600

*Pamela J. May*

By:

MAY 1 8 2017

(Date Agreement Signed)        (Authorized Signature)

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| DOC8015 | Settlement Nbr: 12380342 | Equipment Type: Agriculture Agricultural | | Page 5 of 5 |
|---|---|---|---|---|
| | Application ID: 12380342 | Version Number: 1 | 04/26/2017 03:31 PM | |

Revision Date: 18 September 2016

# UCC-1

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
UCC DEPARTMENT

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO:   (Name and Address)**

JOHN DEERE FINANCIAL

6400 NW 86TH ST

JOHNSTON, IA 50131

SC SECRETARY OF STATE
170515-1057088
Lapse Date: 05/15/2022
Date: 5/15/2017
Time: 10:57 AM
Page Count: 1 Pg
Debtor Count: 1
Filing Fees: $8.00
Electronic Records Access: $8.00
Total: $16.00
Order ID#

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. **DEBTOR'S NAME:** Provide only <u>one</u> Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| STRICKLAND | TERRY | W | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6470 STRICKLAND RD | GREEN SEA | SC | 29545 | US |

2. **DEBTOR'S NAME:** Provide only <u>one</u> Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only <u>one</u> Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| DEERE & COMPANY | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6400 NW 86TH ST | JOHNSTON | IA | 50131 | US |

4. **COLLATERAL:** This financing statement covers the following collateral:

John Deere 6100 Hicycle Sprayer S/N: 004046
together with (1) all attachments, accessories and components, repairs and improvements, (2) all accounts, general
intangibles, contract rights and chattel paper relating thereto, and (3) all proceeds, thereto including, without
limitation, insurance, sale, lease and rental proceeds, and proceeds of proceeds.

5. Check <u>only</u> if applicable and check <u>only</u> one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check <u>only</u> if applicable and check <u>only</u> one box:     6b. Check <u>only</u> if applicable and check <u>only</u> one box:

☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility     ☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
3408577

SOUTH CAROLINA SECRETARY OF STATE'S OFFICE, 1205 Pendleton Street Suite 525 Columbia, SC 29201          (Rev. 07/01/13)

# Exhibit C
# (Appraisal)

# Liquidation Value

# Appraisal

# For

# John Deere Financial

## *Terry Wayne Strickland*

Prepared By

Aaron Easters

Aaron Easters Equipment & Appraisals, LLC.

2064 Tomahawk Road

Lamar, SC 29069

843-858-0677

10/06/2020

| Liquidation $ | Brand | Description |
|---|---|---|
| $12,500.00 | Great Plains | (2014) 2400 Turbo Chopper 24' SN# GP-A1853Y |
| | | Machine is functional but has excessively worn disc, stars & choppers. |
| $22,500.00-Running | JD | (2004) 7420 Hi-Crop Tractor SN# RW7420R019563 w/C&A, Power Quad, LHR Trans, 320/90R50 Tires, 8' Spacers on Front & rear, Front Mount Tank, Tank Bracket Obscures SN# (Customer states that the tractor has fuel issue and does not run at the present time.) |
| $15,000.00-As Is | | |
| $15,000.00 | JD | (1998) 6100-Hi-Cycle SN# N06100X004046 w/C&A, Hydro Trans, 3-Wheel Machine has Topper Hyld. Value, Topper mounted, booms are on site & should be mounted on machine for best value. |
| $15,000.00 | JD | (2013) 2620 Disc Harrow SN# 1NO2620XED0750292 w/Hyld. Fold, Depth Control, Transport, Blades are worn below 20", Has some bro-ken blades on Rock Flex Gangs |

## General Information

**The Appraisal Process**– A sales comparison approach was deemed the most appropriate method to use for determining the Fair Market Value of the subject property. The Sales Comparison Approach estimates value by comparing the subject property with similar properties sold in a relevant market, and considers adjustments made for all differences that affect value, such as differences in characteristics or features of value, in market layer and in time.

## Assumptions & Limiting Conditions

1-Neither all nor any part of this report is to be reproduced for distribution or publication without the written consent of the writer-Aaron Easters.

2– The appraised herein is/are assumed to be the property of the before mentioned client. However, this appraisal makes no guarantee of ownership of said listings.

3– The title to the described herein is assumed to be good and marketable. The value found does not take into account any encumbrances or claims on the title of the subject listings and no financing statement search has been made.

4– No responsibility is assumed for the outcome of any legal action in which this appraisal may be used as evidence, or for testifying in court without adequate notice for preparation. If future consultation , testimony and/or deposition concerning this appraisal is required of the appraiser, it shall be done so with adequate time for preparation and at an additional fee for time and expenses.

5– The subject equipment is assumed to be in good working condition unless otherwise stated.

# Aaron Easters Equipment & Appraisals

## Aaron Easters
## 2064 Tomahawk Road
## Lamar, S.C. 29069
## 843-858-0677
## 843-339-9689 Fax
## aee@roadrunner.com

### Background & Experience

As owner of Aaron Easters Equipment for the past 30 years, I have assisted with and/or conducted over 700 public auctions. I have experience in all areas of auction services from pre-auction values to final clerking and settlements. I have primarily worked with agricultural, light industrial and construction equipment since 1993. I also contract with a local cotton gin during the fall harvest season. Having grown up on a farm in rural South Georgia, I worked on our farm and for other farmers from my early childhood to present day helping farmers with their needs. I possess a vast knowledge of all ag and construction equipment. My life experience has taught me to operate and use this equipment but the study of other auctions and markets allows me to assign a Fair Market Value and or Liquidation Value to equipment and livestock. Contracting with various auction companies in the Southeast and primarily ones in the Carolinas, I have done many pre-auction estimates as well as Fair Market Value appraisals and Liquidation appraisals. These appraisals have been conducted for Agricultural Banks, attorneys, and judges.

Job responsibilities to-date have involved: 30 years experience in the farm, logging and construction equipment business; 18 years as sales manager for Godley Auction Company-Darlington, S.C.; 26 years as owner/manager of Aaron Easters Equipment-Lamar, S.C.; 4 years as an ag appraiser of Arbor One Farm Credit-Florence, S.C.; 20 years performing numerous Fair Market Value appraisals and Liquidation appraisals on farming, logging and construction equipment along with livestock appraisals for individual clients and businesses.

### Professional References

Larry Davis % Rebel Auction Co.
PO Box 549
Hazelhurst, GA 31539
912-282-5725

Charles Liles % Southeast Farm Equipment
PO Box 609
Laurinburg, NC 28352
910-276-8396
910-276-4228

Debra Stewart %ArborOne Farm Credit
800 Woody Jones Blvd.
Florence, SC 29501
843-662-1572

### Education & Accreditations

American Society of Appraisers (ASAA)
*Principals of Valuation*

American Society of Farm Equipment Appraisers Appraiser (ASFEA) # 8174

International Society of Livestock Appraisers Appraiser (ISLA) # 8073

## Appraiser Certification

I certify that, to the best of my knowledge and belief:

- The statements of fact contained in this report are true and correct.

- The reported analyses, opinions and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, unbiased, professional analyses, opinions and conclusions.

- I have no present or prospective interest in the property that is subject to this report, and have no personal interest with respect to the parties involved.

- My compensation is not contingent upon the development or reporting of a pre determined value or direction in value, that favors the cause of the client, the amount of value estimate, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

- My analyses, opinions, and conclusions were developed, and this report has been prepared , in conformity with the **Uniform Standards of Professional Appraisal Practice (USPAP).**

- I have made personal inspection of the property that is the subject of this report.

- No one provided significant professional assistance to the person signing this report.

- This appraisal report is confidential and may not be copied or used for any purpose other than which is stated herein, or by any person or persons other than the client and those expressly authorized herein, without my prior, written consent. If the report is copied, reproduced, or used in any manner, it must be done so in its entirety. No change to any item in this appraisal report shall be made by anyone other than myself.

Aaron Easters

Aaron Easters Equipment

10-6-20

Date