**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | CASE NO:  20-02804-jw |
| Terry Wayne Strickland, | CHAPTER:  12 |
| Mattie Charlene Strickland, | |
| Debtors. | |
| Address:  6470 Strickland Rd., Green Sea, SC  29545 | |
| Tax-Payer-Identification (ITIN) No(s)., (if any):  XXX-XX-1533; XXX-XX-2363 | |

**OBJECTION OF UNITED STATES TRUSTEE TO CONFIRMATION OF DEBTORS' PLAN**

The United States Trustee (the UST) objects to confirmation of the debtors' chapter 12 plan filed on October 5, 2020, as docket no. 49.  The United States Trustee files this objection pursuant to 28 U.S.C. § 586, 11 U.S.C. §§ 307, 541, 1224, 1225(a)(3).  The Court has jurisdiction of this case and this proceeding.  This proceeding is a core proceeding, and the Court has the authority to enter a final judgment in this matter.  28 U.S.C. §§ 1334, 157(b); Local Civil Rule 83.IX.01 (D.S.C.).

**ARGUMENT**

The debtors' proposed plan fails to address that the debtors admitted at the meeting of creditors and in their schedules and statements filed with the Court that they have real properties they intend to keep in living revocable trusts.  The debtors created these trusts prepetition with the assistance of non-bankruptcy counsel.  The debtors claim that the trusts were amended in 2011.   Counsel for the debtors furnished the UST with a copy of the revocable living trust document for Terry Strickland, but the debtors have not

1

furnished the UST with the revocable trust document for Mattie Charlene Strickland. The UST has multiple concerns regarding the continuation of the revocable trusts post-confirmation.

The debtors' proposed plan does not address whether the real properties contained in the revocable living trusts have been deeded to the trusts, and if so, when these transfers occurred. Presently, the trusts appear to be active and funded based upon the debtors' representations, as opposed to being unfunded testamentary trusts. If the trusts are funded with property, the trusts may be business trusts capable of filing for bankruptcy independently of the debtors, making it harder for the trustee and creditors to reach property contained within the trusts. Further, the proposed plan would be seeking to bind creditors as to issues regarding non-estate real properties.

The proposed plan does not address how the living revocable trusts benefit creditors and the estate, or, if the debtors intend to revoke the living trusts.

The proposed plan fails to explain the rights of the debtors' creditors against living trust assets at the time of the death or incapacity of the debtors as settlors of the living trusts. *See* S.C. Code Ann. § 62-7-505.

The failure of the plan to address the revocable trusts may permit the debtors post-confirmation to play a "shell game" with their properties making it more difficult for the trustee and creditors to pursue recovery of the properties in the event of a default under the plan or an unauthorized transfer of property.[1] The debtors could also without any supervision pay themselves from trust assets for their management of trust properties, thereby depleting trust assets. Upon the death of either debtor, generally, the trust

---

[1] This present case is the debtors' fourth bankruptcy case between them since 2018.

2

agreement would not be filed with or its administration be supervised by the county probate court, thereby avoiding close scrutiny by the trustee and creditors. The UST believes that the debtors should be prohibited from using revocable trust vehicles, whether created by them or by their agents, until at least three years following confirmation, provided, the debtors are not in default under their plan.

    Respectfully submitted,

        JOHN P. FITZGERALD, III
        Acting United States Trustee
        Region 4


        By: /s/ John Timothy Stack
        John Timothy Stack
        Trial Attorney, Id. No. 4272
        Assistant United States Trustee
        Linda Barr, Id. 6284
        Department of Justice
        Office of the United States Trustee
        1835 Assembly St., Suite 953
        Columbia, South Carolina 29201
        (803) 765-5218
        (803) 765-5260 (facsimile)
        John.T.Stack@usdoj.gov

Date:   October 22, 2020

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Terry Wayne Strickland,<br><br>Mattie Charlene Strickland,<br><br>Debtors.<br><br>Address: 6470 Strickland Rd., Green Sea, SC  29545<br><br>Tax-Payer-Identification (ITIN) No(s)., (if any): XXX-XX-1533; XXX-XX-2363 | CASE NO: 20-02804-jw<br><br>CHAPTER: 12 |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on October 22, 2020, I served the below-named parties with copies of the following documents:

**OBJECTION OF UNITED STATES TRUSTEE TO CONFIRMATION OF DEBTORS' PLAN AND CERTIFICATE OF SERVICE**

by mailing said copies to them by first-class, United States mail, postage prepaid, with

return address clearly shown to said parties at the addresses shown below:

By: /s/ Linda Barr
Linda Barr
Trial Attorney, Id. No. 6284
Department of Justice
Office of the United States Trustee
1835 Assembly St., Suite 953
Columbia, South Carolina 29201
(803) 765-5219
(803) 765-5260 (facsimile)
linda.k.barr@usdoj.gov

Date:  October 22, 2020

4

Reid B. Smith, Esquire
1712 St. Julian Place, Ste. 102
Columbia, SC  29204

Terry Wayne Strickland
Mattie Charlene Strickland
6470 Strickland Rd.
Green Sea, SC  29545

J. Kershaw Spong, Esquire
P. Box Box 11449
Columbia, SC  29211

5